**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IBM CORPORATION, | : | |
| | : | Civil Action No. 22-cv-9910 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MICRO FOCUS INTERNATIONAL PLC, | : | |
| and MICRO FOCUS (US), INC., | : | |
| Defendants. | | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO F.R.C.P. 12(b)(2) AND 12(b)(6)**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ..................................................................................1

**I.     RELEVANT FACTS** ...........................................................................................1

    A.     IBM's Threadbare Allegations Pertaining to Defendants'
         Relationship. .........................................................................................1

    B.     Micro Focus Plc Has No Jurisdictionally Relevant Contacts With
         New York. ..............................................................................................2

    C.     IBM's Deficient Breach of Contract Allegations. .......................................4

    D.     IBM's Deficient Copyright Infringement Allegations. ................................5

**II.    ARGUMENT** ......................................................................................................6

    **A.     All Claims Against Micro Focus Plc Must Be Dismissed for
         Lack of Personal Jurisdiction** ...................................................................7

    a.     Micro Focus Plc is Not Subject to This Court's Jurisdiction...................7

       i.     The Court Cannot Exercise General Personal Jurisdiction Over Micro Focus Plc. 8

       ii.    The Court Cannot Exercise Specific Personal Jurisdiction Over Micro Focus Plc. 9

       iii.   Exercising Personal Jurisdiction Over Micro Focus Plc Does Not Comport with
          Due Process. .....................................................................................11

    **b.**     The Jurisdictional Status of Micro Focus Plc's Subsidiaries Cannot
         Be Attributed to Micro Focus Plc. ..........................................................12

**B.     The Copyright Act Preempts IBM's Breach of Contract Claim.** ....................13

**C.     IBM's Breach of Contract and Copyright Infringement Claims
      Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).** ...........................16

    **a.**     IBM's Breach of Contract Claim has Failed to Plead the Required
         Elements to State a Claim. .......................................................................17

       i.     No Agreement Existed Between Micro Focus Plc and IBM. ................17

       ii.    IBM Fails to Allege What Specific Provisions of the Various Contracts Either
         Defendant Has Breached, and Fails to Adequately Allege How, and When Either
         Defendant Has Breached Them. ........................................................19

       iii.   IBM Fails to Plead Consequential Damages...........................................21

    **b.**     IBM Failed to Plead the Required Elements of a Valid Copyright
         Claim. 22

**III.   IBM Should Be Ordered to File a More Definite Statement.** .........................25

**IV.    CONCLUSION** ...............................................................................................25

# TABLE OF AUTHORITIES

**Cases**

*Abraham Zion Corp. v. Lebow,*
761 F.2d 93 (2d Cir.1985).................................................................................................18

*ACCD Global Agriculture, Inc. v. Perry,*
Civ. No. 12-cv-6286, 2013 WL 840706 (S.D.N.Y. Mar. 1, 2013)...........................21, 22

*Alpha Media Works, Inc. v. Perception Research Servs, Inc.,*
Civ. No. 09-cv-9563, 2012 WL 406914 (S.D.N.Y. Feb. 9, 2012) .................................15

*Alwand Vahan Jewelry, Ltd. v. Lustour, Inc.,*
Civ. No. 21-cv-1559, 2021 WL 3604517 (S.D.N.Y. Aug. 13, 2021) ...........................11

*Am. Movie Classics Co. v. Turner Entm't Co.,*
922 F. Supp. 926 (S.D.N.Y. 1996) ...............................................................................15

*Am. Protein Corp. v. AB Colbo,*
844 F.2d 56 (2d Cir. 1988).............................................................................................18

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) .......................................................................................................16

*Astor Chocolate Corp. v. Elite Gold Ltd.,*
510 F. Supp. 3d 108 (S.D.N.Y. 2020) ...........................................................................11

*Atuahene v. City of Hartford,*
10 Fed. App'x 33 (2d Cir. 2001) ................................................................................20, 21

*BankUnited, N.A. v. Merritt Envtl. Consulting Corp.,*
360 F. Supp. 3d 172 (S.D.N.Y. 2018) ...........................................................................16

*Barrett v. Tema Dev. (1988) Inc.,*
251 Fed. App'x 698 (2d Cir. 2007) ...................................................................................9

*Belair v. MGA Ent., Inc.,*
503 Fed. App'x 65 (2d Cir. 2012) ..................................................................................23

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007)........................................16

*Bernsetin v. Citibank, N.A.,*
Civ. No. 6-cv-15203, 2008 WL 11516014 (S.D.N.Y. Dec. 1, 2008).............................19

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,*
373 F.3d 296 (2d Cir. 2004).......................................................................................13, 14

*Bulk Oil (USA), Inc. v Sun Oil Trading Co.*,
584 F. Supp. 36 (S.D.N.Y. 1983) ................................................10

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ................................................11

*Carlson v. Cuevas*,
932 F. Supp. 76 (S.D.N.Y. 1996) ................................................10

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
982 F.2d 603 (2d Cir. 1992)................................................14, 23

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991)................................................17

*Daimler AG v. Bauman*,
571 U.S. 117 (2014) ................................................8

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*,
722 F.3d 81 (2d Cir. 2013)................................................7

*Dupont Flooring Sys., Inc. v. Discovery Zone, Inc.*,
98 Civ. 5101, 2004 WL 1594629 (S.D.N.Y. July 14, 2004) ........................21

*Fahey v. Breakthrough Films & TV Inc.*,
Civ. No. 21-cv-3208, 2022 WL 6244313 (S.D.N.Y. July 7, 2022)................................................8, 9

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ................................................22

*Ferro v. Ry. Express Agency, Inc.*,
296 F.2d 847 (2d Cir. 1961)................................................20

*Ford Motor Co. v. Mont. Eighth Judicial Dist. Court*,
141 S. Ct. 1017 (2021) ................................................11

*Forest Park Pictures v. Universal Television Network, Inc.*,
683 F.3d 424 (2d Cir. 2012)................................................14

*Framework MI, Inc. v. CVS Health Corp.*,
Civ. No. 20-cv-907, 2021 WL 2403365 (S.D.N.Y. June 11, 2021) ............................14, 15, 16, 19

*Genius Media Grp., Inc. v. Google LLC*,
2020 WL 5553639 (E.D.N.Y. Aug. 10, 2020)................................................15

*Goodyear Dunlop Tires Ops., S.A. v. Brown*,
564 U.S. 915 (2011) ......................................................................................................8

*Grammenos v. Lemos*,
457 F.2d 1067 (2d Cir. 1972)........................................................................................1

*Grasso v. Bakko*,
570 F. Supp. 2d 392 (N.D.N.Y. 2008) .......................................................................10

*Horowitz v. Spark Energy, Inc.*,
Civ. No. 19-cv-7534, 2020 WL 4917180 (S.D.N.Y. Aug. 21, 2020) ..........................18

*Ixe Banco, S.A. v. MBNA America Bank, N.A.*,
No. 07cv0432 (LAP), 2008 WL 650403 (S.D.N.Y. Mar. 7, 2008)...............................18

*Jazini v. Nissan Motor Co. Ltd.*,
148 F.3d 181 (2d Cir. 1998)........................................................................................12

*Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co.*,
Civ. No. 18-cv-2318, 2019 WL 804506 (S.D.N.Y. Feb. 21, 2019) ..............................23

*Kaliner v. Mt. Vernon Monetary Mgmt. Corp.*,
Civ. No. 07-cv-4643, 2008 WL 4127767 (S.D.N.Y. Sept. 3, 2008) ...........................18

*Kelly v. L.L. Cool J.*,
145 F.R.D. 32 (S.D.N.Y. 1992) ...................................................................................25

*Kenford Co. v. County of Erie*,
540 N.Y.S.2d 1 (1989) ................................................................................................21

*Laborers Local 17 Health & Benefit Fund v. Phillip Morris, Inc.*,
26 F. Supp. 2d 593 (S.D.N.Y. 1998) .....................................................................12, 13

*LaChapelle v. Fenty*,
812 F. Supp. 2d 434 (S.D.N.Y. 2011) ....................................................................22, 23

*Lennon v. Seaman*,
No. 99 Civ. 2664(LBS), 2002 WL 109525 (S.D.N.Y. Jan. 28, 2002) ..........................22

*Lepore v. NL Brand Holdings, LLC*,
2017 WL 4712633 (S.D.N.Y. 2017) ............................................................................7

*Levy v. Bessemer Trust Co., N.A.*,
1997 WL 431079 (S.D.N.Y. July 30, 1997) ................................................................19

*Lewis Tree Service, Inc. v. Lucent Techs, Inc.*,
Civ. No. 99-cv-8556, 2000 WL 1277303 (S.D.N.Y. Sept. 8, 2000) ...............................................20

*Licci v. Lebanese Canadian Bank*,
732 F.3d 161 (2d Cir. 2013)...............................................................................................................11

*Lumetrics, Inc. v. Blalock*,
23 F. Supp. 3d 138 (W.D.N.Y. 2014)...............................................................................................23

*Manes v. JPMorgan Chase Bank, N.A.*,
Civ. No. 20-cv-11059, 2022 WL 671631 (S.D.N.Y. Mar. 7, 2022)...............................................20

*Marks v. New York Univ.*,
61 F. Supp. 2d 81 (S.D.N.Y. 1999) ...................................................................................................17

*Mersen USA EP Corp. v. TDK Elecs. Inc.*,
21-cv-00763, 2022 WL 902372 (S.D.N.Y. Mar. 28, 2022) ...........................................................18

*Munoz-Nagel v. Guess, Inc.*,
No. 12-CV-1312 (ER), 2013 WL 1809772 (S.D.N.Y. Apr. 30, 2013) ............................................7

*N. Food I/E, Inc. v. Ocm Globe, Inc.*,
Civ. No. 21-cv-1813, 2022 WL 2812204 (E.D.N.Y. March 28, 2022) ..........................................11

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
105 F.3d 841 (2d Cir. 1997)..............................................................................................................13

*Negrete v. Citibank, N.A.*,
187 F. Supp. 3d 454 (S.D.N.Y. 2016) ..............................................................................................20

*Ochre LLC v. Rockwell Architecture Planning & Design, P.C.*,
Civ. No. 12-cv-2837, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012).................................................24

*O'Neill v. Asat Trust Reg.*,
714 F.3d 659 (2d Cir. 2013)................................................................................................................7

*Paroni v. GE UK Holdings Ltd.*,
2021 U.S. Dist. LEXIS 148930 (S.D.N.Y. Aug. 9, 2021) ............................................................12

*Penachio v. Benedict*,
 461 F. App'x 4 (2d Cir. 2012) ...........................................................................................................7

*Perfvwaybelayouix v. Graham-Drake*,
Civ. No. 22-cv-1019, 2022 WL 17357231 (D.D.C. Dec. 1, 2022) .................................................24

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
602 F.3d 57 (2d Cir. 2010) ...................................................................................17, 23

*Phillips v. Audio Active Ltd.*,
494 F.3d 378 (2d Cir. 2007) ..............................................................................................22

*RCN Telecom Servs. v. 202 Ctr. St. Realty LLC*,
156 Fed. App'x 349 (2d. Cir. 2005) .................................................................................17

*Rennaker Co. Consulting, Inc. v. TLM Grp., LLC*,
No. 16cv3787 (DAB), 2017 WL 2304302 (S.D.N.Y. May 18, 2017) ............................18

*Ritani, LLC v. Aghjayan*,
880 F. Supp. 2d 425 (S.D.N.Y. 2012) ..............................................................................22

*Ross v. FSG PrivatAir, Inc.*,
Civ. No. 3-cv-7292, 2004 WL 1837366 (S.D.N.Y. Aug. 17, 2004) ...............................19

*Schonfeld v. Hilliard*,
218 F.3d 164 (2d Cir. 2000).............................................................................................21

*Stewart v. Vista Point Verlag*,
56 U.S.P.Q.2D (BNA) 1842 (S.D.N.Y. 2000) .................................................................11

*Tegg Corp. v. Beckstrom Elec. Co.*,
2008 WL 2682602 (W.D. Pa. July 1, 2008) ...............................................................24, 25

*Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*,
924 F.3d 32 (2d Cir. 2019)...............................................................................................14

*Weiss v. Inc. Vill. Of Sag Harbor*,
762 F. Supp. 2d 560 (E.D.N.Y. 2011) ..............................................................................16

*Window Headquarters, Inc. v. MAI Basic Four, Inc.*,
1993 WL 312899 (S.D.N.Y. Aug. 12, 1993) ...................................................................19

*Wolff v. Rare Medium, Inc.*,
171 F.Supp.2d 354 (S.D.N.Y. 2001) ...........................................................................19, 20

*Yeda Research & Dev. Co. v. iCAD, Inc.*,
18 Civ. 8083 (GBD), 2019 WL 4562409 (S.D.N.Y. Sept. 5, 2019) ................................ 13, 14, 16

**Statutes**

N.Y. C.P.L.R. § 302(a) ..........................................................................................................9

N.Y.C.P.L.R. § 302(a)(3) .....................................................................................................10

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................1

Fed. R. Civ. P. 8(a)(2) ......................................................................................................6, 16

Fed. R. of Civ. P. 12(b)(2) ...................................................................................................1

**Treatises**

24 Williston on Contracts, § 64:25 (4th ed.) .......................................................................22

4 Nimmer on Copyright § 13.01(B) .....................................................................................23

## PRELIMINARY STATEMENT

Defendants Micro Focus International Plc ("Micro Focus Plc")[1] and Micro Focus (US), Inc. ("Micro Focus US") move pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) to dismiss the complaint brought by Plaintiff IBM Corporation ("IBM"). First, Micro Focus Plc, a United Kingdom holding company, is not subject to personal jurisdiction in New York. Micro Focus Plc does not conduct business in New York and has not subjected itself to any contractually induced personal jurisdiction because it is not a party to the agreements at issue. Second, IBM has failed to allege legally or factually plausible claims. Specifically, IBM's breach of contract claim is preempted by the Copyright Act, bereft of factual support, and fatally infirm as to Micro Focus Plc, which again is not a party to the agreements at issue. IBM's infringement claim likewise fails because it does not provide any factual allegations as to which entity is alleged to have done what, when, how, or where. IBM's infringement claim also must be dismissed because IBM has failed to identify the copyrightable elements of its alleged software program, and it has failed to state by which acts, and during what timeframe each Defendant is alleged to have infringed. Given these incurable deficiencies, Defendants respectfully request that the Court dismiss the Complaint with prejudice.

## I.   RELEVANT FACTS

### A.  IBM's Threadbare Allegations Pertaining to Defendants' Relationship.

Micro Focus Plc "is a United Kingdom corporation with its principal place of business at

---

[1] As detailed *infra*, Micro Focus Plc is not subject to the jurisdiction of this Court.  To the extent the Court finds jurisdiction over Micro Focus Plc, it joins Micro Focus US's motion to dismiss for failure to state a claim.  *See Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972) ("The need to file a special appearance in order to object to jurisdiction or venue has vanished. A party can file a general appearance and object to personal jurisdiction or venue at any time before the answer is filed or in the answer.").

The Lawn 22-30 Old Bath Road, Newbury, Berkshire, RG14 1QN, United Kingdom." Compl. ¶ 8. "Micro Focus US is a Delaware corporation with its principal place of business at 700 King Farm Boulevard, Suite 400, Rockville Maryland, 20850-5736." *Id.* ¶ 7.  IBM's only allegation as to the nature of the relationship between the Defendants is as follows:

> "Upon information and belief, at all times mentioned in this complaint, each Defendant was the agent of the other Defendant and, in doing the things alleged in this complaint, was acting within the course and scope of such agency". *Id.* ¶ 10.

IBM provides no facts in support of this allegation and provides no other allegations as to the relationship between the Defendants. For the rest of the Complaint, IBM lumps the Defendants together as "Micro Focus" without attributing conduct or facts to either specific entity.

**B.  Micro Focus Plc Has No Jurisdictionally Relevant Contacts With New York.**

Micro Focus Plc is a public limited company organized under the laws of England and Wales, United Kingdom, and it has its principal place of business in Berkshire, England, United Kingdom. *See* Compl. ¶ 8; Declaration of Helen Ratsey simultaneously submitted ("Ratsey Decl."), ¶ 4. Micro Focus Plc does not own, lease, or rent any office space, real property, or have a place of business in New York. Ratsey Decl. ¶¶ 13, 14.  Micro Focus Plc is also not registered to do business in New York. Micro Focus Plc is a holding company, and, as such, generally does not carry out business operations - it does not develop, manufacture, sell, or distribute any product or service of any nature. *Id.* ¶ 6. As a result, Micro Focus Plc does not manufacture or distribute any product or service that could find its way through the stream of commerce into New York. *Id.* Any business operations bearing the "Micro Focus" name are carried out by various wholly owned subsidiaries. *Id.*

Micro Focus Plc and its subsidiaries maintain their own independent corporate, partnership, or limited liability company statuses, identities, and structures. *Id.* ¶ 15. Micro Focus

Plc and its subsidiaries observe the proper corporate formalities and operate as separate entities, and Micro Focus Plc maintains its corporate records separate from the corporate records of its subsidiaries. *Id.* ¶ 16.  Micro Focus Plc files a separate tax return from its subsidiaries, and maintains its own funds and bank accounts, separate from the funds and bank accounts of its subsidiaries. *Id.* ¶¶ 17-18. When financial transactions occur between Micro Focus Plc and its subsidiaries, such transactions are memorialized with formal documentation and reflected in the corresponding entities' financial and accounting records as bona fide transactions. *Id.* ¶ 18.

IBM alleges conduct pertaining to software it calls "Micro Focus Enterprise Server and Micro Focus Enterprise Developer" and that IBM refers collectively to as the "Micro Focus Enterprise Suite". Compl. ¶ 9. The Micro Focus Enterprise Suite of products are within a line of business referred to as Application Modernization & Connectivity ("AMC").  Ratsey Decl. ¶ 7. Micro Focus Plc does not have any operations in the United States pertaining to the AMC line of business, nor does Micro Focus Plc have direct ownership of the AMC line of business. *Id.* ¶ 8. Micro Focus Plc does not distribute the AMC line of products, which includes Micro Focus Enterprise Suite in New York, and Micro Focus Plc does not direct the operations or strategic planning for any products in the AMC business. *Id.* ¶¶ 10-11.

Contrary to IBM's vague assertions "[u]pon information and belief" (Compl. ¶ 9, 15), Micro Focus Plc has not "published, distributed, and promoted" the "Micro Focus Enterprise Suite" or distributed the AMC products to Deutsche Bank USA, McGraw Hill Education, New York State Division of Criminal Justice, or Citi Bank in the United States. Ratsey Decl. ¶ 11. IBM provides no factual support for its "information and belief" that Micro Focus Plc has entered into contracts with Deutsche Bank USA, McGraw Hill Education, New York State Division of Criminal Justice, and Citi Bank" (Compl. ¶ 15), let alone distributed the alleged

3

software at issue to them. Indeed, the complaint is devoid of evidence (such as agreements, or industry publications).

IBM's complaint references various agreements, namely the: (1) IBM PartnerWorld Agreement and Value Package Attachment (PartnerWorld Agreement); (2) Client Relationship Agreement ("CRA"); (3) Attachment for Developer Discount – IBM Z (the "CRA Attachment"); and (4) Addendum to the Attachment for Developer Discount for IBM Z. (Compl. ¶¶ 34, 35) (collectively, referred to herein as "Alleged Agreements"). Micro Focus Plc is not a party to these agreements in the United States. And did not sign or agree to be bound by the Alleged Agreements pertaining to the United States. Ratsey Decl. ¶ 12.

**C.  IBM's Deficient Breach of Contract Allegations.**

As the foundation of its breach of contract claim, IBM alleges that "[u]pon information and belief, Micro Focus created software called Micro Focus Enterprise Server and Micro Focus Enterprise Developer (collectively, 'Micro Focus Enterprise Suite' or the 'Accused Works') by using its developer access to copy IBM's CICS Transaction Server for z/OS ('CICS® TS') software."  Compl. ¶ 9.  According to IBM, Micro Focus copied a file from CICS® TS known as a WSBIND file[2] and "reverse engineered at least a portion of the CICS® TS software."  *Id.* ¶ 40. IBM alleges that Micro Focus thereby breached the four Alleged Agreements that governed Micro Focus's access to CICS® TS. Compl. ¶¶ 34, 35. Without distinguishing between or citing to the individual agreements, IBM alleges:

- that the Alleged Agreements require that developers who are subject to their terms "not us[e] any of the elements of the Program or related license materials separately from the Program[,]" (Compl. ¶ 36);

---

[2] Per the Complaint, "CICS® TS Web Services uses a 'web service binding file,' known as WSBIND file, to expose CICS® TS programs as web services and maps data received or sent by the networked device to the application data structures that reside on the mainframe."  *Id.* ¶ 26.

- that the Alleged Agreements prohibit developers who are subject to their terms from "'reverse assembling, reverse compiling, translating, or reverse engineering the Program' and making derivative works based on IBM's software" (*id.*); and

- that developers who execute the Alleged Agreements "promise to use their exclusive access to IBM software for the mutual benefit of the parties and their customers" (*id.*).

These provisions, quoted without citation in the Complaint, are the only contractual terms that IBM invokes.

Although IBM alleges that "Micro Focus agreed to the terms in the Partner World Agreement, the CRA, the CRA Attachment, and the CRA Addendum," and that "[t]hese agreements, or predecessor agreements not materially different from these agreements, were in force at all times affecting the matters complained of herein," *id.* ¶ 37, IBM does not allege when these Alleged Agreements were executed or by which parties. IBM also does not allege when it became aware of Micro Focus's alleged breach or when the Alleged Agreements terminated, stating only that IBM "terminated Micro Focus's involvement in the Developer Discount Program by sending a Notice of Non-Renewal on May 31, 2021, and Micro Focus's membership ended by August 31, 2022." *Id.* ¶ 44

With regard to alleged contractual damages, IBM states the following without providing any additional information or allegations relating to how the damages are to be calculated:

"As a direct and proximate result of these breaches, IBM has sustained damages, including but not limited to the value of the software taken and the loss of business."

Compl. ¶ 68. IBM alleges that the "amount of controversy exceeds the sum or value of $75,000" (*id.* ¶ 12) but does not allege what portion of that amount relates to its breach of contract claim.

### D. IBM's Deficient Copyright Infringement Allegations.

Like its breach of contract claim, IBM's copyright claim rests on the allegation that "Micro Focus" copied or otherwise reverse engineered the WSBIND file associated with CICS®

TS. IBM's Complaint references eight alleged copyright registrations in connection with its

copyright infringement claim. *See* Compl. ¶ 29, Ex. A.  IBM's alleged copyrights titles are:

1. IBM CICS Transaction Server for z/OS, 5697-E93, VERSION 2 3
2. IBM CICS Transaction Server for z/OS, 5655 M15, VERSION 3 1 0
3. IBM CICS Transaction Server for z/OS 3.x-Post GAP/TFs, 5724-M15, Version PK45354
4. IBM CICS Transaction Server for z/OS 5655-M15, Version 3.2
5. IBM CICS Transaction Server for z/OS (GA), 5655-S97, Version 4.1.0
6. IBM CICS Transaction Server for z/OS, 5655-Y04, Version 5.1.0
7. IBM CICS Transactions Server for z/OS, 5655-S97, Version 4.2.0
8. IBM CICS Transaction Server for z/OS - 2Q 2013 DTypes, 5655-Y04, Version 5.1

*Id.* at Ex. A. The effective dates of the registrations range from 2004 to 2013. *Id.*  Of the eight

copyright registrations included in Exhibit A and listed above, registrations 3 through 8 include

limitations excluding from copyright protection: "computer program[s]", [p]revious version[s]"

of the software, and "some program text by other companies". *See id.* None of the registrations

refer to a WSBIND file.

IBM fails to allege that the WSBIND file is part of the "CICS® TS" copyrighted

"Works" (*Id.* ¶ 29); that the WSBIND file is contained within the software described in the

registration certificates attached to IBM's Complaint; and/or that the WSBIND file is not part of

the material excluded from IBM's copyright registrations. IBM also does not claim when either

of the Defendants is alleged to have infringed this purportedly protected WSBIND file.

## II.    ARGUMENT

IBM's complaint should be dismissed because Micro Focus Plc is not subject to personal

jurisdiction in New York, IBM's breach of contract claim is preempted by the Copyright Act,

and IBM has not satisfied its pleading burden under Fed. R. Civ. P. 8 such that it has failed to

state a claim for breach of contract or copyright infringement.

6

**A. All Claims Against Micro Focus Plc Must Be Dismissed for Lack of Personal Jurisdiction.**

IBM has made no showing that this Court can properly exercise personal jurisdiction, general or specific, over Micro Focus Plc, a UK-chartered entity that does not have its principal place of business in New York and was not a party to any of the Alleged Agreements in the United States. As the party invoking the Court's jurisdiction, IBM bears the burden of demonstrating that jurisdiction exists over Micro Focus Plc. *See Penachio v. Benedict,* 461 F. App'x 4, 5 (2d Cir. 2012). To meet that burden, IBM "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013). The Court cannot "draw argumentative inferences in [IBM's] favor" and need not "accept as true a legal conclusion couched as a factual allegation." *O'Neill v. Asat Trust Reg.*, 714 F.3d 659, 673 (2d Cir. 2013).  Moreover,"[t]hough a plaintiff may plead facts alleged upon information and belief where the belief is based on factual information that makes the inference of culpability plausible, such allegations must be accompanied by a statement of the facts upon which the belief is founded." *Munoz-Nagel v. Guess, Inc.*, No. 12-CV-1312 (ER), 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30, 2013). A complaint advancing allegations "on information and belief" without alleging facts upon which the information and belief is based is susceptible to dismissal. *See, e.g., Lepore v. NL Brand Holdings, LLC*, 2017 WL 4712633 (S.D.N.Y. 2017).

**a. Micro Focus Plc is Not Subject to This Court's Jurisdiction.**

Personal jurisdiction arises in two forms: general and specific.  A defendant is subject to general personal jurisdiction – that is, personal jurisdiction for purposes of any claim or cause of action – only where its contacts with the forum state are so substantial that it can be considered "constructively present" or "at home" in the state.  *Goodyear Dunlop Tires Ops., S.A. v. Brown*,

564 U.S. 915, 924 (2011). As articulated by the Supreme Court, corporations typically are found
to be at home only in their states of incorporation and principal place of business. *See Daimler
AG v. Bauman*, 571 U.S. 117, 137-40 (2014). The Supreme Court has identified only those two
places (state of incorporation and principal place of business) as fora in which general
jurisdiction over a corporate defendant would be proper. *Daimler*, 571 U.S. at 137; *see Fahey v.
Breakthrough Films & TV Inc.*, Civ. No. 21-cv-3208, 2022 WL 6244313 (S.D.N.Y. July 7, 2022)
(finding no general jurisdiction where defendants were incorporated outside of New York and
did not have their principal place of business in New York). Any additional potentially viable
jurisdictions would have to meet the stringent criteria laid out in *Goodyear*, 564 U.S. at 915 and
*Daimler*, *supra*. Those criteria require more than the "substantial, continuous, and systematic
course of business" that was once thought to suffice. *Daimler*, 571 U.S. at 137-38.

> ### i. The Court Cannot Exercise General Personal Jurisdiction Over Micro Focus Plc.

Here, IBM alleges neither basis for any exercise of the Court's general personal
jurisdiction. To the contrary, IBM alleges (and Micro Focus Plc concurs) that Micro Focus Plc
"is a United Kingdom corporation with its principal place of business at The Lawn 22-30 Old
Bath Road, Newbury, Berkshire, RG14 1QN, United Kingdom." Compl. ¶ 8. Indeed, Micro
Focus Plc has no property or place of business in New York. *See* Ratsey Decl. ¶ 13. Moreover,
Micro Focus Plc's supporting declaration demonstrates that Micro Focus Plc does not transact
any business in New York, much less the "substantial business" necessary to be "at home" in
New York. Id. ¶ 6 (detailing how Micro Focus Plc does not develop, manufacture, sell, or
distribute products or services of any kind; it places nothing in the stream of commerce). Thus,
Micro Focus Plc is not subject to general personal jurisdiction in New York.

### ii.  The Court Cannot Exercise Specific Personal Jurisdiction Over Micro Focus Plc.

New York's long-arm statute permits the exercise of specific jurisdiction over a non-domiciliary in limited circumstances when the non-domiciliary:

> (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or

> (2) commits a tortious act within the state, except as to a cause of action for defamation or character arising from the act; or

> (3) commits a tortious act without the state causing injury to person or property within the state . . . if he: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; . . . ."

N.Y. C.P.L.R. § 302(a).  In any case predicated on section 301(a)(1) long arm jurisdiction, "(1) [t]he defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Fahey*, 2022 WL 6244313, at *15 (citing *Barrett v. Tema Dev. (1988) Inc.*, 251 Fed. App'x 698, 700 (2d Cir. 2007)). "Random," "fortuitous," or "attenuated" contacts do not suffice. *Id.* at *15. Courts look to four factors when assessing whether a defendant has transacted business in New York: (1) whether the defendant has an ongoing contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York and whether the defendant visited New York to meet with the parties after the contract was executed; (3) whether there is a choice-of-law clause in the contract looking to New York law; and (4) whether the contract requires the defendant to send notices and payments into the forum state. *Id.* at *16. Here, IBM has not alleged facts pertaining to those factors, and Micro Focus Plc's sworn declaration demonstrates that Micro Focus Plc does not have any business operations in New York.  Further, although IBM alleges "Defendants' agreements with IBM specifically indicate that they will be governed by New York law." (Compl. ¶ 16), Micro

9

Focus Plc does not have any agreements with IBM that are at issue in this case, and thus did not agree to any New York choice-of-law term. *See* Ratsey Decl. ¶ 12. Accordingly, any exercise of specific personal jurisdiction pursuant to section 302(a)(1) would be groundless.

Jurisdiction under sections 302(a)(2), and 302(a)(3) is similarly lacking.  Jurisdiction over a defendant pursuant to section 302(a)(2) is proper only when that defendant performed acts *within New York* that caused injury in New York. *See Bulk Oil (USA), Inc. v Sun Oil Trading Co.*, 584 F. Supp. 36, 41 (S.D.N.Y. 1983). Courts have "consistently interpreted § 302(a)(2) jurisdiction narrowly." *Carlson v. Cuevas*, 932 F. Supp. 76, 79 (S.D.N.Y. 1996) (citing cases); *Grasso v. Bakko*, 570 F. Supp. 2d 392, 395-96 (N.D.N.Y. 2008)., and IBM has not alleged that Micro Focus Plc acted tortiously within New York. Any exercise of jurisdiction pursuant to section 302(a)(2) would be improper.

Moreover, IBM has failed to satisfy the requirements of either subsection (i) or (ii) of section 302(a)(3). Jurisdiction over a non-domiciliary can be proper when the non-domiciliary "commits a tortious act [outside] the state causing injury to person and property within the state, [among other requirements]." N.Y.C.P.L.R. § 302(a)(3). However, in addition to a tortious act, a plaintiff must show either that the non-domiciliary "(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce . . ." *Id.*

Here, IBM has asserted only conclusory allegations as to Defendants' actions in New York and failed to identify which defendant supposedly engaged in those actions. IBM has not provided any facts or allegations that Micro Focus Plc has derived any revenue much less

substantial review from New York, and Micro Focus Plc's sworn declaration demonstrates that it

has no place of business in, and does not derive substantial revenue from New York. *See* Ratsey

Decl. ¶¶ 6, 13, 14. In particular, Micro Focus Plc has not derived any revenue from New York

pertaining to the alleged Micro Focus Enterprise Suite products. *Id*. ¶¶ 8, 10, 11. Under these

facts, any exercise of personal jurisdiction pursuant to section 302(a)(3) would be improper.  *See,*

*e.g.*, *Astor Chocolate Corp. v. Elite Gold Ltd.*, 510 F. Supp. 3d 108, 133 (S.D.N.Y. 2020)

(finding no jurisdiction under § 302(a)(3) where party did not have any agreements with N.Y.

based distributors, and did not advertise or sell products directly).

   **iii.**  **Exercising Personal Jurisdiction Over Micro Focus Plc Does Not Comport with Due Process.**

   Even if IBM had pled a sufficient factual predicate for invoking New York's long-arm

statute, the court must evaluate whether the "exercise of personal jurisdiction over a foreign

defendant comports with due process protections established under the United States

Constitution." *N. Food I/E, Inc. v. Ocm Globe, Inc.,* Civ. No. 21-cv-1813, 2022 WL 2812204

(E.D.N.Y. March 28, 2022) (citing *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir.

2013)). For specific jurisdiction to exist, "there must be an affiliation between the forum and the

underlying controversy, principally, an activity or an occurrence that takes place in the forum

State and is therefore subject to the State's regulation." *Alwand Vahan Jewelry, Ltd. v. Lustour,*

*Inc.*, Civ. No. 21-cv-1559, 2021 WL 3604517 (S.D.N.Y. Aug. 13, 2021) (citing *Ford Motor Co.*

*v. Mont. Eighth Judicial Dist. Court*, 141 S. Ct. 1017 (2021)). "Random and sporadic contacts

are not sufficient to satisfy the due process clause." *Stewart v. Vista Point Verlag*, 56 U.S.P.Q.2D

(BNA) 1842, 1846 (S.D.N.Y. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475

(1985)). Courts must also look to whether exercising jurisdiction over a defendant would be

"reasonable" in the case. *Alwand Vahan Jewelry, Ltd.* 2021 WL 3604517 at *3.

For the same reasons personal jurisdiction is lacking under New York law, subjecting

Micro Focus Plc to personal jurisdiction in New York would also run afoul Due Process.  IBM's

allegation pertaining to personal jurisdiction are all made "upon information and belief" without

any additional factual support with regard to Micro Focus Plc, and cannot be credited where

jurisdiction over Micro Focus Plc is concerned, particularly given the sworn evidence to the

contrary provided in Micro Focus Plc's supporting declaration. *See* Ratsey Decl. ¶¶ 8, 10, 11.

> **b. The Jurisdictional Status of Micro Focus Plc's Subsidiaries Cannot Be Attributed to Micro Focus Plc.**

IBM has not alleged sufficient facts demonstrating that any personal jurisdiction over

Micro Focus US could be attributed to Micro Focus Plc, and "a parent cannot assume the

jurisdictional status of its subsidiary unless factors beyond common ownership suggest that their

separate corporate identities are a mere façade.*" Paroni v. GE UK Holdings Ltd.*, 2021 U.S. Dist.

LEXIS 148930, *21–22 (S.D.N.Y. Aug. 9, 2021). Four factors considered in determining

whether a subsidiary is an alter ego or mere department of the parent: "(1) common ownership,

(2) the degree of financial dependency of the subsidiary on the parent, (3) the degree to which

the parent is involved in the selection and assignment of the subsidiary's high-ranking personnel

and fails to observe corporate formalities, and (4) the degree of control by the parent over the

marketing and operational policies of the subsidiary." *Laborers Local 17 Health & Benefit Fund*

*v. Phillip Morris, Inc.*, 26 F. Supp. 2d 593, 605 (S.D.N.Y. 1998) (citing *Jazini v. Nissan Motor*

*Co. Ltd.*, 148 F.3d 181, 182 (2d Cir. 1998) and other cases). "Mere ownership by a parent

company of a subsidiary that is subject to personal jurisdiction is insufficient to establish

jurisdiction over the parent." *Id.* at 604.

The lone allegation in IBM's Complaint pertaining to the relationship between the

defendants, which is made upon "information and belief," is insufficient to satisfy IBM's burden

to attribute any personal jurisdiction to Micro Focus Plc, particularly where Micro Focus Plc has provided sworn evidence that Micro Focus Plc and its subsidiaries maintain independent corporate statuses, identities, and structures, observe proper corporate formalities, maintain separate financial records and accounts, and file separate tax returns. *See Laborers Local 17*, 26 F. Supp. 2d at 605 (granting motion to dismiss holding company for lack of personal jurisdiction, and finding actions and allegations as to co-defendant were not sufficient for jurisdiction).

### B.  The Copyright Act Preempts IBM's Breach of Contract Claim.

 "The Copyright Act preempts a state law claim when (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103; (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Yeda Research & Dev. Co. v. iCAD, Inc.*, 18 Civ. 8083 (GBD), 2019 WL 4562409, at *4 (S.D.N.Y. Sept. 5, 2019) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004)). Such is the case here, where IBM's breach of contract claim is coextensive with its copyright infringement claim. Indeed, IBM's breach of contract claim meets both requirements for preemption.

The first requirement "is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." *Briarpatch*, 373 F.3d at 305 (citing *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 848 (2d Cir. 1997)). "A work need not consist entirely of copyrightable material in order to meet the subject matter requirement, but instead need only fit into one of the copyrightable categories in a broad sense." *See id.* (citing *Nat'l Basketball*, 105 F.3d at 848-50). IBM's alleged infringed work—a portion of a software program—"fit[s] into one of the

copyrightable categories." *See id.*; *see, e.g.*, *Yeda Research*, 2019 WL 4562409, at *4-5; *Framework MI, Inc. v. CVS Health Corp.*, Civ. No. 20-cv-907, 2021 WL 2403365, at *3 (S.D.N.Y. June 11, 2021).

The second prong is satisfied if "[a] state law right . . . may be abridged by an act which, in and of itself, would infringe one of the exclusive rights." *Yeda Research*, 2019 WL 4562409 at *4 (quoting *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 48 (2d Cir. 2019)). That is, (1) "the state law claim must involve acts of reproduction, adaptation, performance, distribution or display"; and (2) "the state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 305. Regarding the "extra element", courts examine "what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 603, 716 (2d Cir. 1992). Courts must "take a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 306. While the Second Circuit has recognized that an "extra element" exists where a breach of contract claim is brought involving failure to pay contracted fees for licensed materials[3], where a plaintiff's breach of contract allegations focused on a defendant's alleged sale and transfer of purported copyrighted software, courts have dismissed said breach of contract claims as preempted. *See, e.g.*, *Yeda Research*, 2019 WL 4562409, at *4-5 (dismissing breach of contract

---

[3] *See Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 431–32 (2d Cir. 2012) (finding breach of contract claim was not preempted involving breach stemming from failure to pay fees). The Second Circuit explicitly declined to "address whether preemption is precluded whenever there is a contract claim, or only when the contract claim includes a promise to pay" (*Forest Park Pictures*, 683 F.3d at 432), and district courts have been analyzing whether breach of contract claims are preempted by the Copyright Act on an individualized basis. *See Yeda Research*, 2019 WL 4562409, at *7 (discussing *Forest Park Pictures* and its progeny).

claim as preempted by the Copyright Act); *see also Framework MI, Inc. v. CVS Health Corp.*,
Civ. No. 20-cv-907, 2021 WL 2403365, at *3 (S.D.N.Y. June 11, 2021) (dismissing breach of
contract claim as preempted involving alleged improper access and improper copying of
software). Likewise, breach of contract claims involving creating "derivative" works are
preempted. *Genius Media Grp., Inc. v. Google LLC*, 2020 WL 5553639, at *11 (E.D.N.Y. Aug.
10, 2020) (holding contract claim preempted where it concerned terms stating a "user may not
'modify, copy, frame, scrape, rent, lease, loan, sell distribute or create derivative works,' " and
where the plaintiff alleged that defendant "scrap[ed]" the plaintiff's content for 'commercial
purposes'); *Alpha Media Works, Inc. v. Perception Research Servs, Inc.*, Civ. No. 09-cv-9563,
2012 WL 406914, at *2 (S.D.N.Y. Feb. 9, 2012) (holding claim preempted where defendant was
alleged to have breached agreements when it "adapt[ed], alter [ed], modif[ied], translate[d], or
create[d] derivative works of the Outdoor DRiVE software."). Where a breach is premised solely
on a defendant making unauthorized use of copyrighted material in excess of a license, the
breach of contract claim will be preempted. *BroadVision*, Civ No. 08-cv-1489, 2008 WL
4684114, at *4 (S.D.N.Y. Oct. 15, 2008) (finding claim was preempted because "it does not
allege that [defendant] breached a promise to pay, to allow an audit, or any other promise"); *Am.
Movie Classics Co. v. Turner Entm't Co.*, 922 F. Supp. 926, 932 (S.D.N.Y. 1996).

      Here, the basis for IBM's alleged breach of contract claim is the same allegations made in
support of its copyright claim: "Micro Focus copied IBM's copyrighted program to create a
derivative software application." Compl. ¶¶ 4, 36; *see also id.* ¶ 40 (alleging that Micro Focus
copied and reverse engineered IBM's WSBIND file "to create a derivative work" and that this
action also constituted a breach of contract). There are no allegations of an "extra element" for
the breach of contract claim that would distinguish it from IBM's copyright claim, and IBM in

facts makes the same allegations in support of its breach of contract claim, including any claim based on "reverse engineering" that it does in support of its copyright infringement claim. *Id.* ¶ 40 (relying on the same facts with no distinguishing conduct among the claims). For this reason, IBM's breach of contract claim should be dismissed as preempted by the Copyright Act. *Framework MI*, 2021 WL 2403365, at *3; *Yeda Research*, 2019 WL 4562409 at *5.

### C.  IBM's Breach of Contract and Copyright Infringement Claims Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).

Even assuming IBM's contract claim survives the preemption analysis, IBM nonetheless fails to state a claim for either breach of contract or copyright infringement. Both claims should be dismissed under Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), IBM must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  "Labels, conclusions, and 'a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555. IBM's allegations must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Where, as is the case here, a plaintiff fails to "nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In reviewing this Motion, the Court may consider: (1) documents that are incorporated by reference into the complaint, and (2) documents that, even if not incorporated by reference, the defendant has notice of and that are 'integral' to the complaint" without converting the motion to dismiss to a motion for summary judgment. *BankUnited, N.A. v. Merritt Envtl. Consulting Corp.*, 360 F. Supp. 3d 172, 183 (S.D.N.Y. 2018) (citing *Weiss v. Inc. Vill. Of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d

Cir. 1991).  While the Court must draw factual inferences in favor of IBM, the Court does not

need to accept IBM's characterizations of incorporated or integral documents, as "the works

themselves supersede and control contrary descriptions of them." *Peter F. Gaito Architecture,*

*LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010).

### a. IBM's Breach of Contract Claim has Failed to Plead the Required Elements to State a Claim.

To plead a valid breach of contract claim, IBM must allege facts demonstrating (1) the

existence of a contract between IBM and each of the defendants; (2) due performance of the

contract by IBM; (3) breach of contract by each of the defendants; and (4) damages resulting

from each defendants' alleged breach. *RCN Telecom Servs. v. 202 Ctr. St. Realty LLC*, 156 Fed.

App'x 349 (2d. Cir. 2005) (citing *Marks v. New York Univ.*, 61 F. Supp. 2d 81 (S.D.N.Y. 1999)).

IBM has failed to allege the existence of a contract between IBM and Micro Focus Plc and has

failed to allege a breach of contract by either defendant.[4]

### i. No Agreement Existed Between Micro Focus Plc and IBM.

IBM has not plead that it has any contract at all with Micro Focus Plc. IBM chose not to

attach the relevant Alleged Agreements at issue, which would demonstrate that Micro Focus Plc

was not a signatory, but Micro Focus Plc's sworn statement demonstrates that the Alleged

Agreements were not signed by or on behalf of Micro Focus Plc, and that Micro Focus Plc was

not a party to those agreements in the United States. Ratsey Decl. ¶ 12.

"[F]or purposes of evaluating a contract claim, a non-party to a contract cannot be bound

by the contract." *See Kaliner v. Mt. Vernon Monetary Mgmt. Corp.*, Civ. No. 07-cv-4643, 2008

---

[4] For purposes of this Motion, Defendants accept that, drawing all permissible inferences in favor of IBM, IBM has alleged that it performed under the Alleged Agreements by providing access to the software. Defendants reserve the right to challenge the factual bases of all allegations should the case progress.

WL 4127767, at *2 (S.D.N.Y. Sept. 3, 2008) (citing *Abraham Zion Corp. v. Lebow*, 761 F.2d 93,

103 (2d Cir.1985)); *see also Horowitz v. Spark Energy, Inc.*, Civ. No. 19-cv-7534, 2020 WL

4917180, at *5 (S.D.N.Y. Aug. 21, 2020) (dismissing breach of contract claim where plaintiff

failed to allege any fact sufficient to hold a third party accountable for breach of contract when

they were not a party to the contract); *Mersen USA EP Corp. v. TDK Elecs. Inc.*, 21-cv-00763,

2022 WL 902372 (S.D.N.Y. Mar. 28, 2022) (dismissing breach of contract claim against an

entity that was not a signatory to an agreement).  "There are limited exceptions to this rule, but a

plaintiff seeking to invoke them bears a 'heavy burden.'" *Rennaker Co. Consulting, Inc. v. TLM

Grp., LLC*, No. 16cv3787 (DAB), 2017 WL 2304302, at *2 (S.D.N.Y. May 18, 2017)) (citing *Ixe

Banco, S.A. v. MBNA America Bank, N.A.*, No. 07cv0432 (LAP), 2008 WL 650403, at *12

(S.D.N.Y. Mar. 7, 2008)).  IBM cannot meet this burden.

      One exception is when a parent corporation exercises control over its subsidiary in

specific instances such as where there is a "lack of normal corporate formality in the subsidiary's

existence, under-capitalization, and personal use of the subsidiary's funds by the parent ...." *Am.

Protein Corp. v. AB Colbo*, 844 F.2d 56, 60 (2d Cir. 1988), cert. denied, 488 U.S. 852 (1988).

IBM advances no such allegations. Rather, IBM broadly alleges that "[u]pon information and

belief, at all times mentioned in this complaint, each Defendant was the agent of the other

Defendant and, in doing the things alleged in this complaint, was acting within the course and

scope of such agency." Compl. ¶ 10.  A bare allegation of agency is insufficient to impute

contractual obligations to a third-party, particularly when, as demonstrated by Micro Focus Plc's

sworn statement and uncontradicted by any allegations in the Complaint, Micro Focus Plc and its

subsidiaries maintain independent corporate statuses, identities, and structures, observe proper

corporate formalities, maintain separate financial records and accounts, and file separate tax

returns (*see* Ratsey Decl. ¶¶ 15-18). Because Micro Focus Plc has not entered into any of the

Alleged Agreements with IBM, Micro Focus Plc cannot be in breach of the Alleged Agreements

and IBM's breach of contract claim against Micro Focus Plc should be dismissed.

> ii.   **IBM Fails to Allege What Specific Provisions of the Various Contracts Either Defendant Has Breached, and Fails to Adequately Allege How, and When Either Defendant Has Breached Them.**

To state a breach of contract claim, IBM must identify what provisions of each of the

contracts were breached as a result of the acts alleged. *See Wolff v. Rare Medium, Inc.*, 171

F.Supp.2d 354, 358 (S.D.N.Y. 2001) (citing *Levy v. Bessemer Trust Co., N.A.*, 1997 WL 431079,

at *5 (S.D.N.Y. July 30, 1997)).  Although IBM was not required to attach a copy of each of the

contracts to the complaint, its Complaint must "set forth the terms of the agreement upon which

liability is predicated." *Ross v. FSG PrivatAir, Inc.*, Civ. No. 3-cv-7292, 2004 WL 1837366, at

*3 (S.D.N.Y. Aug. 17, 2004) (quoting *Window Headquarters, Inc. v. MAI Basic Four, Inc.*, 1993

WL 312899, at *3 (S.D.N.Y. Aug. 12, 1993)). Failing to allege which provisions of which

contracts were breached is fatal to a breach of contract claim.  *See, e.g.*, *Framework MI*, 2021

WL 2403365, at *4-5 (finding plaintiff's non-specific claims that a contract between the parties

imposed a duty on the defendants to not disclose the Copyrighted Work to third parties without

explaining how defendants breached those obligations was insufficient to survive a motion to

dismiss for failure to state a claim); *Bernsetin v. Citibank, N.A.*, Civ. No. 6-cv-15203, 2008 WL

11516014, at *3 (S.D.N.Y. Dec. 1, 2008) (dismissing breach of contract claim when plaintiff did

not set forth the terms of the agreement upon which liability was based, either by expressly

referencing those terms or by attaching a copy of the contract, did not provide the Court with a

copy of any contract or excerpt a portion of any contract, and did not specify when and by whom

the contract was formed, whether it was written or oral, and what the obligations of the parties

were); *Wolff*, 171 F. Supp. 2d at 358-59 (dismissing breach of contract claim where complaint failed to provide reasonable notice of the contractual provision allegedly breached, or the nature of the breach); *Lewis Tree Service, Inc. v. Lucent Techs, Inc.*, Civ. No. 99-cv-8556, 2000 WL 1277303 (S.D.N.Y. Sept. 8, 2000) (dismissing breach of contract claim where the plaintiff failed to specify "any particular contractual provision that the defendants have allegedly breached"); *see also Manes v. JPMorgan Chase Bank, N.A.*, Civ. No. 20-cv-11059, 2022 WL 671631, at *7 (S.D.N.Y. Mar. 7, 2022) (dismissing breach of contract claim for failure to specify alleged provisions breached); *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016) (dismissing breach of contract claim for "fail[ure] to plead the essential terms of the alleged agreement between the parties and which provisions, if any, were breached").

IBM's Complaint similarly fails to allege which provisions of which contracts either of the defendants are alleged to have breached and does not provide facts alleging how the contracts were breached by either defendant. IBM loosely describes various "prohibitions" within the "agreements" without providing any reference to the specific agreement terms or advising if each of the described "prohibitions" is present in each of the four Alleged Agreements. Further IBM's Complaint fails to distinguish which of the alleged defendants have engaged in the conduct complained of, and when the alleged breach occurred.

"Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 33 (2d Cir. 2001) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)). "By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct," a complaint fails to satisfy the

minimum pleading standard. *Atuahene*, 10 Fed. App'x at 33 (affirming dismissal of complaint for failure to satisfy Rule 8). As IBM has failed to meet the standards of Fed. R. Civ. P. 8 with regard to its breach of contract claim, the claim should be dismissed as to both defendants.

### iii.   IBM Fails to Plead Consequential Damages.

IBM's breach of contract claim should further be dismissed as IBM's alleged consequential damages are speculative and uncertain. IBM may recover lost profits on a breach of contract claim "only if [it] can establish both the existence and amount of such damages with reasonable certainty. The damages may not be merely speculative, possible or imaginary ... and must be capable of measurement based upon known reliable factors without undue speculation." *ACCD Global Agriculture, Inc. v. Perry*, Civ. No. 12-cv-6286, 2013 WL 840706, at *5 (S.D.N.Y. Mar. 1, 2013) (quoting *Schonfeld v. Hilliard*, 218 F.3d 164, 172 (2d Cir. 2000)) (citations omitted). "Courts repeatedly have rejected claims for lost profits that rest on a series of assumptions and projections." *Dupont Flooring Sys., Inc. v. Discovery Zone, Inc.*, 98 Civ. 5101, 2004 WL 1594629, at *7 (S.D.N.Y. July 14, 2004) (quotation marks omitted; collecting cases). To allege any damages for lost profits with regard to breach of contract claims, IBM must specifically allege "that 'lost profit damages,' specifically, 'were within the contemplation of the parties when the contract was made.'" *Perry*, 2013 WL 840706, at *5 (quoting *Schonfeld*, 218 F.3d at 172). "Where the contract is silent on the subject, the court must take a "common sense" approach, and determine what the parties intended by considering "the nature, purpose and particular circumstances of the contract known by the parties ... as well as what liability the defendant fairly may be supposed to have assumed consciously." *Schonfeld*, 218 F.3d at 172 (quoting *Kenford Co. v. County of Erie*, 540 N.Y.S.2d 1, 4 (1989)) (internal quotation mark omitted). "[W]here the pleadings suggest that an award of lost profits would require an

unreasonable level of speculation[,]'" courts have dismissed claims for lost profits at the motion

to dismiss stage. *Perry*, 2013 WL 840706, at *6 (collecting cases) (dismissing claim for lost

profits).

Here, IBM claims damages "including but not limited to the value of the software taken

and the loss of business." Complaint ¶ 68. "Loss of business" is similar to "lost profits" as they

are both consequential damages requiring IBM to demonstrate such damages were agreed to

when the Alleged Agreements were executed. *See* 24 Williston on Contracts, § 64:25 (4th ed.).

IBM does not claim that the Alleged Agreements contemplated any loss of business or profits as

damages, much less that the parties agreed to such damages. Thus, to the extent IBM attempts to

recover its "loss of business", IBM's breach of contract claim should be dismissed.

### b.   IBM Failed to Plead the Required Elements of a Valid Copyright Claim.

To state a valid claim for copyright infringement, IBM must allege: "(1) ownership of a

valid copyright, and (2) copying of constituent elements of the work that are original." *Feist*

*Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Phillips v. Audio Active Ltd.*, 494

F.3d 378, 390 (2d Cir. 2007). IBM must allege, inter alia, "by what acts" and "at what time [the

defendants] infringed [its] copyright." *Lennon v. Seaman*, No. 99 Civ. 2664(LBS), 2002 WL

109525, at *6 (S.D.N.Y. Jan. 28, 2002).

If IBM demonstrates it owns valid copyrights, it must then allege that (1) each of the

defendants has actually copied IBM's work; and (2) the copying is illegal because a substantial

similarity exists between each of the defendants' work and the protectable elements of IBM's.

*Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 441-42 (S.D.N.Y. 2012) (quoting *LaChapelle v.*

*Fenty*, 812 F. Supp. 2d 434, 438 (S.D.N.Y. 2011)) (even assuming the defendant copied the

plaintiff's work, the defendant's copyright claim had to be dismissed absent a sufficient pleading

of facts concerning how the works were substantially similar, "including identifying the protectable elements of the works as part of its claim."); *see also Peter F. Gaito Architecture*, 602 F.3d at 69 (dismissing claim because plaintiff failed to establish that a substantial similarity existed between defendant's work and the protectable elements of plaintiff's work, despite the assumption that actual copying occurred); *Belair v. MGA Ent., Inc.*, 503 Fed. App'x 65, 66 (2d Cir. 2012) (finding plaintiff was required to allege substantial similarity).

Plaintiffs "may prove [a] defendant's actual copying either by direct evidence or, as is most often the case, by showing that (1) the defendant had access to the plaintiff's copyrighted work and (2) that defendant's work is substantially similar to the plaintiff's copyrightable material." *Computer Assocs. Int'l*, 982 F.2d at 701. Even if a plaintiff demonstrates actual copying, not all copying constitutes illegal copyright infringement. 4 Nimmer on Copyright § 13.01(B). Where there is actual physical copying, a plaintiff must also allege that there are legal consequences to the copying because the defendant's work is substantially similar to the plaintiff's work. *LaChapelle*, 812 F. Supp. 2d at 439; *see also* Nimmer on Copyright, § 13.03(A). If not, a copyright infringement claim can be dismissed. *See Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 148 (W.D.N.Y. 2014) (dismissing copyright claim where the plaintiff did not allege that the software programs were substantially similar).

Where plaintiffs "lump all the defendants together in each claim . . . and provid[e] no factual basis to distinguish their conduct" courts have dismissed copyright claims for failure to satisfy Fed. R. Civ. P. 8. *See Joint Stock Co. "Channel One Russia Worldwide" v. Russian TV Co.*, Civ. No. 18-cv-2318, 2019 WL 804506, at *3 (S.D.N.Y. Feb. 21, 2019) (granting motion to dismiss copyright infringement claim, and finding allegations insufficient under Rule 8 when "defendants" were lumped together); *Ochre LLC v. Rockwell Architecture Planning & Design,*

23

*P.C.*, Civ. No. 12-cv-2837, 2012 WL 6082387, at *6 (S.D.N.Y. Dec. 3, 2012) (granting motion to dismiss copyright claim where defendants conduct was "lumped" together in the complaint and failed to afford each defendant adequate notice of the factual allegations each faced); *see also Perfvwaybelayouix v. Graham-Drake*, Civ. No. 22-cv-1019, 2022 WL 17357231, at *8 (D.D.C. Dec. 1, 2022) (quotation omitted) (dismissing copyright claim).

      For purposes of this Motion, Defendants do not contest IBM's allegation that it owns the copyright registrations attached as Exhibit A to its Complaint.[5] However, IBM's claims are impermissibly lacking with regard to all of the other requirements to state a claim. IBM's allegations are unclear, leaving Defendants and the Court to speculate as to what IBM is claiming is infringed, who engaged in what conduct regarding the alleged infringement, and when the infringement purportedly occurred. Where a plaintiff has attached multiple copyright registrations to a complaint involving alleged software components but failed to "identify whether a single copyright registration protects the [alleged software] as a whole, [or] if multiple registrations protect the individual components in their entirety . . ." copyright infringement claims have been dismissed. *See, e.g., Tegg Corp. v. Beckstrom Elec. Co.*, 2008 WL 2682602, at *8 (W.D. Pa. July 1, 2008) (dismissing copyright claim involving software where complainant attached registrations to the pleading but did not provide explanation as to the registrations). Here, IBM offers allegations pertaining to a "WSBIND" file, but fails to identify if the purported code for the WSBIND file is contained within any of the eight alleged "Works", and if so, which of the eight alleged "Works" IBM claims it pertains to. Making the matter even more unclear is the fact that IBM does not state whether the WSBIND materials were excluded from any of the

---

[5] Micro Focus US and Micro Focus Plc explicitly reserve the right to challenge the sufficiency of IBM's alleged copyrights on all bases, including but not limited to, ownership/authorship and that the copyrights are directed to non-copyrightable subject matter.

copyrights where the copyrights explicitly excluded material from the copyright claims.  Further, IBM does not state when each Defendant is alleged to have infringed upon the Works, and/or how the Works were infringed. *See, e.g., Tegg Corp.*, 2008 WL 2682602, at *8 (dismissing claim involving software where complainant failed to allege "what conduct of the Defendants has infringed each of the respective copyrights").

### III.    IBM Should Be Ordered to File a More Definite Statement.

IBM's Complaint should be dismissed in its entirety, however, should the Court dismiss IBM's Complaint with leave to re-plead, IBM should be required to file a more definite statement under Fed. R. Civ. P. 12(e) as the Complaint is so vague and ambiguous that the Defendants "cannot reasonably be required to frame a responsive pleading." *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 35 (S.D.N.Y. 1992) (ordering plaintiff to file a more definite statement regarding its copyright infringement claim).

### IV.    CONCLUSION

For the foregoing reasons, Defendants' Motion should be granted as (1) exercising personal jurisdiction over Micro Focus Plc, a non-domiciliary with no business activities in New York would be improper; (2) IBM's breach of contract claim is coextensive with its copyright infringement claim and is thus preempted under the Copyright Act; and (3) IBM's allegations pertaining to its breach of contract and copyright infringement claims are insufficient to meet the pleading requirements of Fed. R. Civ. P. 8, and fail to state a claim.

Respectfully submitted,

Dated: December 14, 2022

/s/ Marcella Ballard
VENABLE LLP
Timothy J. Carroll*
227 West Monroe Street, Suite 1900
Chicago, IL 60606
Tel: 312.820.3400
Fax: 312.820.3401
TJCarroll@Venable.com

VENABLE LLP
Marcella Ballard
Maria R. Sinatra
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Tel.: 212-307-5500
Fax: 212-307-5598
MBallard@Venable.com
mrsinatra@venable.com

VENABLE LLP
Manny J. Caixeiro
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel: 310.229.9900
Fax: 310.229.9901
mjcaixeiro@Venable.com

*Pro Hac Vice Motion pending

*Attorneys for Micro Focus International Plc, and Micro Focus (US), Inc.*