**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IBM CORPORATION, | : | |
| | : | |
| | : | Civil Action No. 22-cv-9910 |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MICRO FOCUS (US), INC., | : | |
| | : | |
| Defendant. | | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................1

I.   STATEMENT OF FACTS.........................................................................................................2

   A.   IBM's Deficient Breach of Contract Allegations...................................................................2

   B.   IBM's Deficient Copyright Infringement Allegations............................................................4

II.   ARGUMENT ............................................................................................................................5

   A.   The Copyright Act Preempts IBM's Breach of Contract Claim. .........................................6

   B.   The Breach of Contract and Copyright Infringement Claims Should be Dismissed
        Pursuant to Fed. R. Civ. P. 12(b)(6). ................................................................................12

      a.   The FAC Fails to Plead the Required Elements to State a Claim for Breach of
           Contract....................................................................................................................13

         i.   IBM Fails to Allege What Specific Provisions of the Various Contracts Were
              Breached, and Fails to Adequately Allege How and When Micro Focus Breached Them.
              13
         ii.   IBM Fails to Plead Consequential Damages............................................................15

      b.   IBM Failed to Plead the Required Elements of a Valid Copyright Claim. ..................16

         a.   IBM Has Failed to Plead It Is Entitled to Statutory Damages .................................18

   III.   IBM Should Be Ordered to File a More Definite Statement. ......................................20

   IV.   CONCLUSION ...............................................................................................................24

# TABLE OF AUTHORITIES

**Cases**

*ABB Indus. Sys., Inc. v. Prime Tech., Inc.*,
120 F.3d 351 (2d Cir. 1997)....................................................................................22

*ACCD Global Agriculture, Inc. v. Perry*,
No. 12-cv-6286, 2013 WL 840706 (S.D.N.Y. Mar. 1, 2013)....................................15, 16

*Adlife Marketing & Commc'ns Co., Inc. v. Buckingham Brothers, LLC*,
No. 5:19-CV-0796, 2020 WL 4795287 (N.D.N.Y. Aug. 18, 2020)..............................19

*Alpha Media Works, Inc. v. Perception Rsch Servs, Inc.*,
No. 09 Civ.9563, 2012 WL 406914 (S.D.N.Y. Feb. 9, 2012) ........................................8

*Am. Movie Classics Co. v. Turner Ent. Co.*,
922 F. Supp. 926 (S.D.N.Y. 1996) ................................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ....................................................................................................12

*Atuahene v. City of Hartford*,
10 Fed. App'x 33 (2d Cir. 2001) ................................................................................15

*BankUnited, N.A. v. Merritt Envtl. Consulting Corp.*,
360 F. Supp. 3d 172 (S.D.N.Y. 2018) ........................................................................12

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*,
No. 18-cv-00933, 2020 WL 1877707 (N.D. Cal. Apr. 15, 2020)..................................19

*Belair v. MGA Ent., Inc.*,
503 Fed. App'x 65 (2d Cir. 2012) ..............................................................................17

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) ........................................12

*Bernsetin v. Citibank, N.A.*,
No. 6-cv-15203, 2008 WL 11516014 (S.D.N.Y. Dec. 1, 2008)....................................13

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
373 F.3d 296 (2d Cir. 2004).....................................................................................6, 7

*BroadVision v. General Electric Co.*,
No. 08 Civ.1489, 2008 WL 4684114 (S.D.N.Y. Oct. 15, 2008) ....................................9

*Casanova v. Ulibarri*,
595 F.3d 1120 (10th Cir. 2010) ...................................................................20

*Colliton v. Cravath, Swaine & Moore LLP*,
No. 08 Civ.0400, 2008 WL 4386764 (S.D.N.Y. Sept. 24, 2008) .........................9

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*,
982 F.2d 603 (2d Cir. 1992)................................................................7, 17

*Cortec Indus., Inc. v. Sum Holding L.P.*,
949 F.2d 42 (2d Cir. 1991)...................................................................12

*DeLumeau v. Pfizer Inc.*,
No. 1:20-cv-2469, 2021 WL 5086381 (D. Col. Jan. 11, 2001) ..........................20

*Dupont Flooring Sys., Inc. v. Discovery Zone, Inc.*,
98 Civ. 5101, 2004 WL 1594629 (S.D.N.Y. July 14, 2004) ...........................15

*Ely–Cruikshank Co. v. Bank of Montreal*,
81 N.Y.2d 399 (1993)........................................................................22

*Evans v. Port Auth. of N.Y. & N.J.*,
No. 06–3239, 2007 WL 3071808 (D. N.J. Oct. 18, 2007) .............................21

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
499 U.S. 340 (1991) ........................................................................16

*Ferro v. Ry. Express Agency, Inc.*,
296 F.2d 847 (2d Cir. 1961).................................................................15

*Forest Park Pictures v. Universal Television Network, Inc.*,
683 F.3d 424 (2d Cir. 2012).................................................................11

*Framework MI, Inc. v. CVS Health Corp.*,
No. 20-cv-907, 2021 WL 2403365 (S.D.N.Y. June 11, 2021) ................. passim

*Genesys Software Sys., Inc. v. Comerica Bank*,
No. 3:12-cv-2682-N, 2013 WL 12126264 (N.D. Tex. Apr. 9, 2013) ...............9, 10

*Genius Media Grp., Inc. v. Google LLC*,
No. 19-cv-7279, 2020 WL 5553639 (E.D.N.Y. Aug. 10, 2020) ..........................8

*Hawkins v. Kiely*,
250 F.R.D. 73 (D. Ma. 2008) ...............................................................22

iv

*Hodges v. Sloan Const.*,
No. 7:13-cv-01799, 2013 WL 6903755 (D. S.C. Dec. 31, 2013) ..................................................24

*Integrated3d, Inc. v. Aveva, Inc.*,
No. 1:17-CV-159, 2017 WL 10185175 (E.D. Tex. Nov. 16, 2017)...............................................11

*Kelly v. L.L. Cool J.*,
145 F.R.D. 32 (S.D.N.Y. 1992) ..........................................................................................20, 23

*LaChapelle v. Fenty*,
812 F. Supp. 2d 434 (S.D.N.Y. 2011) .........................................................................................17

*Leham XS Trust, Series 2006-4N, ex rel. U.S. Bank Nat. Ass'n v.
Greenpoint Mortgage Funding, Inc.*,
643 Fed. App'x 14 (S.D.N.Y. Mar. 16, 2016) .............................................................................22

*Lennon v. Seaman*,
No. 99 Civ. 2664(LBS), 2002 WL 109525 (S.D.N.Y. Jan. 28, 2002) ..........................................16

*Lewis Tree Service, Inc. v. Lucent Techs, Inc.*,
No. 99-cv-8556, 2000 WL 1277303 (S.D.N.Y. Sept. 8, 2000) .....................................................14

*Lickerish, Inc. v. Alpha Media Grp.*,
No. CV 13-00377, 2014 WL 12589641 (C.D. Cal. Jan. 2, 2014) .................................................19

*Lumetrics, Inc. v. Blalock*,
23 F. Supp. 3d 138 (W.D.N.Y. 2014)...........................................................................................17

*Lynch v. Ramsey*,
No. 10-3426, 2010 WL 4400027 (E.D. Pa. Nov. 4, 2010) ...........................................................21

*Manes v. JPMorgan Chase Bank, N.A.*,
Civ. No. 20-cv-11059, 2022 WL 671631 (S.D.N.Y. Mar. 7, 2022)...............................................14

*Marks v. New York Univ.*,
61 F. Supp. 2d 81 (S.D.N.Y. 1999) ..............................................................................................13

*McCoy v. Canterbury*,
No. 3:10-0368, 2010 WL 4272493 (S.D. W. Va. Oct. 25, 2010) ...................................................24

*Meridian Project Sys., Inc. v. Hardin Const. Co., LLC*,
No. CIV. S-04-2728, 2006 WL 1062070 (E.D. Cal. Apr. 21, 2006) .............................................11

*Nat'l Basketball Ass'n v. Motorola, Inc.*,
105 F.3d 841 (2d Cir. 1997).........................................................................................................6

*Negrete v. Citibank, N.A.*,
187 F. Supp. 3d 454 (S.D.N.Y. 2016) ...................................................................14

*Nuance Commc'ns, Inc. v. Int'l Bus. Machines Corp.*,
544 F. Supp. 3d 353 (S.D.N.Y. 2021) ..................................................................22

*Nugent v. Searle Pharm., Inc.*,
No. CIV-86-675E, 1987 WL 15328 (W.D.N.Y. Aug. 5, 1987) ............................21

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
602 F.3d 57 (2d Cir. 2010) ..........................................................................12, 17

*Precise-Marketing Corp. v. Simpson Paper Co.*,
No. 95 Civ. 5629, 1996 WL 285364 (S.D.N.Y. May 30, 1996)............................21

*RCN Telecom Servs. v. 202 Ctr. St. Realty LLC*,
156 Fed. App'x 349 (2d. Cir. 2005) ....................................................................13

*Ritani, LLC v. Aghjayan*,
880 F. Supp. 2d 425 (S.D.N.Y. 2012) ..................................................................17

*Robin Bay Assocs. LLC v. Merrill Lynch & Co.*,
No. 07 Civ. 376, 2008 WL 2275902 (S.D.N.Y. June 3, 2008)........................16

*Ross v. FSG PrivatAir, Inc.*,
Civ. No. 3-cv-7292, 2004 WL 1837366 (S.D.N.Y. Aug. 17, 2004) ...................13

*Schonfeld v. Hilliard*,
218 F.3d 164 (2d Cir. 2000).........................................................................15, 16

*Soule v. Hilton Worldwide, Inc.*,
1 F. Supp. 3d 1084 (D. Haw. 2014)......................................................................21

*Swierkiewicz v. Sorema N.A.*,
534 U.S. 506 (2002) ............................................................................................20

*T&N PLC v. Fred S. James & Co.*,
29 F.3d 57 (2d Cir. 1994)....................................................................................22

*Tegg Corp. v. Beckstrom Elec. Co.*,
2008 WL 2682602 (W.D. Pa. July 1, 2008) ........................................................18

*Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*,
924 F.3d 32 (2d Cir. 2019)....................................................................................6

*Usher v. Cracker Barrel Old Country Store, Inc.*,
No. 07-cv-42, 2007 WL 4284764 (D. N.H. Dec. 4, 2007) ........................................22

*Wallace v. N.Y.C. Dep't of Corr.*,
No. 95 CV4404, 1996 WL 586797 (E.D.N.Y. Oct. 9, 1996) ..........................................9

*Weiss v. Inc. Vill. Of Sag Harbor*,
762 F. Supp. 2d 560 (E.D.N.Y. 2011) ........................................................12

*Window Headquarters, Inc. v. MAI Basic Four, Inc.*,
1993 WL 312899 (S.D.N.Y. Aug. 12, 1993) ..................................................13

*Wolff v. Rare Medium, Inc.*,
171 F. Supp. 2d 354 (S.D.N.Y. 2001) ........................................................14

*Wood v. Apodaca*,
375 F. Supp. 2d 942 (N.D. Cal. 2005) ........................................................20

*Yeda Rsch. & Dev. Co. v. iCAD, Inc.*,
No. 18 Civ. 8083, 2019 WL 4562409 (S.D.N.Y. Sept. 5, 2019) ...........................6, 7, 12

**Other Authorities**
U.S. Copyright Office Compendium: Chapter 700, § 721.9(I), accessible at
    https://www.copyright.gov/comp3/chap700/chap700-draft-3-15-19.pdf. .................24

**Rules**
Fed. R. Civ. P. 12(b)(6) ........................................................................1

Fed. R. Civ. P. 12(e) ........................................................................20

Fed. R. Civ. P. 8(a)(2) ......................................................................5, 12

**Treatises**
24 Williston on Contracts, § 64:25 (4th ed.) ..................................................16

4 Nimmer on Copyright § 13.01(B) ............................................................17

# PRELIMINARY STATEMENT

Defendant Micro Focus (US), Inc. ("Micro Focus") moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the first amended complaint ("FAC") brought by Plaintiff IBM Corporation ("IBM"). Micro Focus in the alternative moves pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement to clarify several omitted key facts concerning the who, what, when and where of IBM's claims. Despite already having the opportunity to amend its claims[1], IBM's FAC fails to state a claim as to both its breach of contract and copyright infringement allegations.

*First*, IBM's breach of contract claim is preempted by the Copyright Act because it is coterminous with its copyright infringement claim. Despite amending, IBM still states a breach of contract claim that seeks redress for the same wrong as covered by its copyright claim. IBM's copyright infringement claim is fatally defective because the FAC does not identify the copyrightable elements of its alleged software program called the "Works" and the FAC fails to state by which acts, and during what timeframe Micro Focus is alleged to have infringed. Given these fatal deficiencies, Micro Focus respectfully requests that the Court dismiss the FAC with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

*Second*, at a minimum IBM should be required to submit a more definite statement for both claims (copyright and breach of contract) so that Micro Focus is properly put on notice of the facts necessary for Micro Focus to be able to reasonably prepare its response. IBM's FAC

---

[1] On January 6, 2023, IBM filed the instant FAC following an original motion to dismiss being submitted on behalf of Micro Focus, and a prior defendant Micro Focus International, Plc. *See* ECF No. 28. IBM has dropped Micro Focus International, Plc as a party in its FAC, but IBM's FAC raises the same claims for Copyright Infringement (Count I) and Breach of Contract (Count II).

instead lacks core factual details about the timeline of the alleged copyright infringement or

when the alleged breach of contract occurred.  That failure by IBM deprives both this Court and

Micro Focus the opportunity to assess whether IBM's claims are time barred.  That is an acute

issue here because the parties had been involved in working agreements for well more than a

decade.  The FAC is further devoid of any facts concerning what are the "related components" to

the alleged "Works" that IBM has alleged are infringed.  Lastly, the FAC is devoid of factual

allegations pertaining to what is the "program text" found in the "Works" that IBM is alleging is

infringed. Micro Focus is left to wonder, what is alleged to be copied, when did the alleged

infringement occur, and when did IBM learn of it? Given the lack of information behind IBM's

complaint, dismissal is appropriate.

## I.     STATEMENT OF FACTS

### A.  IBM's Deficient Breach of Contract Allegations.

IBM alleges as the foundation for its breach of contract claim that "Micro Focus . . .

created software called … Micro Focus Enterprise Suite or the 'Accused Works' by using its

developer access to copy IBM's CICS® TS software."  FAC ¶ 8, ECF No. 39.  IBM alleges that

Micro Focus copied material from CICS® TS known as a WSBIND file[2] and "copied elements

of IBM's copyrighted Works to create a derivative work…." FAC ¶ 38. Micro Focus thereby

allegedly breached four agreements that governed Micro Focus's access to CICS® TS. FAC ¶¶

32-34. Despite mentioning four Alleged Agreements[3], IBM provides only three specific terms in

---

[2] Per the FAC, "CICS® TS Web Services uses a 'web service binding file,' known as WSBIND file, to expose CICS® TS programs as web services and maps data received or sent by the networked device to the application data structures that reside on the mainframe."  *Id.* ¶ 24.

[3] IBM describes the agreements as the "PartnerWorld Agreement and Value Package Attachment" ("PartnerWorld Agreement") (FAC ¶ 32); IBM's "Client Relationship Agreement" ("CRA") (FAC ¶ 33); the "Attachment for Developer Discount – IBM Z (the "CRA Attachment")"; and the "Addendum to the Attachment for Developer Discount for IBM Z (the

the FAC relating to only two agreements as set forth below:

> Participants agree "to comply with the terms of the limited license granted to them, and 'not us[e] any of the elements of the Program or related licensed material separately from the Program.'" FAC ¶ 34 (quoting CRA § 1.b.4[4]);

> "Participants are prohibited from 'reverse assembling, reverse compiling, translating, or reverse engineering' IBM's software." FAC ¶ 34 (quoting CRA § 1.b.3[5] and citing CRA Attachment § 5.a.4.); and

> "IBM's developers promise not to use their preferred access and the IBM software licensed to them . . . to undermine IBM's mainframe systems, and instead use their access solely to develop or enhance software that runs on IBM's mainframe platform and otherwise only for the mutual benefit of the parties and their customers." FAC ¶ 34 (citing CRA Attachment §§ 2.f, 2.j, 5.b).

IBM does not provide any specific facts pertaining to which CRA it alleges Micro Focus has breached, despite there being multiple types of CRA agreements, including an agreement for "products" and an agreement for "programs" as well as a general client relationship agreement. IBM does not state when Micro Focus entered into the Alleged Agreements, but incredibly states "Micro Focus generally has had access to IBM software for nearly *the last two decades*." FAC ¶ 35 (emphasis added). IBM does not allege when it became aware of Micro Focus's alleged breach or when the Alleged Agreements terminated.

IBM alleges that Micro Focus has disregarded "its contractual obligations by reverse-engineering and copying IBM's copyrighted software, creating a derivative work, and then promoting and profiting from that pirated software." FAC ¶ 46. IBM does not provide any facts whatsoever supporting its allegations pertaining to the alleged improper "analysis" and

---

'CRA Addendum') (FAC ¶ 33) (collectively, the PartnerWorld Agreement, CRA, CRA Attachment, and CRA Addendum, the "Alleged Agreements").

[4] Micro Focus disputes that CRA § 1.b.4 contains the language quoted, and believes that IBM's FAC contains a typographical error.

[5] Micro Focus disputes that CRA § 1.b.3 contains the language quoted, and believes that IBM's FAC contains a typographical error.

"observations" undertaken by Micro Focus.  Importantly, one of IBM's many CRA agreements contains the following language that limits the applicable statute of limitations for IBM's alleged breach of contract claim (CRA § 11(n)) but Micro Focus is unable to determine if it applies based on the lack of factual detail in the FAC:

> "No right or cause of action for any third party is created by the Agreement or any transaction under it. **Neither party will bring a legal action arising out of or related to the Agreement more than two years after the cause of action arose**. Neither party is responsible for failure to fulfill its non-monetary obligations due to causes beyond its control." (emphasis added).

Regarding damages, IBM states only the following, without providing any additional information or allegations relating to how the damages are to be calculated:

> "As a direct and proximate result of these breaches, IBM has sustained damages, including but not limited to the value of the software taken and the loss of business."

FAC ¶ 68.  The damages sought in the FAC are not tied to any specific contract provision or any relevant time period.

### B.  IBM's Deficient Copyright Infringement Allegations.

IBM's copyright claim rests on the same allegation as the breach of contract, *i.e.*, that Micro Focus copied the WSBIND file associated with CICS® TS and created the Accused Works. IBM's FAC now references nine (its original Complaint had eight) alleged copyright registrations in connection with its copyright infringement claim. *See* FAC ¶ 27, Ex. A:

1. IBM CICS Transaction Server for z/OS, 5697-E93, VERSION 2 3
2. IBM CICS Transaction Server for z/OS, 5655 M15, VERSION 3 1 0
3. IBM CICS Transaction Server for z/OS 3.x-Post GAP/TFs, 5724-M15, Version PK45354
4. IBM CICS Transaction Server for z/OS 5655-M15, Version 3.2
5. IBM CICS Transaction Server for z/OS (GA), 5655-S97, Version 4.1.0
6. IBM CICS Transaction Server for z/OS, 5655-Y04, Version 5.1.0
7. IBM CICS Transactions Server for z/OS, 5655-S97, Version 4.2.0
8. IBM CICS Transaction Server for z/OS - 2Q 2013 DTypes, 5655-Y04, Version 5.1
9. IBM CICS Transaction Server, 5655-Y04, Version 5.2.0

4

FAC ¶ 27, Ex. A. The effective dates of the registrations range from 2004 to 2014. *Id.* All nine copyright registrations attached within Exhibit A contain the vague term "program text" within the claim of authorship, with registrations 1, 2, and 4 only describing the alleged authored work as "portion of program text" or "entire program text." *Id.* Further, registrations 3 through 9 include limitations excluding: "computer program[s]," "[p]revious version[s]" of the software, and "some program text by other companies." *See id.* None of the registrations refer to a WSBIND file and the FAC fails to allege that the WSBIND file is part of the "CICS® TS" copyrighted "Works" (*Id.* ¶ 27); the FAC does not allege that the WSBIND file is contained within the software described in the registration certificates; nor does the FAC allege that the WSBIND file is not part of the material excluded from the Works.

Further confusing matters, throughout IBM's allegations, it refers to "CICS® TS Web Services and related components" claiming that the "Web Services and related components" are included in the alleged Works, but the FAC does not define what the term "Web Services" means, and does not allege, describe, or define what is meant by "related components." *See* FAC ¶ 27. The FAC does not provide any specific information as to when the alleged infringement of its Works first occurred, or when IBM became aware of the alleged infringement. IBM merely states that "it recently came to IBM's attention" (FAC ¶ 4), despite alleging that "Micro Focus generally has had access to IBM software for nearly the last two decades." FAC ¶ 35.

## II.   ARGUMENT

IBM's FAC should be dismissed because the breach of contract claim is preempted by the Copyright Act, and IBM has not satisfied its pleading burden under Fed. R. Civ. P. 8 such that it has failed to state a claim for either count of breach of contract or copyright infringement. IBM should at a minimum be required to submit a more definite statement as to specific facts,

which are concrete and known to IBM and are reasonably required for Micro Focus to prepare a responsive pleading to IBM's claims.

### A.  The Copyright Act Preempts IBM's Breach of Contract Claim.

 "The Copyright Act preempts a state law claim when (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act under 17 U.S.C. §§ 102 and 103; (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law under 17 U.S.C. § 106." *Yeda Rsch. & Dev. Co. v. iCAD, Inc.*, No. 18 Civ. 8083, 2019 WL 4562409, at *4 (S.D.N.Y. Sept. 5, 2019) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004)). Such is the case here, where IBM's breach of contract claim is coterminous with its copyright infringement claim, seeks redress for the same Accused Works (Enterprise Suite software program), and thus Micro Focus meets both requirements for preemption.

The first requirement "is satisfied if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." *Briarpatch*, 373 F.3d at 305 (citing *Nat'l Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 848 (2d Cir. 1997)). IBM's alleged infringed work—a portion of a software program—"fit[s] into one of the copyrightable categories." *See id.*; *see, e.g.*, *Yeda Rsch.*, No. 18 Civ. 8083, 2019 WL 4562409, at *4-5; *Framework MI, Inc. v. CVS Health Corp.*,  No. 20 Civ.907, 2021 WL 2403365, at *3 (S.D.N.Y. June 11, 2021).  The second prong is satisfied if "[a] state law right . . . may be abridged by an act which, in and of itself, would infringe one of the exclusive rights." *Yeda Rsch.*, No. 18 Civ. 8083, 2019 WL 4562409 at *4 (quoting *Universal Instruments Corp. v. Micro Sys. Eng'g, Inc.*, 924 F.3d 32, 48 (2d Cir. 2019)). As IBM's allegations merely claim Micro Focus exceeded the scope of its copyright license, IBM's breach

of contract claim is contemporaneous with its infringement allegations.

The second requirement is met with respect to breach of contract if, (1) "the state law claim must involve acts of reproduction, adaptation, performance, distribution or display"; and (2) "must not include any extra elements that make it qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 305. Regarding the "extra element", courts examine "what [the] plaintiff seeks to protect, the theories in which the matter is thought to be protected and the rights sought to be enforced." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992). In this case, IBM's breach of contract claim concerns actions that Micro Focus allegedly undertook in excess of its licensed rights, namely: (1) using the licensed material separately from the Program[6]; (2) using their licensed access for purposes other than the mutual benefit of the parties and their customers[7]; and (3) using the licensed material in a manner than exceeds the scope of the license.[8]

Courts must "take a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Briarpatch*, 373 F.3d at 306. Where a plaintiff's breach of contract allegation focuses on a defendant's alleged sale and transfer of purported copyrighted software, courts have dismissed the breach of contract claims as preempted. *See, e.g.*, *Yeda Rsch.*, 2019 WL 4562409, at *4-5

---

[6] FAC ¶ 34 (Participants agree "to comply with the terms of the limited license granted to them, and 'not us[e] any of the elements of the Program or related licensed material separately from the Program.'" (quoting CRA § 1.b.4).

[7] FAC ¶ 34 ("IBM's developers promise not to use their preferred access and the IBM software licensed to them . . . to undermine IBM's mainframe systems, and instead use their access solely to develop or enhance software that runs on IBM's mainframe platform and otherwise only for the mutual benefit of the parties and their customers." (citing CRA Attachment §§ 2.f, 2.j, 5.b))

[8] FAC ¶ 34 ("Participants are prohibited from 'reverse assembling, reverse compiling, translating, or reverse engineering' IBM's software." (quoting CRA § 1.b.3[8] and citing CRA Attachment § 5.a.4.)).

(dismissing breach of contract claim as preempted by the Copyright Act); *see also Framework MI, Inc.*, 2021 WL 2403365, at *3 (dismissing breach of contract claim as preempted involving alleged improper access and improper copying of software).

Likewise, breach of contract claims involving creating "derivative" works are preempted. *Genius Media Grp., Inc. v. Google LLC*, No. 19-cv-7279, 2020 WL 5553639, at *6 (E.D.N.Y. Aug. 10, 2020), *aff'd.*, *ML Genius Holdings LLC v. Google LLC*, No. 20-3113, 2022 WL 710744, at *6 (2d Cir. Mar. 10, 2022) (holding contract claim preempted where it concerned terms stating a "user may not 'modify, copy, frame, scrape, rent, lease, loan, sell distribute or create derivative works,' " and where the plaintiff alleged that defendant "scrap[ed]" the plaintiff's content for 'commercial purposes'); *Alpha Media Works, Inc. v. Perception Rsch Servs, Inc.*, No. 09 Civ.9563, 2012 WL 406914, at *2 (S.D.N.Y. Feb. 9, 2012) (holding claim preempted where defendant was alleged to have breached agreements when it "adapt[ed], alter [ed], modif[ied], translate[d], or create[d] derivative works of the Outdoor DRiVE software."). Here, IBM modified its FAC to remove the term "derivative work" from the previously pled breach of contract claim in its original complaint in an effort to have the claim survive[9], but the FAC still alleges Micro Focus used its access to its alleged Works to "create a derivative software application" (FAC ¶ 4), which it describes as "Micro Focus Enterprise Developer and Micro Focus Enterprise Server" (FAC ¶ 38). The Court should not entertain IBM's efforts at artful pleading to remove language from its previous pleading that have already undermined IBM's breach of contract claim, demonstrating that it is preempted.

The Court may disregard IBM's FAC where it contradicts facts that have been alleged by IBM previously. *See, e.g.*, *Colliton v. Cravath, Swaine & Moore LLP*, No. 08 Civ.0400, 2008

---

[9] *See* ECF 1, Compl. ¶ 64.

WL 4386764, at *6 (S.D.N.Y. Sept. 24, 2008), *aff'd Colliton v. Cravath, Swaine & Moore LLP*,

356 Fed. App'x 535 (2d Cir. 2009) ("Where a plaintiff blatantly changes his statement of the

facts in order to respond to the defendant's motion to dismiss and directly contradicts the facts set

forth in his original complaint, a court is authorized to accept the facts described in the original

complaint as true." (alterations and internal quotation marks omitted)); *Wallace v. N.Y.C. Dep't*

*of Corr.*, No. 95 CV4404, 1996 WL 586797, at *2 (E.D.N.Y. Oct. 9, 1996) (accepting as true

facts alleged in the original complaint where plaintiff alleged directly contradictory facts in his

amended complaint). Because IBM previously alleged that its breach of contract claim rested on

allegations that Micro Focus has created an unauthorized "derivative work", the Court should not

credit IBM's efforts to walk-back its previous contradictory allegations.

   Where a breach of contract is premised solely on a defendant making unauthorized use of

copyrighted material in excess of a license, the breach of contract claim will be preempted.

*BroadVision v. General Electric Co.*, No. 08 Civ.1489, 2008 WL 4684114, at *4 (S.D.N.Y. Oct.

15, 2008) (finding claim was preempted because "it does not allege that [defendant] breached a

promise to pay, to allow an audit, or any other promise"); *Am. Movie Classics Co. v. Turner Ent.*

*Co.*, 922 F. Supp. 926, 932 (S.D.N.Y. 1996); *see also Genesys Software Sys., Inc. v. Comerica*

*Bank*, No. 3:12-cv-2682-N, 2013 WL 12126264, at *2-3 (N.D. Tex. Apr. 9, 2013) (dismissing

breach of contract claim as preempted where claim only concerned uses of the alleged benefit

program outside the scope of the license agreement).

   In *Genesys*, the plaintiff alleged both copyright infringement and breach of contract

allegations pertaining to a licensing agreement to use a software program. *Genesys Software*,

2013 WL 12126264, at *2. The plaintiff in *Genesys* alleged that the defendant breached the

parties' licensing agreement where the agreement only permitted the plaintiff "to use the Defined

Benefit Program in accordance with the Program License Agreement . . ." and the agreement did not permit the plaintiff "to use the Defined Benefit Program as a service bureau offering for the benefit of third parties" or to "sublicense the Defined Benefit Program to third parties . . . ." *Id.*, at *3. The plaintiff then alleged that the defendant used the software at issue for the benefit of third parties. *Id.* The Court held that such contract allegations were preempted as the plaintiff alleged that the defendant merely "used Genesys's software in a way that exceeded the scope of permission given to Comerica by Genesys. This is a typical copyright infringement claim." *Id.*, at *2 (citing cases).

Like In *Genesys*, IBM's breach of contract claim alleges actions that Micro Focus undertook purportedly in excess of its licensed rights, namely: (1) using the licensed material separately from the Program[10]; (2) using their licensed access for purposes other than the mutual benefit of the parties and their customers[11]; and (3) using the licensed material in a manner than exceeds the scope of the license.[12]   The allegations in the FAC that "Micro Focus copied IBM's copyrighted program to create a derivative software application . . . "[13], and that Micro Focus misused its access to IBM's software in a manner exceeding its license[14] are precisely the same

---

[10] FAC ¶ 34 (Participants agree "to comply with the terms of the limited license granted to them, and 'not us[e] any of the elements of the Program or related licensed material separately from the Program.'" (quoting CRA § 1.b.4).

[11] FAC ¶ 34 ("IBM's developers promise not to use their preferred access and the IBM software licensed to them . . . to undermine IBM's mainframe systems, and instead use their access solely to develop or enhance software that runs on IBM's mainframe platform and otherwise only for the mutual benefit of the parties and their customers." (citing CRA Attachment §§ 2.f, 2.j, 5.b))

[12] FAC ¶ 34 ("Participants are prohibited from 'reverse assembling, reverse compiling, translating, or reverse engineering' IBM's software." (quoting CRA § 1.b.3[12] and citing CRA Attachment § 5.a.4.)).

[13] FAC ¶¶ 4, 37); *see also id.* ¶ 46 (alleging that Micro Focus copied and reverse engineered IBM's WSBIND file to "create[e] a derivative work" and that this action also constituted a breach of contract)

[14] *See* FAC ¶ 43 (alleging that "Micro Focus misused its access in the Developer Discount Program . . . ." in a manner exceeding its license).

as the copyright infringement claim.

There are no allegations of an "extra element"[15] for the breach of contract claim that would distinguish it from IBM's copyright claim. For example, IBM has not alleged that Micro Focus failed to pay any fees in connection with its licenses. IBM's FAC in fact makes the same allegations in support of its breach of contract claim, including any claim based on "reverse engineering" that it does in support of its copyright infringement claim. FAC ¶ 38 (relying on the same facts with no distinguishing conduct among the claims).

In cases where plaintiffs have alleged the defendant had "no license or permission to copy, replicate, use or reverse engineer Plaintiff's software, technology, design, concept, and other information", courts have still found state law claims preempted by the Copyright Act. *See, e.g., Integrated3d, Inc. v. Aveva, Inc.*, No. 1:17-CV-159, 2017 WL 10185175, at *5 (E.D. Tex. Nov. 16, 2017) (dismissing state law claim as preempted); *Meridian Project Sys., Inc. v. Hardin Const. Co., LLC*, No. CIV. S-04-2728, 2006 WL 1062070, at *4 (E.D. Cal. Apr. 21, 2006) (dismissing state law claim for conversion of intellectual property as preempted where claims involved allegation that defendant reverse engineered plaintiff's software). For the same reasons, the allegations in the FAC that "Micro Focus copied IBM's copyrighted program to create a derivative software application . . . "[16], and that Micro Focus misused its access to IBM's

---

[15] *Compare Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 431–32 (2d Cir. 2012) (finding breach of contract claim was not preempted involving extra element in breach of contract claim stemming from failure to pay fees), *with Framework MI, Inc. v. CVS Health Corp.*, No. 20 Civ.907, 2021 WL 2403365, at *3 (S.D.N.Y. June 11, 2021) (dismissing breach of contract claim in situation analogous to IBM's claims at hand as preempted where no "extra element" was found involving alleged improper access and improper copying of software).

[16] FAC ¶¶ 4, 37); *see also Id.* ¶ 46 (alleging that Micro Focus copied and reverse engineered IBM's WSBIND file to "create[e] a derivative work" and that this action also constituted a breach of contract)

software in a manner exceeding its license, IBM's breach of contract claim should be dismissed as preempted by the Copyright Act. *Framework MI*, 2021 WL 2403365, at *3; *Yeda Research*, 2019 WL 4562409 at *5.

**B.  The Breach of Contract and Copyright Infringement Claims Should be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6).**

IBM must allege facts that raise a right to relief above the speculative level, and it has not done so. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  "[L]abels and conclusions, and 'a formulaic recitation of the elements of a cause of action will not do.'" *Twombly*, 550 U.S. at 555. IBM's allegations must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Where a plaintiff fails to "nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In reviewing this Motion, the Court may consider: (1) documents that are incorporated by reference into the complaint, and (2) documents that, even if not incorporated by reference, the defendant has notice of and that are 'integral' to the complaint" without converting the motion to dismiss to a motion for summary judgment. *BankUnited, N.A. v. Merritt Envtl. Consulting Corp.*, 360 F. Supp. 3d 172, 183 (S.D.N.Y. 2018) (citing *Weiss v. Inc. Vill. Of Sag Harbor*, 762 F. Supp. 2d 560, 567 (E.D.N.Y. 2011)); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47–48 (2d Cir. 1991).  While the Court must draw factual inferences in favor of IBM, the Court does not need to accept IBM's characterizations of incorporated or integral documents, as "the works themselves supersede and control contrary descriptions of them." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010).

   a.   **The FAC Fails to Plead the Required Elements to State a Claim for Breach of Contract.**

To plead a valid breach of contract claim, IBM must allege facts demonstrating (1) the existence of a contract between IBM and Micro Focus; (2) due performance of the contract by IBM; (3) breach of contract by Micro Focus; and (4) damages resulting from Micro Focus's alleged breach. *RCN Telecom Servs., Inc. v. 202 Ctr. St. Realty LLC*, 156 Fed. App'x 349, 350-351 (2d Cir. 2005) (citing *Marks v. New York Univ.*, 61 F. Supp. 2d 81, 88 (S.D.N.Y. 1999)). IBM has failed to allege a breach of contract by Micro Focus.[17]

   i.   **IBM Fails to Allege What Specific Provisions of the Various Contracts Were Breached, and Fails to Adequately Allege How and When Micro Focus Breached Them.**

The FAC must "set forth the terms of the agreement upon which liability is predicated." *Ross v. FSG PrivatAir Inc.*, No. 03 Civ. 7292, 2004 WL 1837366, at *3 (S.D.N.Y. Aug. 17, 2004) (quoting *Window Headquarters, Inc. v. MAI Basic Four, Inc.*, No. 91 Civ. 1816, 1993 WL 312899, at *3 (S.D.N.Y. Aug. 12, 1993)). Failing to allege which provisions of which contracts were breached is fatal to a breach of contract claim.  *See, e.g.*, *Framework MI*, 2021 WL 2403365, at *4-5 (finding plaintiff's non-specific claims that a contract between the parties imposed a duty on the defendants to not disclose the Copyrighted Work to third parties without explaining how defendants breached those obligations was insufficient to survive a motion to dismiss for failure to state a claim); *Bernsetin v. Citibank, N.A.*, No. 06 Civ. 15203, 2008 WL 11516014, at *3 (S.D.N.Y. Dec. 1, 2008) (dismissing breach of contract claim when plaintiff did not set forth the terms of the agreement upon which liability was based, either by expressly

---

[17] For purposes of this Motion, Micro Focus accept that, drawing all permissible inferences in favor of IBM, IBM has alleged that it performed under the Alleged Agreements by providing access to the software. Micro Focus reserve the right to challenge the factual bases of all allegations should the case progress.

referencing those terms or by attaching a copy of the contract, did not provide the Court with a copy of any contract or excerpt a portion of any contract, and did not specify when and by whom the contract was formed, whether it was written or oral, and what the obligations of the parties were); *Wolff v. Rare Medium, Inc.*, 171 F. Supp. 2d 354, 358-59 (S.D.N.Y. 2001) (dismissing breach of contract claim where complaint failed to provide reasonable notice of the contractual provision allegedly breached, or the nature of the breach).[18]

Similar to the deficiencies in *Wolff, Lewis, and Manes*, where the plaintiffs failed to specify the contractual provisions allegedly breached, IBM's FAC fails to allege which provisions of which contracts Micro Focus is alleged to have breached and does not provide facts alleging how the contracts were breached by Micro Focus or when they were allegedly breached. IBM loosely describes contractual terms involving the CRA, and CRA Attachment that Micro Focus allegedly has breached. Two such terms, referring to CRA § 1.b.3, and § 1.b.4, Micro Focus believes to be some sort of typographic errors as CRA provisions § 1.b.3, and § 1.b.4 do not contain the language quoted by IBM in its FAC.  The FAC does not provide any language or quoted terms from the PartnerWorld Agreement or CRA Addendum that Micro Focus is alleged to have breached - despite having the ability to amend its complaint once already.

Further, IBM merely alleges that Micro Focus copied IBM's alleged software "sometime" (FAC ¶ 35) during the period of the Partner World Agreement, an agreement that

---

[18] *See also Manes v. JPMorgan Chase Bank, N.A.*, No. 20-CV-11059, 2022 WL 671631, at *7 (S.D.N.Y. Mar. 7, 2022) (dismissing breach of contract claim for failure to specify alleged provisions breached); *Lewis Tree Service, Inc. v. Lucent Techs, Inc.*, Civ. No. 99-cv-8556, 2000 WL 1277303, at 5 (S.D.N.Y. Sept. 8, 2000) (dismissing breach of contract claim where the plaintiff failed to specify "any particular contractual provision that the defendants have allegedly breached"); *Negrete v. Citibank, N.A.*, 187 F. Supp. 3d 454, 468 (S.D.N.Y. 2016), *aff'd Negrete v. Citibank, N.A.*, 759 Fed. App'x 42, 48 (2d Cir. 2019) (dismissing breach of contract claim for "fail[ure] to plead the essential terms of the alleged agreement between the parties and which provisions, if any, were breached").

IBM alleges the parties were engaged in for almost two decades. *Id.* § 35. "Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 33 (2d Cir. 2001) (quoting *Ferro v. Ry. Express Agency, Inc.*, 296 F.2d 847, 851 (2d Cir. 1961)). The breach of contract claim in the FAC is fatally deficient and therefore does not provide fair notice to Micro Focus and accordingly the claim should be dismissed.

### ii.    IBM Fails to Plead Consequential Damages

IBM's breach of contract claim should be dismissed on additional grounds because the alleged consequential damages in the FAC are speculative and uncertain. A plaintiff may recover lost profits on a breach of contract claim "only if [it] can establish both the existence and amount of such damages with reasonable certainty. The damages may not be merely speculative, possible or imaginary ... and must be capable of measurement based upon known reliable factors without undue speculation." *ACCD Glob. Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *5 (S.D.N.Y. Mar. 1, 2013) (quoting *Schonfeld v. Hilliard*, 218 F.3d 164, 172 (2d Cir. 2000)) (citations omitted). "Courts repeatedly have rejected claims for lost profits that rest on a series of assumptions and projections." *Dupont Flooring Sys., Inc. v. Discovery Zone, Inc.*, 98 Civ. 5101, 2004 WL 1574629, at *7 (S.D.N.Y. July 14, 2004) (quotation marks omitted; collecting cases). To allege any damages for lost profits with regard to breach of contract claims, IBM must specifically allege "that 'lost profit damages,' specifically, 'were within the contemplation of the parties when the contract was made.'" *Perry*, 2013 WL 840706, at *5 (quoting *Schonfeld*, 218 F.3d at 172). "Where the contract is silent on the subject, the court must take a "common sense" approach, and determine what the parties intended . . . ." *Schonfeld*, 218

F.3d at 172 (internal quotation omitted). "[W]here the pleadings suggest that an award of lost profits would require an unreasonable level of speculation[,]'" courts have dismissed claims for lost profits at the motion to dismiss stage. *Perry*, 2013 WL 840706, at *6 (collecting cases) (dismissing claim for lost profits); *see also Robin Bay Assocs. LLC v. Merrill Lynch & Co.*, No. 07 Civ. 376, 2008 WL 2275902, at *8 (S.D.N.Y. June 3, 2008) (dismissing claim for lost profits). Where, like in *Robin Bay*, there is no allegations or evidence "in the contract or otherwise" that the defendant "contemplated liability for lost profits", courts have granted motions to dismiss claims for consequential damages. *Id.*

Here, IBM claims damages "including but not limited to the value of the software taken and the loss of business." FAC ¶ 68. "Loss of business" is similar to "lost profits" as they are both consequential damages requiring IBM to demonstrate such damages were agreed to when the Alleged Agreements were executed. *See* 24 *Williston on Contracts*, § 64:25 (4th ed.).  IBM does not claim that the Alleged Agreements contemplated any loss of business or profits as damages, much less that the parties agreed to such damages. Thus, to the extent IBM attempts to recover its "loss of business", IBM's breach of contract claim should be dismissed.

### b.   IBM Failed to Plead the Required Elements of a Valid Copyright Claim.

IBM must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 390 (2d Cir. 2007). The FAC must contain allegations *inter alia*, that include "by what acts" and "at what time [the Micro Focus] infringed [its] copyright." *Lennon v. Seaman*, No. 99 Civ. 2664, 2002 WL 109525, at *6 (S.D.N.Y. Jan. 28, 2002).

If IBM demonstrates it owns valid copyrights, it must then allege that (1) Micro Focus

has copied IBM's work; and (2) the copying is illegal because a substantial similarity exists between Micro Focus's work and the protectable elements of IBM's. *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 441-42 (S.D.N.Y. 2012) (quoting *LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 438 (S.D.N.Y. 2011)) (even assuming the defendant copied the plaintiff's work, the defendant's copyright claim had to be dismissed absent a sufficient pleading of facts …

"**including identifying the protectable elements of the works** as part of its claim."); *see also Peter F. Gaito Architecture*, *LLC*, 602 F.3d at 69 (plaintiff failed to establish that a substantial similarity existed between defendant's work and the protectable elements of plaintiff's work, despite the assumption that actual copying occurred); *Belair v. MGA Ent., Inc.*, 503 Fed. App'x 65, 66 (2d Cir. 2012).[19] For purposes of this Motion, Micro Focus does not contest IBM's allegation that it owns the copyright registrations attached as Exhibit A to its FAC.[20] However, IBM's allegations are impermissibly deficient concerning all of the other requirements to state a claim.

IBM's allegations are unclear, leaving Micro Focus and the Court to speculate as to what IBM is claiming is infringed, and when the infringement purportedly occurred. Where a plaintiff

---

[19] Plaintiffs "may prove [a] defendant's actual copying either by direct evidence or, as is most often the case, by showing that (1) the defendant had access to the plaintiff's copyrighted work and (2) that defendant's work is substantially similar to the plaintiff's copyrightable material." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 701 (2d Cir. 1992). Even if a plaintiff demonstrates actual copying, not all copying constitutes illegal copyright infringement. 4 Nimmer on Copyright § 13.01(B). Where there is actual physical copying, a plaintiff must also allege that there are legal consequences to the copying because the defendant's work is substantially similar to the plaintiff's work. *LaChapelle*, 812 F. Supp. 2d at 439; *see also Nimmer on Copyright,* § 13.03(A). If not, a copyright infringement claim can be dismissed. *See Lumetrics, Inc. v. Blalock*, 23 F. Supp. 3d 138, 148 (W.D.N.Y. 2014) (dismissing copyright claim where the plaintiff did not allege that the software programs were substantially similar).

[20] Micro Focus explicitly reserves the right to challenge the sufficiency of IBM's alleged copyrights on all bases, including but not limited to, ownership/authorship and that the copyrights are directed to non-copyrightable subject matter.

has attached multiple copyright registrations to a complaint involving alleged software components but failed to "identify whether a single copyright registration protects the [alleged software] as a whole, [or] if multiple registrations protect the individual components in their entirety . . ." copyright infringement claims will be dismissed. *See, e.g., Tegg Corp. v. Beckstrom Electric Co.*, No. 08-435, 2008 WL 2682602, at *8 (W.D. Pa. July 1, 2008) (dismissing copyright claim involving software where complainant attached registrations to the pleading but did not provide explanation as to the registrations).

Here, the FAC adds another copyright is at issue – pleading 9 different copyright registrations, but makes no distinction as to which registration pertains to what purported copyrighted material.  The FAC further fails to identify if the purported WSBIND file is contained within any of the nine alleged "Works", or if it is a "related component".  And, if so, which of the nine alleged "Works" IBM claims the file pertains to, which Micro Focus needs to have notice of to understand which "elements of [which] work" IBM is claiming are "copied" and "are original".

Making the matter even more unclear is the fact that the FAC does not allege or state whether the WSBIND file is part of the materials that were excluded from any of the copyrights where the copyrights explicitly excluded material from the copyright claims. *See, e.g., Tegg Corp.*, No. 08-435, 2008 WL 2682602, at *8 (dismissing claim involving software where complainant failed to allege "what conduct of the Defendants has infringed each of the respective copyrights").

### a.  IBM Has Failed to Plead It Is Entitled to Statutory Damages

IBM's claim for statutory damages should be dismissed as it is fatally deficient. "Under the Copyright Act, statutory damages and attorney's fees are unavailable if '(1) any infringement

of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.'" *Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-cv-00933, 2020 WL 1877707, at *7 (N.D. Cal. Apr. 15, 2020) (quoting 17 U.S.C. § 412 (1)-(2)); *accord Adlife Marketing & Commc'ns Co., Inc. v. Buckingham Brothers, LLC*, No. 5:19-CV-0796, 2020 WL 4795287, at *3 (N.D.N.Y. Aug. 18, 2020). "[T]o state a claim for statutory damages and attorney's fees, a plaintiff must allege 'the date infringement commenced, the date of registration, and the date of first publication.'" *Becton, Dickinson & Co*, No. 18-cv-00933, 2020 WL 1877707, at *7 (citing *Lickerish, Inc. v. Alpha Media Grp.*, No. CV 13-00377, 2014 WL 12589641, at *5 (C.D. Cal. Jan. 2, 2014)); *accord Adlife Marketing*, 2020 WL 4795287, at *3. Where a plaintiff fails to allege when the purported infringement began, courts have found that entitlement to statutory damages or attorneys' fees under the Copyright Act has not been adequately plead. *See, e.g.*, *Becton, Dickinson*, 2020 WL 1877707, at *7 (holding entitlement to statutory damages in copyright infringement claim was inadequately plead for failing to allege when infringement commenced); *Lickerish*, 2014 WL 12589641, at *6 (granting motion to dismiss claim of attorneys' fees and statutory damages).

Here, IBM has failed to allege when the purported copyright infringement commenced. A defect that is fatal given IBM has attached copyright registration certificates issued over a ten-year period, and Micro Focus is unaware if the alleged infringement occurred prior to the registration of any of IBM's alleged "Works". Thus, IBM has failed to meet its burden to establish that statutory damages or attorneys' fees would be permissible, particularly with regard to alleged registration no. TX 6-681-614, which was registered roughly six months after the

alleged first publication date. *See* FAC, Ex. A.

### III.    IBM Should Be Ordered to File a More Definite Statement.

IBM's FAC should be dismissed with prejudice, however, should the Court dismiss

IBM's FAC with leave to re-plead, IBM should be required to file a more definite statement

under Fed. R. Civ. P. 12(e) as the FAC is so vague and ambiguous that Micro Focus "cannot

reasonably be required to frame a responsive pleading." *See Kelly v. L.L. Cool J.*, 145 F.R.D. 32,

35 (S.D.N.Y. 1992), *aff'd Kelly v. L.L. Cool J*, 23 F.3d 398 (2d Cir. 1994) (ordering plaintiff to

file a more definite statement regarding its copyright infringement claim). Under Rule 12(e) "[a]

party may move for a more definite statement of a pleading to which a responsive pleading is

allowed but which is so vague or ambiguous that the party cannot reasonably prepare a

response." Fed. R. Civ. P. 12(e); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514

(2002).  Whether to grant a motion for a more definitive statement is within the court's

discretion.

Motions under Rule 12(e) are the proper means to seek specific information that may be

necessary for a defendant "to 'reasonably prepare' its response, including specifics 'that could

support a dispositive defense motion'". *See DeLumeau v. Pfizer Inc.*, No. 1:20-cv-2469, 2021

WL 5086381, at *1 (D. Col. Jan. 11, 2001) (granting motion for more definitive statement under

Fed. R. Civ. P. 12(e) where defendant needed a timeframe of the alleged conduct in order to

determine whether defendants had statute of limitations defenses) (citing *Casanova v. Ulibarri*,

595 F.3d 1120, 1125 (10th Cir. 2010)).

Where a defendant requires information to evaluate whether a claim is timely, courts

have granted motions for more definite statement. *See Wood v. Apodaca*, 375 F. Supp. 2d 942,

949 (N.D. Cal. 2005) (granting motion for more definite statement as to timing of alleged breach

involving trademark infringement claim); *Nugent v. Searle Pharm., Inc.*, No. CIV-86-675E, 1987 WL 15328, at *2 (W.D.N.Y. Aug. 5, 1987) (ordering more definite statement in tort case); *see also Soule v. Hilton Worldwide, Inc.*, 1 F. Supp. 3d 1084, 1101 (D. Haw. 2014) (ordering a more definitive statement with regarding to when the plaintiff became aware of an issue in the complaint); *Precise-Marketing Corp. v. Simpson Paper Co.*, No. 95 Civ. 5629, 1996 WL 285364, at *2 (S.D.N.Y. May 30, 1996) (granting motion for a more definite statement where complaint lacked facts that would implicate affirmative defenses such as statutes of limitations and statutes of fraud.).

Where a "complaint "provide[s] no specific dates or approximate time periods within which [the complained-of conduct] occurred," the complaint fails to provide the defendant with fair notice of the grounds upon which the claim rests." *Lynch v. Ramsey*, No. 10-3426, 2010 WL 4400027, at *6 (E.D. Pa. Nov. 4, 2010) (granting motion for more definitive statement) (citing *Evans v. Port Auth. of N.Y. & N.J.*, No. 06–3239, 2007 WL 3071808, at *14 (D. N.J. Oct. 18, 2007)). "Defendant is not expected to speculate about these details in attempting to formulate a defense." *Id.* (citing *Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006)); *see also O'Malley v. Wyo. Nat. Bank*, 15 F.R.D. 457, 458 (M.D. Pa. 1954) (ordering a more definite statement as to when alleged violative conduct occurred).

Granting a request for a more definite statements in such scenario supports judicial economy as "dates will assist [d]efendants in framing a defense and increase the efficiency with which [the] Court resolves the dispute between the parties." *Evans v. Port Auth. of N.Y. & N.J.*, No. 06-3239, 2007 WL 3071808, at * 14  (ordering a more definitive statement with regard to specific dates or approximate time period within the alleged acts of discrimination occurred); *see also Usher v. Cracker Barrel Old Country Store, Inc.*,  No. 07-cv-42,  2007 WL 4284764, at *2

(D. N.H. Dec. 4, 2007) (ordering more definitive statement where plaintiff did not "include reference to a single date upon which any of defendant's allegedly" violative acts occurred); *Hawkins v. Kiely*, 250 F.R.D. 73, 76 (D. Ma. 2008) (requiring a more definite statement as to when alleged conduct occurred).

In this case, the timing of when Micro Focus is alleged to have breached the CRA is particularly important because the CRA contains language limiting the applicable action period to two years. Under New York law, six-year statute of limitations period normally applies to claims for breach of contract running "from the time the contract was breached." *Leham XS Trust, Series 2006-4N, ex rel. U.S. Bank Nat. Ass'n v. Greenpoint Mortgage Funding, Inc.*, 643 Fed. App'x 14, 16 (S.D.N.Y. Mar. 16, 2016) (citing N.Y. C.P.L.R. 203(a), 213(2)); *see also Ely–Cruikshank Co. v. Bank of Montreal*, 81 N.Y.2d 399, 402 (1993)). The statute of limitations period runs from the time of the alleged breach, "regardless of the injured party's knowledge." *Nuance Commc'ns, Inc. v. Int'l Bus. Machines Corp.*, 544 F. Supp. 3d 353, 374 (S.D.N.Y. 2021), *aff'd, Nuance Commc'ns, Inc. v. Int'l Bus. Machines Corp.*, No. 21-1758-cv, 2022 WL 17747782, at *3 (2d Cir. Dec. 19, 2022) (citing *T&N PLC v. Fred S. James & Co.*, 29 F.3d 57, 59–60 (2d Cir. 1994); *see also ABB Indus. Sys., Inc. v. Prime Tech., Inc.*, 120 F.3d 351, 360 (2d Cir. 1997) ("[I]n New York it is well settled that the statute of limitation for breach of contract begins to run from the day the contract was breached, not from the day the breach was discovered, or should have been discovered." (internal citations omitted)).

Here, the following language limits the applicable statute of limitations for IBM's alleged breach of contract claim (CRA § 11(n)):

> "No right or cause of action for any third party is created by the Agreement or any transaction under it. **Neither party will bring a legal action arising out of or related to the Agreement more than two years after the cause of action arose**.

Neither party is responsible for failure to fulfill its non-monetary obligations due to causes beyond its control." (emphasis added).

The FAC provides Micro Focus with absolutely no information as to when Micro Focus is alleged to have breached any of the Alleged Agreements, or when IBM first learned of the alleged breach.  These bare bones allegations are necessary for Micro Focus to evaluate whether IBM's alleged claims are timely, and without such basic facts Micro Focus is prejudiced in making a defense. Moreover, the FAC is devoid of any allegations pertaining to when the alleged copyright infringement purportedly commenced, the timing of which could potentially bar it from recovering statutory damages (*see supra*), in addition to its claims being susceptible to multiple equitable defenses, including but not limited to equitable estoppel. *See, e.g.*, *Kelly.*, 145 F.R.D. at 35 (stating that a properly plead copyright infringement claim must allege: "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) **by what acts during what time the defendant infringed the copyright**.") (emphasis added).

Further, IBM should also be required to submit a more definite statement as to the factual details surrounding its copyright infringement claim. Namely, IBM should be required to provide facts as to the vague and ambiguous term "related components" and should be required to provide a more definite statement as to the unclear terminology, "entire program text" used within its registrations. IBM includes the phrase "related components" in connection with its allegations referencing its alleged "CICS® TS Web Services" (FAC ¶¶ 23, 27) but does not specify what it means. For instance, are the "related components" software code? Do the "related components" consist of hardware? As alleged, Micro Focus is entirely unable to evaluate IBM's infringement claim. Similarly, the claimed material, "entire program text" within IBM's

23

copyright registrations themselves are vague. Such terms as "program text", "entire text" or "entire program code" have been labeled "unclear terminology" by the U.S. Copyright Office in connection with computer programs. *See* U.S. Copyright Office Compendium: Chapter 700, § 721.9(I), accessible at https://www.copyright.gov/comp3/chap700/chap700-draft-3-15-19.pdf. Where specific factual details surrounding claims are vague, Courts have also ordered more definite statements. *See, e.g., McCoy v. Canterbury*, No. 3:10-0368, 2010 WL 4272493, at *2-3 (S.D. W. Va. Oct. 25, 2010) (ordering more definite statement as to alleged discriminatory practices); *Hodges v. Sloan Const.*, No. 7:13-cv-01799, 2013 WL 6903755, at *5 (D. S.C. Dec. 31, 2013) (granting motion for more definitive statement where plaintiff only alleged that defendant made "crude comments" in case involving discrimination claim).

## IV.    CONCLUSION

For the foregoing reasons, Micro Focus's Motion should be granted as (1) IBM's breach of contract claim is coextensive with its copyright infringement claim and is thus preempted under the Copyright Act; (2) IBM's allegations pertaining to its breach of contract and copyright infringement claims are insufficient to meet the pleading requirements of Fed. R. Civ. P. 8, and fail to state a claim; and (3) IBM's FAC lacks necessary facts for Micro Focus to reasonably submit a responsive pleading.

Respectfully submitted,

Dated: January 27, 2023

/s/Marcella Ballard
VENABLE LLP
Timothy J. Carroll*
227 West Monroe Street, Suite 1900
Chicago, IL 60606
Tel: 312.820.3400
Fax: 312.820.3401
TJCarroll@Venable.com

24

VENABLE LLP
Marcella Ballard
Maria R. Sinatra
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Tel.: 212-307-5500
Fax: 212-307-5598
MBallard@Venable.com
mrsinatra@venable.com


VENABLE LLP
Manny J. Caixeiro*
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel: 310.229.9900
Fax: 310.229.9901
mjcaixeiro@Venable.com


*Admitted Pro Hac Vice

Attorneys for Micro Focus (US), Inc.