

VENABLE LLP | 1290 AVENUE OF THE AMERICAS
20TH FLOOR | NEW YORK, NY 10104
T +1 212.218.2100  F +1 212.218.2200  Venable.com

February 2, 2023

Michael M. Agosta

T 212.503.0690
F 212.218.2200
MMAgosta@Venable.com

**By ECF**

Hon. Vincent L. Briccetti
United States District Judge
Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street, Room 630
White Plains, New York 10601

      Re:    ***IBM Corp.* v. *Micro Focus (US), Inc.*, 22-cv-9910 (S.D.N.Y.)**
             **Defendant Micro Focus (US), Inc.'s Letter Motion**
             **<u>for Extension of Time to File its Reply Brief</u>**

Dear Judge Briccetti:

      We represent Defendant Micro Focus (US), Inc. ("Micro Focus" or "Defendant") in the above-referenced action (the "Action"). We respectfully submit the following request for a two week adjournment of Micro Focus's date to submit its reply on its motion to disqualify Kirkland & Ellis LLP ("Kirkland") as counsel to Plaintiff IBM Corp. (Dkt. 22) (the "Disqualification Motion"), from February 10, 2023 to February 24, 2023.

      Micro Focus filed the Disqualification Motion due to Kirkland's conflict of interest in representing IBM against Micro Focus, also a current Kirkland client, in this Action.

      Because the issue of whether a law firm should be disqualified under applicable legal and ethical rules is a question of law to be decided by the Court, Micro Focus did not include any expert declarations with its initial submission on the Disqualification Motion. *See Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 144 (2d Cir. 2016) (refusing to consider expert affidavits on legal ethics rules because of the "longstanding rule that expert testimony on issues of domestic law is not to be considered"); *Amnesty Int'l USA v. Clapper*, 638 F.3d 118, 128 n. 12 (2d Cir. 2011) (holding that whether an attorney's ethical duty had been triggered was a question of law for the court to decide), *rev'd on other grounds,* —— U.S. ——, 133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013).

      When Kirkland's attorneys filed Kirkland's opposition to the Disqualification Motion (Dkt. 43), they included two expert declarations, one from a law and ethics professor (Bruce A. Green, Dkt. No. 49) and another from an attorney whose practice includes legal ethics and professional responsibility (Luke W. Mette, Dkt. No. 50). Each of these declarants purports to



Hon. Vincent L. Briccetti
February 2, 2023
Page 2

instruct the Court on the law of attorney disqualification, and to provide the expert's opinion as to whether Kirkland acted ethically in this Action.

Micro Focus's position is that these declarations are improper because they purport to provide this Court with expert opinions on how the Court should apply the law in this Action, and this Court should not consider them. *See Bernstein*, 814 F.3d at 144 (refusing to consider expert affidavits on legal ethics rules); *Amnesty Int'l USA*, 638 F.3d at 128 n. 12 (holding that whether an attorney's ethical duty had been triggered was a question of law for the court).

After consulting with its own expert, Micro Focus also believes that the conclusion Kirkland's experts have arrived at, that Kirkland should not be disqualified, is incorrect.

In the event, therefore, that this Court is inclined to consider Kirkland's expert declarations, Micro Focus seeks a short adjournment so that Micro Focus may submit expert testimony of its own.

In sum, Micro Focus does not believe that this Court should consider the expert declarations that Kirkland has submitted in opposition to the Disqualification Motion, but if the Court is going to consider them, Micro Focus respectfully requests a two week adjournment in order to submit its own expert declaration. The reply is currently due on February 10, 2023, and Micro Focus seeks an adjournment to February 24, 2023. Micro Focus has not previously sought an extension of this deadline.

Micro Focus has met and conferred with Kirkland's counsel regarding this extension request. Kirkland's position on the extension request is as follows: In light of the three-week extension the Court previously granted for the reply brief and the need to resolve Micro Focus's disqualification motion promptly, IBM and Kirkland would consent to an additional one week extension for Micro Focus's reply brief [to February 17, 2023] but they are opposed to any longer extension.

We thank the Court for its consideration of this request.

                                              Respectfully submitted,

                                              VENABLE LLP

                                              By: */s/ Michael M. Agosta*