**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IBM CORPORATION, | : <br> : <br> :    Civil Action No. 22-cv-9910 <br> Plaintiff,    : <br> v.    : <br> : <br> MICRO FOCUS (US), INC.,    : <br> : <br> Defendant.    : |

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | IBM's Amended Breach of Contract Claim is Preempted by the Copyright Act. | 1 |
| II. | IBM's Claims Fail to Satisfy Rule 8 and Should be Dismissed as Lacking Basic Facts to Allow Micro Focus and the Court to Evaluate and Formulate a Defense to the Claims. | 5 |
| III. | IBM Should Be Ordered to Provide a More Definite Statement and IBM's Opposition Completely Ignores That the Alleged Agreements Have a 2-Year Statute of Limitations. | 7 |
| IV. | CONCLUSION | 10 |

## TABLE OF AUTHORITIES

**Cases**

*ACCD Glob. Agriculture, Inc. v. Perry*,
No. 12 Civ. 6286, 2013 WL 840706 (S.D.N.Y. Mar. 1, 2013) ..........................................................6

*Alpha Media Works, Inc. v. Perception Rsch Servs, Inc.*,
No. 09 Civ.9563, 2012 WL 406914 (S.D.N.Y. Feb. 9, 2012) ..........................................................4

*Alter Corp. v. Clear Logic, Inc.*,
424 F.3d 1079 (9th Cir. 2005) ........................................................................................................2

*Am. Movie Classics Co. v. Turner Enter. Co.*,
922 F. Supp. 926 (S.D.N .Y.1996) ..................................................................................................5

*Arpaia v. Anheuser-Busch Cos.*,
55 F. Supp. 2d 151 (W.D.N.Y.1999)...............................................................................................5

*Attachmate Corp. v. Sentry Insurance a Mutual Co.*,
No. 08-cv-1035, 2009 WL 1547264 (W.D. Wash. 2009) ...............................................................2

*Bowers v. Baystate Techs., Inc.*,
320 F.3d 1317 (Fed. Cir. 2003) ......................................................................................................4

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
373 F.3d 296 (2d Cir. 2004)............................................................................................................3

*BroadVision, Inc. v. Gen. Elec. Co.*,
No. 08–CV–1489, 2008 WL 4684114 (S.D.N.Y. Oct. 15, 2008) ....................................................5

*DeLumeau v. Pfizer, Inc.*,
No. 20-cv-2469, 2021 WL 5086381 (D. Col. Jan. 11, 2021) .........................................................8

*Evans v. Port Auth. Of N.Y. & N.J.*,
No. 06-cv-3239, 2007 WL 3071808 (D. N.J. Oct. 18, 2007) .........................................................8

*Forest Part Pictures v. Universal Television Network, Inc.*,
683 F.3d 424 (2d Cir. 2012)............................................................................................................4

*Genius Media Grp., Inc. v. Google LLC*,
No. 19-cv-7279, 2020 WL 5553639 (E.D.N.Y. Aug. 10, 2020) .....................................................4

*Hawkins v. Kiely*,
250 F.R.D. 73 (D. Me. 2008) .....................................................................................................7, 8

*In re Fosamaz Prods. Liability Lit.*,
No. 06MD12789, 2013 WL 6669706 (S.D.N.Y. Dec. 18, 2013) ........................................................8

*Lennon v. Seaman*,
No. 99 Civ. 2664, 2002 WL 109525 (S.D.N.Y. Jan. 28, 2002) ........................................................7

*Lewis Tree Service, Inc. v. Lucent Techs, Inc.*,
No. 99-cv-8556, 2000 WL 1277303 (S.D.N.Y. Sept. 8, 2000) ........................................................5

*Manes v. JPMorgan Chase Bank, N.A.*,
No. 20-CV-11059, 2022 WL 671631 (S.D.N.Y. Mar. 7, 2022) ........................................................5

*McKenzie v. MCI Worldcom, Inc.*,
No. 99-cv-2517, 2000 WL 1303041 (D. Kan. Aug. 29, 2000) ........................................................9

*Precise-Marketing Corp. v. Simpson Paper Co.*,
1996 WL 285364 (S.D.N.Y. May 30, 1996) ...................................................................................9

*Rembrandt Enters, Inc. v. Illinois Union Insurance Co.*,
No. 15-cv-2913, 2016 WL 6997096 (D. Minn. May 10, 2016) ......................................................6

*Schonfeld v. Hilliard*,
218 F.3d 164 (2d Cir. 2000) ............................................................................................................6

*Shepard European Pressphoto Agency*,
291 F. Supp. 3d 465 (SDNY 2017) .................................................................................................2

*Torah Soft Ltd. v. Drosnin*,
224 F. Supp. 2d 704 (S.D.N.Y. 2002) .............................................................................................2

*Usher v. Cracker Barrel Old Country Store, Inc.*,
No. 07-cv-42, 2007 WL 4284764 (D. N.H. Dec. 4, 2007) ............................................................10

*Wood v. Apodaca*,
375 F. Supp. 2d 942 (N.D. Cal. 2005) .............................................................................................7

Micro Focus (US), Inc. ("Micro Focus") submits this reply in further support of its Motion to Dismiss ("Motion") IBM's First Amended Complaint ("FAC") and to address arguments raised by IBM in its Opposition. IBM has nearly 20-years' worth of documents, agreements, and historical accounts of the once-complimentary relationship between IBM and Micro Focus. At some point, IBM decided the relationship with Micro Focus was problematic, and it then began to terminate agreements and accuse Micro Focus of copyright theft. Having now had two attempts to plead facts to support its claims, IBM still seeks to obfuscate basic facts, such as which provisions of each alleged agreement were breached, when was each agreement breached, and how. IBM also sidesteps the law of preemption by again pointing to anything but facts to put this Court and Micro Focus on notice of what basis it has to pursue its claims. Accordingly, IBM's FAC should be dismissed because (1) IBM's breach of contract claim is preempted by the Copyright Act; (2) IBM's FAC fails to satisfy its obligations under Fed. R. Civ. P. 8; and (3) IBM fails to state a claim. In the alternative, IBM should be required to submit a more definite statement under Fed. R. Civ. P. 12(e) as its omission of crucial factual details from its FAC, such as dates, prohibits Micro Focus and this Court from being able to evaluate threshold defenses to its allegations.

**I.      IBM's Amended Breach of Contract Claim is Preempted by the Copyright Act.**

If the Court finds that IBM's breach of contract claim rests on acts Micro Focus has taken regarding the unauthorized "reproduction, performance, distribution, or display" of IBM's software program exceeding the scope of a license, then the Court should find IBM's breach of contract claim preempted. IBM does not dispute that its alleged software falls within the subject matter of copyright (*see* Opp. at \*7 omitting argument as to its software). IBM further concedes that its breach of contract allegations relate to activities that exceed the license to the IBM

software (Opp. at *9 (conceding that "Micro Focus violated contractual provisions restricting its use of IBM's software.")).  Thus, IBM's breach of contract claim falls squarely within the purview of the Copyright Act and should be dismissed as a matter of law.[1]

IBM first alleges that Micro Focus breached its agreement to "to comply with the **terms of the limited license granted to [it]**, and 'not us[e] any of the elements of the Program or related **licensed material separately from the Program**.'" FAC ¶ 34 (quoting CRA § 1.b.4) (emphasis added). Stated plainly, that provision prohibits Micro Focus from reproducing IBM's software program separately from the licensed rights authorized by IBM, rights that are squarely within the purview of the Copyright Act. *See* 17 U.S.C. § 106(1). *See, e.g., Framework MI, Inc. v. CVS Health Corp.*, Civ. No. 20-cv-907, 2021 WL 2403365, at *4 (S.D.N.Y. June 11, 2021) (dismissing contractual claim as preempted involving misuse of software licensed material); *Attachmate Corp. v. Sentry Ins. a Mutual Co.*, No. 08-cv-1035, 2009 WL 1547264, at *3-4 (W.D. Wash. Jan. 13 2009) (same).[2]

---

[1] IBM's breach of contract claim allegations all pertain to the alleged improper use of IBM's computer software, not hardware components (as IBM nonsensically raised for the first time on Opposition). *See* FAC ¶ 34 (citing CRA §§ 1.b.3, 1.b.4; CRA Attachment §§ 5.a.4, 2.f, 2.j, 5.b mentioning IBM's licensed software material). IBM's suggestion that its contractual claims pertain to unauthorized use of hardware is not supported by the allegations in the FAC which all relate to *software* not hardware. See FAC ¶ 67 (specifically mentioning "IBM software")

[2] The cases cited within IBM's Opposition do not support a different conclusion. *Torah Soft Ltd. v. Drosnin*, 224 F. Supp. 2d 704, 716 (S.D.N.Y. 2002) involved a contract executed and performed in Israel, as a result of which the court found that the copyright act would not extraterritorially apply. While the court also found that the claim would not be preempted, other Court's within the SDNY have found that the reasoning "that the promise" not to exceed the scope of the license, does not equate to an extra element sufficient to save its breach of contract claim. *See Shepard v. European Pressphoto Agency*, 291 F. Supp. 3d 465, 475 (SDNY 2017) (disagreeing with *Torah* and finding breach of contract claim merely alleging use outside of the scope of the license agreement was preempted). Likewise, *Alter Corp. v. Clear Logic, Inc.,* 424 F.3d 1079 (9th Cir. 2005) is a non-binding Ninth Circuit opinion that involved state tort claims for tortious interference.

IBM then alleges that Micro Focus breached its agreement to "not to use [its] preferred access **and the IBM software licensed to [it]** . . . to undermine IBM's mainframe systems, **and instead use [its] access solely** to develop or enhance **software** that runs on IBM's mainframe platform and otherwise only for the mutual benefit of the parties and their customers." FAC ¶ 34 (quoting CRA Attachment §§ 2.f, 2.j, 5.b)) (emphasis added). This provision also prohibits Micro Focus from reproducing IBM's alleged software separately from the use authorized by IBM, again, these are rights squarely within the purview of the Copyright Act. *See* 17 U.S.C. § 106(1). Finally, IBM alleges that Micro Focus breached its agreement to refrain "from 'reverse assembling, reverse compiling, translating, or reverse engineering' **IBM's software**." FAC ¶ 34 (quoting CRA § 1.b.38 and citing CRA Attachment § 5.a.4.)) (emphasis added). Again, this allegation pertains to Micro Focus's alleged use of the licensed material in a manner that exceeds the scope of the alleged license. Accordingly, dismissal of IBM's breach of contract claim is proper under the "restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004); *see also* Motion at *6-11 (citing cases). Here, there is no "extra element" substantially distinguishing IBM's breach of contract claim from its infringement claim because IBM only alleges that Micro Focus has used and reproduced the alleged copyrighted software in a manner that exceeded the scope of the license agreement.

       IBM's Opposition does not dispute that derivative works are within the purview of the Copyright Act, and therefore, IBM's breach of contract claims referencing derivative works should further be preempted. IBM tries to argue that it "removed" one of the paragraphs relating to derivative works in the FAC, but its FAC still references "derivative works" in the same

3

breath as its contractual claim. *See* Opp. at *11; *see also* Motion at *8. IBM's FAC allegations are: (1) Micro Focus's "derivative software application . . . [is] in direct violation of its agreements with IBM[,]" (FAC ¶ 4) and (2) Micro Focus "exceeds the grant of its license" by "copying IBM's copyrighted software, creating a derivative work . . . ." FAC ¶ 46. As such, IBM's breach of contract claim is preempted because the claim seeks to vindicate rights equivalent to rights already protected by copyright law (the creation of derivative works, and the unauthorized use of copyrighted material). *See, e.g.*, *Genius Media Grp., Inc. v. Google LLC*, No. 19-cv-7279, 2020 WL 5553639, at *6 (E.D.N.Y. Aug. 10, 2020), *aff'd.*, *ML Genius Holdings LLC v. Google LLC*, No. 20-3113, 2022 WL 710744, at *6 (2d Cir. Mar. 10, 2022); *Alpha Media Works, Inc. v. Perception Rsch Servs, Inc.*, No. 09 Civ.9563, 2012 WL 406914, at *2 (S.D.N.Y. Feb. 9, 2012).

IBM's continued reliance on *Bowers v. Baystate Techs., Inc.*, 320 F.3d 1317, 1324 (Fed. Cir. 2003) is misplaced and unpersuasive, and does not change the outcome in this case. *Bowers* concerns an appeal taken from a jury verdict relating to patent infringement, copyright infringement, and breach of contract claims. The court in *Bowers* applied the law of the First Circuit, which substantially differs considering that the Second Circuit has not spoken on whether the "assent and consideration" within a contract claim provides the claim with the necessary "extra element" to avoid preemption under the Copyright Act. *See Forest Part Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 432 (2d Cir. 2012) (declining to rule on "whether preemption is precluded whenever there is a contract claim, or only when the contract claim includes a promise to pay."). The Federal Circuit in *Bowers* concluded that the breach of contract claim was not preempted finding that the "mutual assent and consideration required by a contract claim rendered the claim qualitatively different from copyright

infringement." *Bowers*, 320 F.3d at 1325. Such reasoning is not binding here, where courts in this circuit have routinely found that a contract, just because it included a mutual assent and consideration, does not in fact contain the necessary extra element to prevent Copyright Act preemption. *See, e.g., BroadVision, Inc. v. Gen. Elec. Co.*, No. 08–CV–1489, 2008 WL 4684114, at *4 (S.D.N.Y. Oct. 15, 2008) (holding contractual claim pertaining to software use was preempted); *Arpaia v. Anheuser-Busch Co. Inc..*, 55 F. Supp. 2d 151, 162 (W.D.N.Y.1999) (same); *Am. Movie Classics Co. v. Turner Enter. Co.*, 922 F. Supp. 926, 931-32 (S.D.N .Y. 1996). IBM's breach of contract claim alleges only that Micro Focus wrongfully used IBM's copyrighted software, and thus following the restrictive view of what extra elements are necessary to avoid preemption applied in the Second Circuit, IBM's breach of contract claim should be preempted.

**II.     IBM's Claims Fail to Satisfy Rule 8 and Should be Dismissed as Lacking Basic Facts to Allow Micro Focus and the Court to Evaluate and Formulate a Defense to the Claims.**

Despite raising four agreements that allegedly pertain to the dispute, IBM's FAC does not provide the Court or Micro Focus with any factual information as to what provisions in two of the agreements (the PartnerWorld Agreement or the CRA Addendum) it alleges Micro Focus has breached. IBM's Opposition does not provide any explanation for this failure, and such failure alone warrants dismissal. *See, e.g.*, *Manes v. JPMorgan Chase Bank, N.A.*, No. 20-CV-11059, 2022 WL 671631, at *7 (S.D.N.Y. Mar. 7, 2022) (dismissing claim for failure to specify provisions breached); *Lewis Tree Serv., Inc. v. Lucent Techs, Inc.*, Civ. No. 99-cv-8556, 2000 WL 1277303, at *5 (S.D.N.Y. Sept. 8, 2000) (same).  Further, IBM fails to address the typographical errors and misidentification of the other two agreements (the alleged CRA Agreements), again warranting dismissal.

With regard to the damages claimed, IBM has failed to allege any facts supporting that

consequential damages, such as loss of business, "were within the contemplation of the parties when the contract was made." *ACCD Glob. Agriculture, Inc. v. Perry*, No. 12 Civ. 6286, 2013 WL 840706, at *5 (S.D.N.Y. Mar. 1, 2013) (quoting *Schonfeld v. Hilliard*, 218 F.3d 164, 172 (2d Cir. 2000)) (citations omitted). IBM cannot satisfy its obligations by merely stating bare bones legal conclusions. This is particularly so in this case because IBM fails to cite any contractual provision that would entitle it to consequential damages and fails to cite any facts supporting the conclusion that consequential damages were within the contemplation of the parties. IBM's legal conclusions are not facts and cannot support its claims for consequential damages. *See, e.g.*, *Kantor v. 75 Worth St., LLC*, 45 N.Y.S.2d 245 (N.Y. App. Div. 2012) (affirming dismissal of lost profits claim on motion to dismiss, the court holding that "[t]he allegations in the complaint and the supporting materials do not establish that plaintiff's lost profits were within the contemplation of the parties at the time the contract was entered into' ....") (internal citation omitted)); *see also Rembrandt Enters, Inc. v. Illinois Union Ins. Co.*, No. 15-cv-2913, 2016 WL 6997096, at *6 (D. Minn. May 10, 2016) (denying request to amend complaint to add consequential damages allegation where proposed amendment "simply restates a legal conclusion in general terms"). Accordingly, IBM's request for consequential damages in the FAC should be dismissed.

      While IBM is correct in that it does not need to provide the "exact date" of the alleged contractual breach, it must do more than state the breach occurred "during the period of the Partner World Agreement" when the agreement has been in place for two decades. Factual information concerning when IBM discovered the alleged breach is uniquely in possession of IBM, and without such information, the FAC is unintelligible and Micro Focus cannot reasonably prepare a response to the amended pleading.

Finally, with regard to IBM's copyright infringement allegations, the FAC does not allege the WSBIND file is in fact part of the registered copyrights IBM alleges, or if the WSBIND file is a mere output of the alleged copyrighted software. IBM's Opposition tries to remedy this deficiency by stating that the "WSBIND file design is a component" of its registrations (see Opp. at *18), but its FAC does not contain such statements, and IBM cannot amend its complaint via its Opposition. Likewise, IBM's FAC omits basic factual information about when IBM first discovered the allegedly infringing conduct. Accordingly, IBM's infringement claim should be dismissed as it does not contain required factual allegations stating, "by what acts" and "at what time [the Micro Focus] infringed [its] copyright." *Lennon v. Seaman*, No. 99 Civ. 2664, 2002 WL 109525, at *6 (S.D.N.Y. Jan. 28, 2002).

## III. IBM Should Be Ordered to Provide a More Definite Statement and IBM's Opposition Completely Ignores That the Alleged Agreements Have a 2-Year Statute of Limitations.

IBM accurately notes that motions for a more definite statement under Rule 12(e) are meant to strike at the unintelligibility of a pleading not a lack of detail generally. Unintelligibility is found, however, when a plaintiff leaves out key dates such as when the plaintiff learned of the infringement and breach, and what dates cover the alleged agreements between the parties. *See, e.g.*, *Wood v. Apodaca*, 375 F. Supp. 2d 942, 950 (N.D. Cal. 2005) (ordering more definite statement when plaintiff "has not specified when she discovered the alleged breach . . ."). The fact that some details, such as dates, are subject to discovery, does "not preclude their production under Rule 12(e)." *See Hawkins v. Kiely*, 250 F.R.D. 73, 76-77 (D. Me. 2008) (citing 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1376, at 322, 325 (3d ed. 2004)) (footnote omitted) (granting motion for more definite statement). "[W]here 'the movant shows that there actually is a substantial threshold question that may be dispositive, such as a critical date,' a more definite statement may be warranted." *In re Fosamaz Prods. Liability Lit.*, No.

7

06MD12789, 2013 WL 6669706, at *2 (S.D.N.Y. Dec. 18, 2013) ("[T]he preferable procedure when a specific date could support a dispositive defense motion is to require the plaintiff to provide a more definite statement under Fed. R. Civ. P. 12(e).")).

In situations like this case, where IBM's FAC lacks critical information about when alleged conduct occurred or when it discovered the alleged conduct, courts routinely require a plaintiff to give particulars about the date on which the claims arose so that defendants can frame whether threshold defenses to the claim for relief, such as timeliness defenses, apply. *See, e.g.*, *DeLumeau v. Pfizer, Inc.*, Civ. No. 20-cv-2469, 2021 WL 5086381, at *2-3 (D. Col. Jan. 11, 2021) (internal citation omitted) (ordering more definite statement as to when conduct occurred); *Hawkins*, 250 F.R.D. at 76-77 (accord); *Evans v. Port Auth. Of N.Y. & N.J.*, Civ. No. 06-cv-3239, 2007 WL 3071808, at *14 (D. N.J. Oct. 18, 2007) (same); *Wood*, 375 F. Supp. 2d at 949-50 (ordering more definite statement as to when plaintiff learned of alleged breach).

Micro Focus raised such threshold issues, particularly with regard to statute of limitations defenses (*see* Motion at *22-23) and IBM entirely ignored this fact in the Opposition, failing to distinguish the cases cited by Micro Focus in which more definite statements were ordered. IBM also ignores the fact that the statute of limitations period pertaining IBM's breach of contract claim is limited to two years, conceding its applicability in this case. *See* Motion at *22-23 (citing CRA § 11(n)).  Like in other cases where plaintiffs were required to provide a more definite statement as to the month and year when the alleged conduct occurred, IBM has failed to provide any information as to when the conduct giving rise to IBM's alleged claims occurred, or when IBM allegedly learned of the complained of conduct, merely stating "Micro Focus generally has had access to IBM software for nearly the last **two decades**[,]" FAC ¶ 35 (emphasis added), and "[u]pon information and belief, Micro Focus copied at least the IBM

CICS® TS software sometime within this access period[.]" *See* FAC ¶ 35. A time period of at least "two decades" makes IBM's claims unintelligible.

Where a complaint has omitted facts concerning other threshold defenses, courts have also required defendants to submit a more definite statement concerning the complained of conduct. *See, e.g.*, *Precise-Marketing Corp. v. Simpson Paper Co.*, No. 95 Civ. 5629, 1996 WL 285364, at *2 (S.D.N.Y. May 30, 1996) (requiring plaintiff to provide additional details as to contract that was allegedly breached); *see also McKenzie v. MCI Worldcom, Inc.*, Civ. No. 99-cv-2517, 2000 WL 1303041, at *3 (D. Kan. Aug. 29, 2000). Despite having the opportunity to amend its claims once already, IBM failed to include the following dates and information in the FAC:

- When (month and year) did IBM learn of the alleged infringement;

- When (month and year) did IBM learn of the alleged breach;

- What are the date(s) of the four contracts (PartnerWorld Agreement, CRA, CRA Attachment, and CRA Addendum) asserted;

- What provision(s) of the PartnerWorld Agreement and CRA Addendum IBM alleges Micro Focus has breached;

- What provision(s) of what contract provide the right to the consequential damages IBM seeks and relief claimed;

- For the FAC paragraphs that Micro Focus alleges have typographical errors, what contracts on what dates are those provisions taken from;

- Is the WSBIND file contained in the copyright registrations, in a related component, or in the CICS Web Services program (referred to in the FAC but undefined);

- What IBM alleges "related components" consist of with regard to its copyright infringement claim; and

- What IBM alleges the "entire program text" consists of with regard to its alleged copyright registrations.

9

The dates of the allegedly breached contracts and when IBM learned of the alleged breaches and copyright infringement are basic facts essential to the assertion of threshold defenses, including statute of limitations defenses. The need for such basic factual information is even more imperative where, as here, the Alleged Agreements contain specific provisions shortening the statute of limitations to two years (Motion at *4, 22-23 (citing CRA § 11(n)), making this basic information crucial to Micro Focus in order to allow it to formulate a responsive pleading. *See, e.g., Usher v. Cracker Barrel Old Country Store, Inc.*, No. 07-cv-42, 2007 WL 4284764, at *2 (D. N.H. Dec. 4, 2007) (ordering more definitive statement where plaintiff did not "include reference to a single date upon which any of defendant's allegedly" violative acts occurred). Accordingly, if IBM's claims are allowed to proceed, IBM should be required to submit a more definite statement regarding the facts enumerated.

## IV.   CONCLUSION

Despite having raised these issues previously concerning the lack of factual detail within IBM's original complaint, IBM has chosen to continue to omit basic information from its FAC to hinder the Court and Micro Focus's ability to evaluate its claims. For the reasons detailed above, and those described in Micro Focus's Motion, IBM's FAC should be dismissed with prejudice.

Respectfully submitted,

Dated: February 17, 2023

/s/Marcella Ballard
VENABLE LLP
Timothy J. Carroll*
227 West Monroe Street, Suite 1900
Chicago, IL 60606
Tel: 312.820.3400
Fax: 312.820.3401
TJCarroll@Venable.com

VENABLE LLP
Marcella Ballard
Maria R. Sinatra
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
Tel.: 212-307-5500
Fax: 212-307-5598
MBallard@Venable.com
mrsinatra@venable.com


VENABLE LLP
Manny J. Caixeiro*
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel: 310.229.9900
Fax: 310.229.9901
mjcaixeiro@Venable.com


*Admitted Pro Hac Vice*

*Attorneys for Micro Focus (US), Inc.*

## CERTIFICATE OF SERVICE

I certify that on February 17, 2023, a true and correct copy of the foregoing Defendant's Reply in Support of Motion to Dismiss Plaintiff's First Amended Complaint was filed with the Clerk of Court for the U.S. District Court for the Southern District of New York using the electronic case filing ("ECF") system, which will send a notice of electronic filing concerning the same to Plaintiff's counsel of record.

/s/Marcella Ballard