**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

IBM CORPORATION,

                         Plaintiff,

      v.

MICRO FOCUS (US), INC.,

                    Defendant.

Civil Action No. 22-cv-9910

---

### MICRO FOCUS US, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO IBM CORPORATION'S FIRST AMENDED COMPLAINT

Defendant Micro Focus (US), Inc. ("Micro Focus") files this Answer and Affirmative Defenses to the First Amended Complaint [ECF 39] ("FAC") filed by Plaintiff IBM Corporation ("Plaintiff" or "IBM"). Micro Focus denies all allegations and characterizations in IBM's FAC unless expressly admitted and brings counterclaims in response to the FAC as pled below.

### NATURE OF THE ACTION[1]

1.      Micro Focus denies any copyright infringement and disputes the legal sufficiency of IBM's copyright claim and the allegations in support thereof. Micro Focus further denies all remaining allegations in the FAC to the extent they pertain to Count II (Breach of Contract), which has been dismissed by the Court (ECF 98). Micro Focus denies the remaining allegations of FAC Paragraph 1.

2.      Micro Focus lacks knowledge or information sufficient to respond to the allegations IBM raises in paragraph 2 of the FAC. Micro Focus further denies allegations in the

---

[1] Micro Focus simply repeats the headings set forth in IBM's FAC and makes no admissions regarding the substance of any heading or any other allegations in the FAC by doing so.

FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court.

      3.     Micro Focus admits that it has at times been a member of IBM's Developer Discount Program. Micro Focus denies any of the remaining allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 3 and denies these allegations.

      4.     Micro Focus admits that it has been a member of IBM's Developer Discount Program. Micro Focus further denies allegations in the FAC to the extent they pertain to Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus denies the remaining allegations of FAC Paragraph 4.

      5.     Micro Focus denies each and every allegation in FAC Paragraph 5.

## THE PARTIES

      6.     Micro Focus lacks information or belief that there is an active New York corporation registered with the State of New York as "IBM Corporation" and as such denies same. To the extent not expressly admitted, Micro Focus lacks knowledge or information sufficient to admit the remaining allegations of FAC Paragraph 6.

      7.     Micro Focus admits the allegations in FAC Paragraph 7.

      8.     Micro Focus admits that it has created software called Micro Focus® Enterprise Server™ and Micro Focus® Enterprise Developer™, that are part of Micro Focus® Enterprise Suite™. Micro Focus denies that Micro Focus® Enterprise Suite™ has infringed upon IBM's alleged copyrights. Micro Focus denies any allegations in the FAC to the extent they pertain to

IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus denies all additional allegations of FAC Paragraph 8.

## JURISDICTION AND VENUE

9.      FAC Paragraph 9 consists of IBM's characterization of the FAC claims and legal conclusions, to which no response is required. Micro Focus explicitly denies that IBM is entitled to any damages, injunctive relief, or other equitable relief under the Copyright Act or New York state law. Micro Focus denies any allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus denies all additional allegations of FAC Paragraph 9.

10.      FAC Paragraph 10 consists of IBM's characterization of the FAC claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Micro Focus admits that the Court has subject matter jurisdiction over IBM's claim for copyright infringement. Micro Focus denies any allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus denies all remaining allegations of FAC Paragraph 10.

11.      FAC Paragraph 11 pertains to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. No response is therefore required. To the extent a response is deemed required, Micro Focus denies the allegations of FAC paragraph 11.

12.      FAC Paragraph 12 consists of IBM's characterization of the FAC claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Micro Focus denies any allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus denies all remaining allegations of FAC Paragraph 12.

13.     FAC Paragraph 13 consists of IBM's characterization of the FAC claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Micro Focus admits that this Court has personal jurisdiction over Micro Focus for purposes of this action. Micro Focus denies any allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus denies all remaining allegations of FAC Paragraph 13.

14.     FAC Paragraph 14 consists of IBM's characterization of the FAC claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Micro Focus denies allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus denies all additional allegations of FAC Paragraph 14.

15.     FAC Paragraph 15 consists of IBM's characterization of the FAC claims and legal conclusions, to which no response is required. Micro Focus further lacks knowledge or information sufficient to form a belief as to the allegations relating to IBM's alleged harm in this paragraph. Micro Focus explicitly denies that IBM has suffered any injury in connection with the copyright claim. Micro Focus denies any allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus denies all remaining allegations of FAC Paragraph 15.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

16.     Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 16, and on that basis denies all such allegations.

17.     Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 17 and on that basis denies all such allegations.

4

18.     Micro Focus admits that IBM advertises mainframe servers, including the IBM z16 server and that IBM advertises operating systems and software to consumers. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 18 and on that basis denies all such allegations.

19.      Micro Focus admits that IBM advertises the IBM z16 server to consumers. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 19 and on that basis denies all such allegations.

20.     Micro Focus admits that IBM advertises z16 servers, the z/OS® operating system, and "CICS Transaction Server for z/OS" to consumers. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 20 and on that basis denies all such allegations.

21.     Micro Focus admits that IBM advertises "CICS® Transaction Server for z/OS" to consumers. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 21 and on that basis denies all such allegations.

22.     Micro Focus admits that IBM advertises "CICS® Transaction Server for z/OS" to consumers. Because IBM has not identified or defined any specific version of "CICS® Transaction Server for z/OS" that it is referring to in FAC Paragraph 22, Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 22 and on that basis denies all such allegations.

23.     Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 23 and on that basis denies all such allegations.

24.     Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 24 and on that basis denies all such allegations.

25.     Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 25 and on that basis denies all such allegations.

26.     FAC Paragraph 26 contains legal conclusions to which no response is required. Micro Focus admits that IBM advertises "CICS® Transaction Server for z/OS" to consumers. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 26, and on that basis denies all such allegations.

27.     Micro Focus admits that Exhibit A to the FAC purports to attach copies of Certificates of Registration issued by the Copyright Office. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 27 and on that basis denies all such allegations.

28.     FAC Paragraph 28 contains legal conclusions to which no response is required. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 28 and on that basis denies all such allegations.

29.     FAC Paragraph 29 contains legal conclusions to which no response is required. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 29 and on that basis denies all such allegations.

30.     Micro Focus denies any allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract). Micro Focus admits that it has been a member of IBM's Developer Discount Program. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 30 and on that basis denies all such allegations.

31.     Micro Focus denies any allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 31 and on that basis denies all such allegations.

32.     No response is required to the allegations in Paragraph 32 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent a response is required, Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 32 and on that basis denies all such allegations.

33.     No response is required to the allegations in Paragraph 33 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent a response is required, Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 33 and on that basis denies all such allegations.

34.     No response is required to the allegations in Paragraph 34 as they relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent a response is required, Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 34 and on that basis denies all such allegations.

35.     No response is required to the allegations contained within FAC Paragraph 35 relating to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent a response is required, Micro Focus expressly denies that it copied, distributed, or distributes copies of IBM "CICS® Transaction Server for z/OS" software. Micro Focus admits

that it has been a member of IBM's Developer Discount Program. Micro Focus is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of FAC Paragraph 35 and on that basis denies all such allegations.

36.     No response is required to the allegations in Paragraph 36 as they relate to IBM's

FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent a

response is required, the allegations are denied.

37.     Micro Focus denies any allegations in the FAC to the extent they pertain to IBM's

FAC Count II (Breach of Contract). Micro Focus admits that it created the Micro Focus

Enterprise Suite.  Micro Focus denies all remaining allegations of FAC Paragraph 37.

38.     Micro Focus denies that it has copied, or "copies" any element of IBM's

copyrighted Works including any alleged "IBM's WSBIND file," and denies that it has created a

derivative work. Micro Focus is without knowledge or information sufficient to form a belief as

to the truth of the remaining allegations of FAC Paragraph 38 and on that basis denies all such

allegations. Micro Focus denies allegations in the FAC to the extent they pertain to IBM's FAC

Count II (Breach of Contract), which has been dismissed by the Court.

39.     No response is required to the allegations in Paragraph 39 to the extent the

allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the

Court. To the extent a response is required, Micro Focus is without knowledge or information

sufficient to form a belief as to the truth of the allegations of FAC Paragraph 39 and on that basis

denies all such allegations.

40.     Micro Focus denies the allegations of FAC Paragraph 40.

41.     Micro Focus denies allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus denies the remaining allegations of FAC Paragraph 41.

42.     No response is required to the allegations in Paragraph 42 as the allegations relate to IBM's FAC Count II (Breach of Contract) which has been dismissed by the Court. To the extent a response is required, Micro Focus denies all such allegations and denies that it has committed any theft or infringement.

43.     No response is required to the allegations in Paragraph 43 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent a response is required, Micro Focus denies all such allegations and denies that it has undermined IBM's mainframe systems.

44.     Micro Focus admits that it is not currently a member of IBM's Z Developer Discount Program but denies that it received a "Notice of Non-Renewal on May 31, 2021". The exact date(s) IBM ended Micro Focus's involvement in the Z Developer Discount Program are unclear because IBM renewed Micro Focus access to the Developer Discount program in May 2021. Micro Focus denies the remaining allegations of FAC Paragraph 44.

45.     No response is required to the allegations in Paragraph 45 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent a response is required, Micro Focus incorporates its previous responses and Micro Focus denies all remaining allegations in this paragraph.

46.     No response is required to the allegations in Paragraph 46 as they relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus denies the remaining allegations of FAC Paragraph 46.

47.     Micro Focus denies the allegations of FAC Paragraph 47.

48.     Micro Focus denies the allegations of FAC Paragraph 48.

49.     FAC Paragraph 49 consists of IBM's characterization of its FAC claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Micro Focus denies the allegations of FAC Paragraph 49.


## CLAIM FOR RELIEF

### COUNT I

50.     Micro Focus denies allegations in the FAC to the extent they pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. Micro Focus incorporates its responses to FAC Paragraphs 1 through 49 in their entirety.

51.     Micro Focus denies the allegations of FAC Paragraph 51.

52.     Micro Focus admits that Exhibit A to the FAC purports to attach copies of Certificates of Registration issued by the Copyright Office. Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of FAC Paragraph 52 and on that basis denies all such allegations.

53.     Micro Focus is without knowledge or information sufficient to form a belief as to the truth of the allegations of FAC Paragraph 53, and on that basis denies all such allegations.

54.     Micro Focus denies the allegations of FAC Paragraph 54.

55.     Micro Focus denies the allegations of FAC Paragraph 55.

56.     Micro Focus denies the allegations of FAC Paragraph 56.

57.     FAC Paragraph 57 consists of IBM's characterization of its FAC claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Micro Focus denies the remaining allegations of FAC Paragraph 57.

58.     FAC Paragraph 58 consists of IBM's characterization of its FAC claims and legal conclusions, to which no response is required. To the extent a response is deemed required, Micro Focus denies the allegations of FAC Paragraph 58.

59.     FAC Paragraph 59 consists of IBM's characterization of its FAC claims and legal conclusions, to which no response is required. To the extent a response is required, Micro Focus denies the allegations of FAC Paragraph 59.

<u>**CLAIM FOR RELIEF**</u>

<u>**COUNT II**</u>

60.     No response is required to the allegations in Paragraph 60 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent any response is required, Micro Focus incorporates its responses to FAC Paragraphs 1 through 59 in their entirety.

61.     No response is required to the allegations in Paragraph 61 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent any response is required, Micro Focus denies any remaining allegations in FAC Paragraph 61.

62.     No response is required to the allegations in Paragraph 62 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent any response is required, Micro Focus denies any remaining allegations in FAC Paragraph 62.

63.     No response is required to the allegations in Paragraph 63 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent any response is required, Micro Focus denies any remaining allegations in FAC Paragraph 63.

64.     No response is required to the allegations in Paragraph 64 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent any response is required, Micro Focus denies any remaining allegations in FAC Paragraph 64.

65.     No response is required to the allegations in Paragraph 65 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent any response is required, Micro Focus denies any remaining allegations in FAC Paragraph 65.

66.     No response is required to the allegations in Paragraph 66 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent any response is required, Micro Focus denies any remaining allegations in FAC Paragraph 66.

67.     No response is required to the allegations in Paragraph 67 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the extent any response is required, Micro Focus denies any remaining allegations in FAC Paragraph 67.

68.     No response is required to the allegations in Paragraph 68 as the allegations relate to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court. To the

extent any response is required, Micro Focus denies any remaining allegations in FAC Paragraph
68.

## PRAYER FOR RELIEF

IBM's Prayer for Relief contains no factual assertions to which a response is required and
consists of IBM's characterization of its FAC claims and legal conclusions with which Micro
Focus disagrees. To the extent that IBM's Prayer for Relief is deemed to require a response,
Micro Focus denies all allegations contained in the Prayer for Relief. Micro Focus denies any
wrongdoing or infringement and that any conduct on its part entitles IBM to damages, an
injunction, or any other relief. Micro Focus denies any allegations in the FAC to the extent they
pertain to IBM's FAC Count II (Breach of Contract), which has been dismissed by the Court.
Micro Focus further denies all allegations in the FAC to which it has not specifically responded.

## DEMAND FOR TRIAL BY JURY

IBM's Demand for Trial by Jury contains no factual assertions to which a response is
required.

## AFFIRMATIVE DEFENSES

Micro Focus asserts the following separate and additional defenses, without conceding
that Micro Focus bears any burden of proof on these issues. Micro Focus reserves all affirmative
defenses under Federal Rule of Civil Procedure 8(c) and any other defenses at law or equity that
may exist now or in the future.

## FIRST DEFENSE
### (Statute of Limitations)

1.     IBM's copyright claim is barred or limited by the statute of limitations under 17

U.S.C. § 507(b), which provides that "no civil action shall be maintained under the provisions of

this title unless it is commenced within three years after the claim accrued."

### SECOND DEFENSE
**(Abandonment)**

2.      IBM has abandoned or surrendered any purported rights to the alleged

copyrighted material.

### THIRD DEFENSE
**(Non-Copyrightable Subject Matter)**

3.      IBM's alleged copyrighted works are not directed to copyrightable subject matter

because they are not sufficiently original or creative to constitute a valid, enforceable

copyrightable work, and they consist of material delineated as noncopyrightable under 17 U.S.C.

§ 102(b).

### FOURTH DEFENSE
**(Merger Doctrine)**

4.      IBM's copyright claim is barred by the merger doctrine.

### FIFTH DEFENSE
**(Scènes à Faire)**

5.      IBM's copyright claim is barred by the scenes-à-faire doctrine.

### SIXTH DEFENSE
**(De Minimis Doctrine)**

6.      IBM's copyright claim is barred by the de minimis doctrine.

### SEVENTH DEFENSE
**(Copyright Misuse)**

7.      IBM's copyright claim is barred by the doctrine of copyright misuse.

### EIGHTH DEFENSE
**(Non-Infringement of Copyrights)**

8.      Micro Focus has not copied any protected works, or copyrightable aspects of any

alleged protected works of IBM and therefore has not infringed.

**NINTH DEFENSE**
**(Fair Use)**

9.      IBM's copyright claim is barred by the doctrine of fair use (17 U.S.C. § 107).

**TENTH DEFENSE**
**(Equitable Defenses)**

10.      IBM's copyright claim is barred by the doctrine of estoppel, laches, waiver, acquiescence and estoppel.

**ELEVENTH DEFENSE**
**(Invalid or Unenforceable Copyright Registrations)**

11.      IBM's copyright claim is barred from this Court because the asserted copyright registrations, to the extent they can be identified by IBM's allegations, are invalid and/or unenforceable for failure to comply with the requirements of 17 U.S.C. § 411 and/or because they purport to cover material that is not copyrightable.

**TWELFTH DEFENSE**
**(Unregistered Copyrights)**

12.      IBM has no right to assert infringement of any unregistered copyrights.

**THIRTEENTH DEFENSE**
**(No Statutory Damages)**

13.       IBM cannot recover statutory damages for copyright infringement alongside actual damages and profits under 17 U.S.C. § 504(c)(1). IBM further cannot recover enhanced statutory damages for willful copyright infringement because any alleged infringement by IBM was not willful under 17 U.S.C. § 504(c)(2).

**FOURTEENTH DEFENSE**
**(No Attorney's Fees)**

14.      IBM cannot recover attorney's fees on its copyright claim from Micro Focus under 17 U.S.C. § 505.

15

**FIFTEENTH DEFENSE**
**(No Injunctive Relief)**

15.     IBM is not entitled to the requested injunctive relief because IBM faces no

irreparable harm and has adequate remedies at law, injunctive relief is not appropriate on balance

of harms, and the public interest would be disserved.

**SIXTEENTH DEFENSE**
**(No Liability for Acts Occurring Abroad)**

16.     IBM's claims are barred or limited because the claim as alleged does not have

extraterritorial application.

**SEVENTEENTH DEFENSE**
**(Failure to Mitigate Damages)**

17.     IBM has failed to mitigate alleged damages in connection with its alleged

copyright claim.

**COUNTERCLAIMS**

For its counterclaims against IBM, Micro Focus alleges as follows:

**I.     Personal Jurisdiction and Venue**

1.     Micro Focus's counterclaims arise under the Federal Declaratory Judgment Act

28 U.S.C. §§ 2201 and 2202, and the copyright laws of the United States set forth in Title 17 of

the United States Code.

2.     The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§

1331, 1338(a), and 2201(a).

3.     The Court has personal jurisdiction over IBM as based on IBM's FAC, IBM is a

corporation organized under the laws of the State of New York with its principal place of

business at 1 Orchard Road, Armonk, New York 10504.

16

4.      IBM has consented to venue in this Court by bringing this action against Micro Focus, and thus venue for Micro Focus's counterclaims is proper in this Judicial District.

**II.     Micro Focus and Its Innovative Micro Focus® Enterprise Suite™**

5.      Micro Focus is a Delaware company with an office in the State of Maryland.

6.      Micro Focus has been a leading developer of enterprise software solutions for over two decades. Over that time, Micro Focus has helped organizations leverage existing IT investments, enterprise applications and emerging technologies to address complex, rapidly evolving business requirements while protecting corporate information.

7.      Among other products, Micro Focus has developed Micro Focus® Enterprise Developer™, which enables customers to easily modernize mainframe applications.

8.      Additionally, Micro Focus has developed Micro Focus® Enterprise Server™, which provides customers with a secure and reliable multi-platform production server to re-platform IBM z/OS applications.

9.      Together, Micro Focus® Enterprise Developer™ and Micro Focus® Enterprise Server™ provide tools to develop, run, debug, and deploy software that interoperates with CICS®, as well as other platforms.

10.     Micro Focus® Enterprise Server™, and Micro Focus® Enterprise Developer™ are part of a group of software applications collectively known as the Micro Focus® Enterprise Suite™.

11.     Micro Focus® Enterprise Server™ and Micro Focus® Enterprise Developer™ have been distributed to the public in the United States since at least 2014, individually and as part of the Micro Focus® Enterprise Suite™.

12.     Upon information and belief, some of IBM's customers currently use, and have used, Micro Focus® Enterprise Developer™ and Micro Focus® Enterprise Server™ as compatible software to IBM's product offerings.

13.     As of January 2023, Micro Focus was acquired by OpenText™, the global market leader for information management solutions. Among other information management solutions, OpenText™ assists customers with cloud management services, which allows OpenText™ to manage the full solution stack in a private cloud, serving as a single point of accountability for the management services.

14.     Post-acquisition, Micro Focus continues to distribute its innovating Micro Focus® Enterprise Suite™, which includes Micro Focus® Enterprise Server™ and Micro Focus® Enterprise Developer™

15.     By its FAC, IBM purports to assert a claim against Micro Focus for infringement of alleged copyrights.

16.     Micro Focus denies IBM's claim of infringement of IBM's alleged copyrights.

17.     IBM's intent in bringing the instant claim is to bar development of complementary products in the field of CICS® TS software to keep customers dependent upon IBM, and its mainframe processors.

18.     IBM brought this action on November 21, 2022 in an attempt to interfere with OpenText's acquisition of Micro Focus, which was announced publicly in the summer of 2022 and set to occur in January 2023.

19.     Upon information and belief, IBM is one of, if not the only company in the world, that currently readily manufactures and distributes mainframe processors, which cost companies hundreds of thousands of dollars.

20.     The Micro Focus Enterprise Suite™ of products is designed to be compatible with IBM's mainframe software to modernize development of IBM mainframe COBOL and PL/I applications to drive innovation, efficiency, and speed for both Micro Focus and IBM customers.

### III.    IBM's Alleged Copyrights are Directed to Non-copyrightable Subject Matter, and Merge with Ideas Being Expressed.

21.     IBM's alleged copyrights are invalid and unenforceable against Micro Focus as they are directed to non-copyrightable subject matter.

22.     IBM's copyright allegations pertain to "CICS® TS web services", which IBM has alleged uses a "'web service binding file,' known as WSBIND."

23.     "A web service is a software system designed to support interoperable machine-to-machine interaction over a network. It has an interface described in a machine-processable format (specifically WSDL). Other systems interact with the Web service in a manner prescribed by its description using SOAP-messages, typically conveyed using HTTP with an XML serialization in conjunction with other Web-related standards."[2]

24.     IBM has stated that "Web services are inherently open and standards-based. XML and HTTP are the major technical foundation. A large part of the Web services technology was built using open source methodology, maintaining vendor independence."[3]

25.     For a web service software to be successful, supporting interoperable machine-to-machine interaction over a network, it needs to adhere to established web standards.

---

[2] World Wide Web Consortium ("W3C"), available at https://www.w3.org/TR/ws-gloss/.
[3] IBM Redbook, "Developing Web Services Using CICS, WMQ, and WMB" (Sept. 2007 Ed.), available at: https://www.redbooks.ibm.com/redbooks/pdfs/sg247425.pdf.

26.     IBM has stated that CICS® TS support for web service standards "ensures maximum interoperability with other Web services implementations by conforming with the Web Services Interoperability Organization" profiles.[4]

27.     Upon information and belief, IBM's alleged CICS® TS Web Services incorporate a number of open standards that are routinely used in the operation of web services, such as Web Services Description Language ("WSDL"), XML (also known as "Extensible Markup Language"), Hypertext Transfer Protocol ("HTTP"), Web Services Inspection Language ("WSIL"), SOAP protocol (formerly known as Simple Object Access Protocol), and COBOL standards, among others.

28.     IBM has publicly stated that WSDL is an open "standard specification for describing networked, XML-based services"[5].

29.     IBM has described XML as an "open-standard web technolog[y]".[6]

30.     IBM has stated that "XML is the foundation of Web services."[7]

31.     IBM has stated that WSDL "uses XML to specify the characteristics of a Web service, what the Web service can do, where it resides, and how it is invoked."[8]

32.     WSDL file formats follow a standard structure including, but not limited to, the following elements:

    a.   Definitions or description(s);

    b.   Message;

---

[4] IBM Redbook, "CICS Transaction Server from Start to Finish" (Dec. 2011 Ed.), available at: https://www.redbooks.ibm.com/redbooks/pdfs/sg247952.pdf.
[5] https://www.ibm.com/docs/en/radfws/9.6?topic=SSRTLW_9.6.0/org.eclipse.jst.ws.doc.user/concepts/cwsdl.htm
[6] IBM Redbook, "Developing Web Services Using CICS, WMQ, and WMB" (Sept. 2007 Ed.), available at: https://www.redbooks.ibm.com/redbooks/pdfs/sg247425.pdf.
[7] IBM Redbook, "Developing Web Services Using CICS, WMQ, and WMB" (Sept. 2007 Ed.), available at: https://www.redbooks.ibm.com/redbooks/pdfs/sg247425.pdf.
[8] IBM Redbook, "Developing Web Services Using CICS, WMQ, and WMB" (Sept. 2007 Ed.), available at: https://www.redbooks.ibm.com/redbooks/pdfs/sg247425.pdf.

   c.  portType or interface;

       i.  operation;

      ii.  input;

    iii.  output;

   d.  binding;

   e.  service; and

       i.  port or endpoint[9]

33.     Upon information and belief, IBM's alleged Works incorporate WSDL file formats.

34.     Upon information and belief, IBM does not have a copyright claim to the WSDL standard.

35.     WSDL data models using WSDL structure are commonly used within the software industry.

36.     IBM has publicly stated that WSIL is an open standard "XML-based open specification that defines a distributed service discovery method that supplies references to service descriptions at the service provider's point-of-offering, by specifying how to inspect a Web site for available Web services."[10]

37.     Upon information and belief, IBM's alleged Works (as defined in paragraph 27 of IBM's First Amended Complaint) incorporate and/or use WSIL.

38.     Upon information and belief, IBM does not have a copyright claim to the WSIL standard.

---

[9] IBM Redbook, "Implementing CICS Web Services" (Nov. 2008 ed.), available at: https://www.redbooks.ibm.com/redbooks/pdfs/sg247657.pdf.
[10] https://www.ibm.com/docs/en/radfws/9.6?topic=SSRTLW_9.6.0/org.eclipse.jst.ws.doc.user/concepts/cwsstandards.htm

39.     IBM has publicly stated that SOAP protocol (formerly known as Simple Object Access Protocol) is an open standard "XML-based standard for messaging over HTTP and other Internet protocols."[11]

40.     SOAP protocol consists of three main elements:

    a.  an envelope that defines a framework for describing what is in the message and how to process it;

    b.  a set of encoding rules expressing instances of application-defined data types; and

    c.  a convention for representing remote procedure calls and responses.[12]

41.     IBM has stated that "the most common way of exchanging SOAP messages is through HTTP."[13]

42.     Upon information and belief, IBM's alleged Works incorporate SOAP protocol.

43.     Upon information and belief, IBM does not have a copyright claim to the SOAP protocol standard.

44.     Upon information and belief, IBM's CICS® TS Web Services uses WSDL, among other open standards, to generate a file IBM refers to as a "WSBIND file".

45.     IBM has stated that CICS® TS Web Services uses the "wsbind file to transform the application data into a SOAP message on output, and it transforms the SOAP message to application data on input."[14]

---

[11] https://www.ibm.com/docs/en/radfws/9.6?topic=SSRTLW_9.6.0/org.eclipse.jst.ws.doc.user/concepts/cwsstandards.htm

[12] IBM, CICS Transaction Server for z/OS 6.1 "Using Web Services with CICS", available at: https://www.ibm.com/docs/en/SSGMCP_6.1.0/pdf/web-services_pdf.pdf

[13] IBM Redbook, "Developing Web Services Using CICS, WMQ, and WMB" (Sept. 2007 Ed.), available at: https://www.redbooks.ibm.com/redbooks/pdfs/sg247425.pdf.; *see also* IBM, CICS Transaction Server for z/OS 6.1 "Using Web Services with CICS", available at: https://www.ibm.com/docs/en/SSGMCP_6.1.0/pdf/web-services_pdf.pdf

[14] IBM Redbook, "Developing Web Services Using CICS, WMQ, and WMB" (Sept. 2007 Ed.), available at: https://www.redbooks.ibm.com/redbooks/pdfs/sg247425.pdf.

46.     Upon information and belief, the purpose of IBM's WSBIND file is functional.

47.     Upon information and belief, IBM's alleged WSBIND file is a generated output file, and is not source code or compiled code.

48.     IBM's FAC alleges that Micro Focus's WSBIND file is encoded in EBCDIC.

49.     EBCDIC stands for "Extended Binary Coded Decimal Interchange Code", and is a binary code widely used by software programmers to represent data.

50.     Upon information and belief, IBM does not have a copyright claim to the EBCDIC character set.

51.     Upon information and belief, IBM's alleged Works contain factual and data elements unprotectable under copyright law.

52.     Upon information and belief, IBM's alleged Works contain elements, including but not limited to factual and data elements, that are not original to IBM.

53.     Upon information and belief, IBM's alleged Works contain mathematical and statistical elements unprotectable under copyright law.

54.     Upon information and belief, IBM's alleged Works contain well-known and conventional elements, and scenes-à-faire elements.

55.     IBM has published information as to the format of its alleged CICS® TS WSBIND file to the public.

56.     IBM has previously maintained that "[o]nce its interfaces are published . . . IBM has never treated them, and does not now treat them, as copyrightable subject matter."[15]

57.     Micro Focus asserts that IBM's copyrights in the alleged Works are unenforceable against Micro Focus.

---

[15] Brief for International Business Machines Corp. and Red Hat, Inc. as Amici Curiae Supporting Petitioner, at p. 7, *Google, LLC v. Oracle Am., Inc.*, No. 18-956, 598 U.S. __ (2021).

58.     Micro Focus has not copied or otherwise infringed upon IBM's alleged Works (to the extent IBM's alleged Works are valid and contain any copyrightable elements).

59.     To create interoperability between Micro Focus® Enterprise Suite™ software and CICS® TS, Micro Focus® Enterprise Developer™ software uses unique proprietary XML files, which Micro Focus has used since the early 2000s.

60.     Upon information and belief, to generate its "WSBIND file", IBM's CICS® TS Web Services does not use the same unique, proprietary XML files used by Micro Focus.

61.     IBM has sued Micro Focus for allegedly violating its purported copyrights in the alleged Works.

62.     Accordingly, an actual case or controversy exists between IBM and Micro Focus as IBM has sought to enforce its purported copyright registrations pertaining to the alleged Works against Micro Focus.

63.     Absent the relief sought, Micro Focus has no adequate remedy at law.

## FIRST COUNTERCLAIM
**(Declaratory Relief Regarding Non-Infringement of IBM's Alleged Works)**

64.     Micro Focus restates and incorporates by reference each allegation of its Counterclaim paragraphs.

65.     By its FAC, IBM claims that it is the owner of the alleged Works.

66.     Upon information and belief, IBM's alleged Works contain non-copyrightable subject matter, including but not limited to the subject matter excluded from copyright protection by 17 U.S.C. § 102(b).

67.     Upon information and belief, IBM's alleged Works are not original such that the alleged Works are invalid, and/or unenforceable.

68.     Micro Focus has not copied or otherwise infringed upon IBM's alleged Works (to the extent IBM's alleged Works are valid and contain any copyrightable elements).

69.     By its FAC, IBM alleges that Micro Focus has infringed IBM's alleged copyrights in the alleged Works and thus there is an actual justiciable controversy between the parties, requiring declaratory relief.

70.     Micro Focus seeks and is entitled to a declaration that Micro Focus's Enterprise Suite™ software does not infringe any valid and enforceable copyright in or to IBM's alleged Works, and that Micro Focus's rights are entitled to full protection under U.S. law.

71.     Pursuant to 17 U.S.C. § 505, Micro Focus is entitled to recover its full costs and reasonable attorneys' fees.

## SECOND COUNTERCLAIM
### (Declaratory Relief that IBM's alleged Copyrights are Invalid)

72.     Micro Focus restates and incorporates by reference each allegation of its Counterclaim paragraphs.

73.     By its FAC, IBM claims that it is the owner of the alleged Works.

74.     Upon information and belief, IBM's alleged Works do not consist of material that meets the minimum threshold of originality, sufficient to confer copyright rights in the alleged Works.

75.     Upon information and belief, IBM's alleged Works consist of non-copyrightable subject matter as described under 17 U.S.C. § 102(b).

76.     IBM's alleged Works do not consist of material that meets the minimum threshold of originality and/or the alleged Works consist of non-copyrightable subject matter, therefore IBM has no copyright interest in any of the alleged Works.

77.     Micro Focus seeks and is entitled to a declaration that any copyrights pertaining to IBM's alleged Works are invalid, and requests that this Court order IBM to voluntarily cancel its purported copyright registrations pertaining to the alleged Works.

78.     Micro Focus has no adequate remedy at law.

79.     By its FAC, IBM alleges that Micro Focus has infringed IBM's alleged copyrights in the alleged Works and thus there is an actual justiciable controversy between the parties, requiring declaratory relief.

80.     Pursuant to 17 U.S.C. § 505, Micro Focus is entitled to recover its full costs and reasonable attorneys' fees.

## JURY TRIAL DEMAND

Micro Focus demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Having answered IBM's FAC and asserted its defenses and counterclaims, Micro Focus requests judgment against IBM on IBM's FAC as follows that:

A.  IBM takes nothing by its claim for relief;

B.  The Court enter judgment against IBM and in favor of Micro Focus as to all claims;

C.  The Court rule that Micro Focus does not infringe any valid and enforceable copyrights in the alleged Works;

D.  The Court rule that any copyrights pertaining to the alleged Works are invalid, and order IBM to cancel its alleged copyright registrations pertaining to the alleged Works;

E.  The Court award attorneys' fees to Micro Focus;

F.  The Court award all costs of this case to Micro Focus; and

G.  The Court award Micro Focus any further or special relief to which it is entitled.

Respectfully submitted,

Dated: June 13, 2023 /s/Marcella Ballard
VENABLE LLP
Timothy J. Carroll*
227 West Monroe Street, Suite 1900
Chicago, IL 60606
Tel: 312.820.3400
Fax: 312.820.3401
TJCarroll@Venable.com

VENABLE LLP
Marcella Ballard
Maria R. Sinatra
151 WEST 42nd Street, 49th Floor
New York, NY 10036
Tel.: 212-307-5500
Fax: 212-307-5598
MBallard@Venable.com
mrsinatra@venable.com

VENABLE LLP
Manny J. Caixeiro
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel: 310.229.9900
Fax: 310.229.9901
mjcaixeiro@Venable.com

*Admitted Pro Hac Vice

Attorneys for Micro Focus (US), Inc.