**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IBM CORPORATION,

      Plaintiff,

  -  against -

MICRO FOCUS (US), INC.

      Defendant

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. No. 22-cv-9910

ECF Case

[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), the Court enters the following Stipulated Protective Order ("Order") limiting the disclosure and use of certain discovered information.

IT IS HEREBY ORDERED THAT:

1. **Definitions.**

    (a)    "Action" means the above-captioned litigation and any related appeals.

    (b)    "Confidential Information" means all information, Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, produced by a Producing Party, in connection with this Action, which has not been made public and which concerns or relates to the proprietary information used by the Producing Party in, or pertaining to, their business, which is not generally known, and which the Producing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including without

limitation agreements and contracts; current and future business, product, or strategic plans; financial information; marketing documents; private personal identifying information; trade secrets; or Documents or information that, if released publicly, would cause embarrassment or be damaging to reputation of the Producing Party. Any copies or reproductions, excerpts, summaries, or other Documents or media that paraphrase, excerpt, or contain Confidential Information or Highly Confidential Information shall be treated as Confidential Information or Highly Confidential Information pursuant to this Order. Material that is available to the public, such as advertising or promotional materials, is not Confidential Information. To be treated as "Confidential Information" pursuant to this Order, said information, Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing must be designated as outlined within Section 2 of this Order.

(c)     "Document" means documents, electronically stored information, items, and things set forth in Federal Rule of Civil Procedure 34(a)(l), Southern District Local Rules 26.3(c)(l) and (c)(2), and writings, recordings, and photographs as defined in Federal Rule of Evidence 1001.

(d)     "Highly Confidential Information" means Confidential Information that is particularly sensitive, private, or competitively valuable, including without limitation Source Code (defined below), financial information, trade secrets, or other competitively sensitive information about future business, product, or strategic plans. Highly Confidential Information is included within the meaning of Confidential Information as used in this Order, and all provisions of this Order that apply to Confidential Information

also shall apply to Highly Confidential Information.  To be treated as "Highly

Confidential Information" pursuant to this Order, said information, Documents,

interrogatory answers, responses to requests for admissions, deposition testimony and

transcripts, deposition exhibits, any other discovery materials, and any copies, notes,

abstracts, or summaries of the foregoing must be designated as outlined within Section 2

of this Order.

(e)     "Parties" collectively means IBM Corporation and Micro Focus (US), Inc.

Each is individually a "Party."

(f)     "Producing Party" means a Party or non-Party to this Action who

produces Documents in accordance with this Order (collectively, the "Producing

Parties").  This Order is binding upon the Producing Parties in this Action, including their

respective corporate parents, successors, and assigns, and their respective attorneys,

agents, representatives, officers, employees, and others as set forth in this Order.

(g)     "Receiving Party" means a Party or non-Party to this Action receiving

Confidential Information under this Order.

(h)     "Review Period" means, for any particular deposition transcript, the

period of time that begins upon receipt of the final deposition transcript, a copy of the

final deposition transcript, or written notification that the final deposition transcript is

available and that ends thirty (30) days after such receipt.

(i)     "Source Code" means source code (*i.e.,* computer instructions and data

definitions expressed in a human-readable form), as well as any and all programmer

notes, annotations, files, and other comments of any type describing, explaining, and/or

accompanying the code.  Provisions regarding the inspection of Source Code are outlined in Paragraph 5.

**2.**     **Designating Material as Confidential Information or Highly Confidential Information.**

(a)     Any Producing Party may designate any Confidential Information as "CONFIDENTIAL" or Highly Confidential Information as "HIGHLY CONFIDENTIAL" that it believes is entitled to such treatment under this Order.  Such designation constitutes a representation that such information has been reviewed and that the Producing Party has a good faith basis for the designation.  Documents, testimony, or information may be designated in the following ways:

(i)     Documents.  Documents shall be designated by placing a legend with the applicable words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page of the Document.  To the extent that it is not feasible to place a legend on each page of a Document, such Document shall be designated by placing in the Document file name the word "CONFIDENTIAL" or the words "HIGHLY CONFIDENTIAL."

(ii)     Electronic Copies.  Whenever any electronic files bearing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legends are converted into another file type, all such copies also shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  When electronically stored Confidential Information is produced in a native format, the Producing Party shall place the applicable confidentiality designation on the hard drive, DVD, CD, or other media on which such electronically stored information is produced.

(iii)    <u>Interrogatory Answers and Responses to Requests for Admissions</u>.
Counsel for the Producing Party will place a statement in the answers or
responses specifying that the answers or responses, or specific parts thereof, are
designated as either Confidential Information or Highly Confidential Information.
Counsel for the Producing Party will place the applicable "CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL" legend on the front page of any set of answers or
responses containing Confidential Information, together with a legend stating,
"Designated parts not to be used, copied, or disclosed except as authorized by
Court Order."

(iv)    <u>Depositions</u>.  Counsel for the Producing Party or the deponent may
designate deposition transcripts (including exhibits) as containing Confidential
Information by either (i) identifying the transcript on the record as containing
Confidential Information; or (ii) serving on the Parties a written communication
(including without limitation a written communication by letter or electronic mail)
making that identification before the close of the Review Period.  Prior to the
Review Period, all transcripts (including, but not limited to, rough and real-time
transcripts) and exhibits (collectively, the "Deposition Record") shall be treated as
Highly Confidential Information under this Order.  During the Review Period, the
Deposition Record shall be treated as Confidential Information under this Order,
except that any portions of the Deposition Record designated as containing
Highly Confidential Information shall be treated as Highly Confidential
Information under this Order from the moment of designation.  When any portion
of the Deposition Record is designated prior to or during the Review Period as

5

containing Highly Confidential Information, any persons, entities, or parties not authorized to access Highly Confidential Information under Paragraph 4 shall no longer be granted access to that portion of the Deposition Record and shall destroy or return any copies of that portion of the Deposition Record in the person, entity, or party's possession or control.  Notwithstanding the foregoing, the deponent may review the transcript at any time.  A Party shall have the right to change any prior designations of the Deposition Record during the Review Period.  At the close of the Review Period, all then-current designations made on the record or by written communication shall control, subject to a Party's right to contest them as provided in Paragraph 11.  In addition, the applicable confidentiality designation shall be placed on the front of the original deposition transcript and on each page of the transcript.  If all or part of a videotaped deposition is designated as Confidential Information, the DVD, filename, or other storage device shall also be labeled with the applicable confidentiality designation.

3.  **Disclosure of Confidential Information.**

(a)  Access to Confidential Information produced under the protection of this Order shall be limited to:

(i)  Attorneys employed by the law firms of record for the Parties in this Action, as well as such attorneys' respective paralegal, investigative, technical, administrative, secretarial, and clerical personnel, and any outside photocopying, document storage, data processing, or graphic production services employed or retained by them, who are engaged in assisting them in this Action;

(ii)   Any in-house attorneys employed by any of the Parties, as well as their respective paralegal, investigative, technical, administrative, secretarial, and clerical personnel;

(iii)   Any outside expert, consultant, or investigator retained by a Party or by counsel for a Party for purposes of consulting or testifying in this Action, provided that (i) such outside expert, consultant, or investigator has no financial interest in or a business or personal relationship with any of the Parties (for avoidance of doubt, prior expert, consulting, or investigative services for the Party retaining the expert, consultant, or investigator or its counsel is not disqualifying); and (ii) Paragraph 8 of this Order has been complied with;

(iv)   Any person who authored, received, or otherwise has been provided access in the ordinary course outside this Action to the Confidential Information sought to be disclosed to that person;

(v)   This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking, or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this Action;

(vi)   Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 8 of this Order has been complied with; and any other person whom the Court directs should have access to the Confidential Information;

(vii)   Mock jurors, to the extent permitted by Paragraph 4(b), provided that Paragraph 8 of this Order has been complied with; and

(viii)    Any mediators or arbitrators retained to resolve this Action,

provided that Paragraph 8 of this Order has been complied with.

(b)    Notwithstanding Paragraph 3(a), a Receiving Party may designate, in

addition to the persons included under Paragraph 3(a)(ii), a single person employed by

the Receiving Party to have access to the Producing Party's Confidential Information,

provided Paragraph 8 of this Order has been complied with, and such designation shall

only be changed during the Action for good cause.

**4. Disclosure of Highly Confidential Information.**

(a)    Access to Highly Confidential Information produced under the protection

of this Order shall be limited to persons described in Paragraphs 3(a)(i), 3(a)(iii), 3(a)(iv),

3(a)(v), 3(a)(vi), and 3(a)(vii), but only to the extent reasonably necessary for litigation

purposes.  Additionally, a Receiving Party may designate a single person described in

Paragraph 3(a)(ii) to have access to the Producing Party's Highly Confidential

Information, provided such person is assisting or cooperating with outside counsel in, the

prosecution or defense of the claims advanced in this Action.  Nothing in this Protective

Order shall prevent the parties from agreeing to designate additional persons described in

Paragraph 3(a)(ii) to receive Highly Confidential Information as set forth herein.  Highly

Confidential Information shall not be given, shown, made available, communicated, or

otherwise disclosed to any other person.  Highly Confidential Information must remain at

all times in the physical custody and control of the persons described in this paragraph.

(b)    A Party may disclose argument and materials derived from Highly

Confidential Information to mock jurors pursuant to Paragraph 3(a)(vii).

Notwithstanding the foregoing, a Party may not disclose to mock jurors any original, as-

produced material or information (including, for example, Documents, deposition

8

testimony, or interrogatory responses) produced by another Party designated as Highly Confidential Information.  For avoidance of doubt, demonstratives containing excerpts of Documents, deposition testimony, or interrogatory responses designated as Highly Confidential Information are not barred from disclosure to mock jurors provided the rest of the requirements in this Order are met.

5.     **Procedures for Source Code Inspection**

(a)     A Producing Party's Source Code (as defined in Paragraph 1(i)) being made available for inspection, unless the Producing Party states otherwise in writing, shall be considered designated as "HIGHLY CONFIDENTIAL SOURCE CODE," which falls under Highly Confidential Information.  A Party's Source Code is to be treated as "HIGHLY CONFIDENTIAL SOURCE CODE" by default, even if unmarked.  Nothing in this section, however, prevents the Producing Party from producing Source Code under a different confidentiality designation or in a different format, if so designated.

(b)     Unless the Producing Party states otherwise in writing, or unless the Parties otherwise agree in writing, Source Code shall be subject to the following restrictions and protections.

(c)     Any Source Code that is produced shall be made available for inspection in electronic format accessible at the New York office of the Producing Party's outside counsel.  Nothing in this Protective Order prohibits the parties from agreeing to produce Source Code at a different location or multiple locations.  Nothing in this Protective Order prohibits the parties from agreeing to produce Source Code in a different manner than set forth herein.  Source Code will be made available for inspection between the hours of 9 a.m. and 6 p.m. local time on business days (i.e., weekdays that are not Federal

holidays), although the Parties will be reasonable in accommodating reasonable requests to conduct inspections at other times.

(d)     Any Party wishing to inspect Source Code shall provide notice ten (10) business days before it wishes to inspect Source Code for the first time.  Thereafter, any Party wishing to further inspect the Source Code shall provide notice three (3) business days before it wishes to inspect Source Code.  Any notice of inspection provided in accordance with this Subparagraph shall include the names of the individuals ("Source Code Reviewer(s)") who are expected to attend the inspection.

(e)     All Source Code shall be made available by the Producing Party to the persons authorized to receive Highly Confidential Information in Paragraph 4.

(f)     Any Source Code that is produced shall be made available on a computer maintained by the Producing Party (and/or its outside counsel), without Internet access or network access to other computers, and on which all access ports have been disabled (the Producing Party's "Source Code Computer").  The copying, transmission, removal, or other transfer of any Source Code outside or away from each Source Code Computer by the Receiving Party or the Source Code Reviewer(s), except as expressly authorized herein, is prohibited.  The compilation and execution of Source Code on the Source Code Computer is also prohibited, except that this prohibition on execution does not apply to any execution copies produced on the Source Code Computer in this Action and expressly identified as execution copies by the Producing Party.  Nothing in this Protective Order prohibits the parties from agreeing to produce Source Code in a different manner than set forth herein.

(g)     To aid in the viewing and searching, and printing of source code, the Source Code Computer shall contain Notepad++, the capability to export to PDF, zip/compression and encryption/decryption utility (e.g., 7-zip), and a multi-file text search tools such as "grep." The Receiving Party may request that commercially available software tools, including those listed below, be installed on the Source Code Computer and such consent shall not be unreasonably withheld, provided, however, that the Receiving Party possesses an appropriate license to such software tools and provides a copy of the software tool to be installed via a download link or other means. Specific tools that may be requested include (but not be limited to): Cygwin with Python, Eclipse, Source-Navigator, PowerGrep, ExamDiff Pro, Understand, Beyond Compare, CodeSuite, Sherlock, JPlag, SIM, Git, or SVN. Under no circumstances will a trial version be installed or used on the Source Code Computer. Such requests shall be made at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(h)     Except as provided herein, no recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. The Receiving Party and the Source Code Reviewer(s) shall not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device. The Receiving Party and the Source Code Reviewer(s) will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its outside counsel of record.

11

(i)      During Source Code inspection, the Receiving Party and the Source Code Reviewer(s) may take notes about the Source Code on a non-networked laptop ("Source Code Reviewer's Laptop"), or by pen/pencil and paper.  The ability to take notes on the Source Code Reviewer's Laptop is provided for the convenience of the parties and shall not be used for any transmission or copying of Source Code.  Such notes shall be subject to the use and disclosure provisions of this Protective Order and will not be subject to review by the Producing Party.  While the Source Code Reviewer's Laptop is in the same room as the Source Code Computer, the Source Code Reviewer(s) shall not use the camera or the microphone of the Source Code Reviewer's Laptop.  To aid in the efficiency of source code review, the Receiving Party may also load a copy of the Receiving Party's own Source Code on the Source Code Reviewer's Laptop.  Nothing in this Protective Order shall prevent the parties from agreeing to additional methods to further aid in the efficiency of source code review.  Notes may not be taken on the Source Code Computer.  The Source Code Reviewer(s) may leave the room where the review is being conducted to use Internet connected devices or make a private phone call.  The Producing Party will make a good faith effort to provide a breakout room for such activities.

(j)      The Producing Party may visually monitor the activities of Source Code Reviewer(s) during any Source Code review, but shall be positioned such that the Producing Party's monitor cannot hear any conversations between Source Code Reviewers (if multiple reviewers are present at the Source Code inspection) and any such monitoring shall only be to ensure the Source Code Reviewer(s) are adhering to the provisions of this Protective Order.

12

(k)     Upon request of the Producing Party, all persons viewing Source Code shall provide proper identification, which requires showing a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification.  All persons viewing Source Code shall sign on each day they view Source Code a log provided and maintained by the Producing Party that will include the names of persons who enter the Source Code Review Room to view the Source Code and when they enter and depart.

(l)     Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Protective Order, the Receiving Party and the Source Code Reviewer(s) shall remove all notes, documents, and all other materials from the location where the Source Code inspection was conducted.  The Producing Party shall not be responsible for any materials left in the room following each inspection session.

(m)     Except as provided herein, the Receiving Party and the Source Code Reviewer(s) shall not e-mail, upload, download, or otherwise electronically transmit or electronically store any Producing Party's Source Code.  Further, no other written or electronic record held by the Receiving Party or the Source Code Reviewer(s) of the Producing Party's Source Code is permitted except as otherwise provided herein.

(n)     The Receiving Party may request the Producing Party print paper copies of Source Code exported to PDF on the Source Code Computer that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or

13

for deposition or trial.  The Receiving Party may also request the Producing Party print

the output of software tools ("Output Files"), provided the underlying Source Code in the

Output Files is already printed and Bates stamped as set forth herein.  Such request for a

printed Output File shall identify the exported PDF of the Output File to be printed.  The

Output Files will be subject to the same confidentiality restrictions set forth in this

Protective Order.  The Receiving Party shall not request printing of Source Code in order

to review blocks of Source Code elsewhere in the first instance, *i.e.*, as an alternative to

reviewing that Source Code electronically on the Source Code Computer, as the Parties

acknowledge and agree that the purpose of the protections herein would be frustrated by

printing portions of code for review and analysis elsewhere, and that printing is permitted

only when necessary to prepare court filings, pleadings, expert reports, or other papers, or

for deposition or trial.  The Producing Party shall Bates number any Source Code printed

under this Subparagraph.  Within five (5) business days of the Receiving Party's request,

the Producing Party shall either (i) provide one copy set of such pages to the Receiving

Party or (ii) inform the Requesting Party that it objects that the printed portions are

excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the

Producing Party and the Receiving Party cannot resolve the objection, the Producing

Party shall be entitled to seek a Court resolution of its objection.  The printed pages shall

constitute part of the Source Code produced by the Producing Party in this action.  Unless

otherwise agreed in writing by the Parties or absent a Court order finding that more is

reasonably necessary for purposes of this matter, no more than 700 pages of the total

combined Source Code and Output Files may be in printed form at any one time, and all

printed Source Code and Output Files shall be logged by the Producing Party.  Any

printed portion that consists of more than thirty (30) pages of a continuous block of

Source Code shall be presumed to be excessive, and the burden shall be on the Receiving

Party to demonstrate the need for such a printed copy.  Nothing in this Protective Order

prohibits the parties from agreeing to different limitations or procedures for the handling

of printed Source Code and Output Files.

      (o)    Each printed page shall include the complete file path and file name of the

printed code at the top of the page, and shall include line numbers for each line of the

printed code, and shall have no more than seventy (70) lines of printed code per page (in

the event that the complete file path and/or file name of any code file is too long to print

at the top of a page, the parties will meet and confer on a reasonable solution, such as a

cover page containing the complete file path and file name, to ensure that the Receiving

Party obtains the associated directory and file path information for each source code file

at issue).

      (p)    Any paper copies of Source Code or Output Files, and any other

documents or things reflecting Source Code that have been designated by the Producing

Party as "HIGHLY CONFIDENTIAL SOURCE CODE" may not be further copied or

otherwise duplicated except that up to three (3) additional physical copies may be made

by outside counsel for the Receiving Party for the sole purpose of creating paper copies

for retention in locked cabinets in multiple offices of outside counsel or offices of experts

or consultants.  For avoidance of doubt, any copies created specifically for depositions as

set forth in Paragraph 5(r) do not apply to this numerical limitation.

      (q)    A Producing Party's Source Code may only be transported by the

Receiving Party at the direction of a person authorized under Paragraph 4 above to

another person authorized under Paragraph 4 above, on paper via hand carry, Federal

Express or other similarly reliable and tracked courier service. Any such transportation

should either require a signature delivery or that it be handed to the recipient such that

source code is not left unattended upon delivery.

(r)     Copies of Source Code that are used during the deposition may be marked

as an exhibit, but shall not be provided to the Court Reporter or attached to deposition

transcripts. The Producing Party will take any and all copies of Source Code created for

the deposition upon conclusion of the deposition. To the extent depositions in this case

are conducted remotely, the parties shall meet and confer to determine an appropriate

means to use Source Code materials during deposition. Nothing in this Protective Order

prevents the parties from agreeing to alternative methods of using Source Code in a

deposition, including the use of a Source Code Computer.

(s)     Except as provided herein, absent express written permission from the

Producing Party, the Receiving Party and the Source Code Reviewer(s) may not create

electronic images, or any other images, or make electronic copies, of the Source Code

from any paper copy of Source Code for use in any manner (including by way of example

only, the Receiving Party and the Source Code Reviewer(s) may not scan the Source

Code to a PDF or photograph the code). Images or copies of Source Code shall not be

included in correspondence between the Parties (references to Bates numbers shall be

used instead) and shall be omitted from pleadings and other papers whenever possible. If

a Party reasonably believes that it needs to include a portion of Source Code as part of

court filings or pleadings or other papers (including a testifying expert's expert report),

such portion shall not be longer than seventy (70) consecutive lines of Source Code

16

absent written permission from the Producing Party.  Nothing in this Protective Order
prevents the parties from agreeing to alternative methods of using Source Code in
pleadings and other papers.

**6.      Use of Confidential Information.**

(a)      Confidential Information shall not be used by any person, other than the
Producing Party, for any purpose other than prosecuting, defending, or settling this
Action.  In no event shall Confidential Information be used for any business, competitive,
personal, private, public, or other purpose, except as required by law.

(b)      Nothing in this Order shall bar or otherwise restrict an attorney from
relying on his or her examination of Confidential Information in rendering advice to his
or her client with respect to this matter.  In rendering such advice or in otherwise
communicating with his or her client, the attorney shall not disclose the content of any
Confidential Information unless the client is permitted to receive such information
pursuant to this Order.

(c)      Notwithstanding any provision in this Order, nothing shall prohibit a Party
from disclosing the contentions exchanged in the case to their own witnesses noticed or
offered for a deposition in this case in a manner that solely relies on the Party's own
Confidential Information.  For example, this paragraph permits a party to disclose, to its
own witnesses noticed or offered for a deposition in this case, the portions of its own
code it believes were copied.  As another example, this provision permits a party to
disclose, to its own witnesses noticed or offered for a deposition in this case, the portions
of its own code that the opposing party contends is copied.

**7.      Non-Application of Order.**

The restrictions set forth in this Order shall not apply to Confidential Information that (i) was, is, or becomes public knowledge, unless in violation of this Order; or (ii) was or is discovered independently by the Receiving Party.  Additionally, the restrictions set forth in this Order do not apply to a Producing Party's use of its own Confidential Information.

**8.      Notification of Confidentiality Order.**

(a)      Confidential Information shall not be disclosed to persons described in Paragraphs 3(a)(iii), 3(a)(vi), 3(a)(vii), 3(a)(viii), or 3(b) unless and until such persons are provided a copy of this Order and execute an Acknowledgment of Stipulated Protective Order ("Acknowledgment") in substantially the form attached hereto as **Exhibit A.**

(b)      The Acknowledgements shall be maintained by the counsel who obtained them until the final resolution of this Action.  Acknowledgments and the names of persons who signed them shall not be subject to discovery except upon agreement of the Parties or further order of the Court after application upon notice and good cause shown.

**9.      Use of Confidential Information in Court Prior to Trial.**

(a)      No Party may file with the Court Confidential Information of any other Party except when required for motions or other pending matters in the Action.

(b)      The Party seeking to file Confidential Information shall first meet and confer with the Producing Party to identify procedures, consistent with the procedures set forth in Judge Briccetti's Individual Practices 1(A)(iii), or if applicable, the individual practices of the designated magistrate judge, for filing Confidential Information with the Court.  No Party shall unreasonably delay efforts to meet and confer regarding the filing of any Confidential Information with the Court.  Should a Party fail to respond to a request to meet and confer regarding the filing of Confidential Information within three

(3) business days, the Party seeking to file Confidential Information may submit an unopposed request with the Court consistent with Judge Briccetti's Individual Practices.

**10.     Preservation of Rights and Privileges.**

(a)     Neither the acceptance by a Party of any Document, material, or information nor the failure of a Party to take action to enforce the terms of this Order shall constitute a concession or admission that the Document, material, or information contains Confidential Information or that that the Document, material, or information is admissible in or relevant to this Action.

(b)     Nothing in this Order shall constitute or be deemed or construed as a waiver of the right of a Party at any time (i) to seek a determination by the Court whether any particular Document, material, or information should be subject to the terms of this Order; (ii) to seek relief from any provision(s) of this Order, either generally or as to any particular Document or other piece of Confidential Information, in whole or in part; (iii) to seek a higher level of protection than provided for by this Order if the Party believes that circumstances warrant that higher level of protection; (iv) to seek Documents or other information from any source; or (v) to object to any discovery request, including the right to assert that no discovery should be had of certain Documents, material, or information.

**11.     Challenging Confidentiality Designations.**

(a)     <u>Timing of Challenges</u>. Unless a prompt challenge to a designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b)     Meet and Confer. A Party that elects to initiate a challenge to a designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue--other forms of communication are not sufficient) with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first.

(c)     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the designating Party may follow the procedures set forth in Judge Briccetti's Individual Practices (1)(B), or if applicable, the individual practices of the designated magistrate judge, to obtain relief.  Until the court rules on the challenge, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 12.     Duration.

Even after the termination of this Action, confidentiality obligations under this Order shall remain in effect for each piece of Confidential Information until the Producing Party agrees in writing otherwise or a Court order directs otherwise.

## 13.     Return/Destruction of Materials.

(a)     Within sixty (60) days after the final resolution of this Action all Confidential Information, including all copies, abstracts, and summaries, either shall be

destroyed or returned to counsel for the Producing Party, with the receiving Party certifying to the destruction or return.

(b)    Notwithstanding the foregoing, Outside counsel of record in the Action may retain Confidential Information in copies of pleadings, motions, or other court-filed papers, in official transcripts and exhibits thereto, and in attorney work product, including counsels' email and document management systems.  Counsel shall continue to treat all such materials as Confidential Material pursuant to the requirements of this Order.

**14.    Inadvertent Disclosure.**

The inadvertent or unintentional disclosure by the Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed to be a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information on the same or related subject matter.  Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the Producing Party shall designate such information as Confidential Information or Highly Confidential Information within thirty (30) days.  The obligation to treat such Confidential Information as provided for in this order shall run from the date of designation. Nothing contained within this Paragraph prevents a Party from challenging such a designation of Documents or information pursuant to the procedures described in Paragraph 15.

**15.    Waiver of Privilege.**

(a)    The inadvertent production or disclosure of any Document, material, or information subject to the attorney-client privilege, attorney work product protections, common interest privilege, or any other applicable privilege against disclosure, shall not be deemed to be a waiver, in whole or in part, of the Producing Party's claim of such

privilege, unless the Producing Party failed to exercise reasonable care in light of the facts and circumstances surrounding the inadvertent production.

(b)     Upon the written request of the Producing Party that made the inadvertent production, all copies of the inadvertently produced Documents and documents derived from the inadvertently produced Documents promptly shall be returned or destroyed. If the Party receiving the inadvertently produced Documents intends to challenge any claim of privilege over such Documents based on the inadvertent production, it must notify the Producing Party, in writing, within three (3) business days after receiving a written request from the Producing Party seeking the return or destruction of the inadvertently produced materials. The receiving party must make a motion with the Court challenging the claim of privilege within seven (7) days of receiving the Producing Party's written request giving notification of the inadvertently produced Documents. During the pendency of any such challenge to a claim of privilege, the receiving Party may retain the inadvertently produced materials but may use such materials only for the purpose of litigating the claim of privilege.

(c)     The return or destruction of inadvertently produced materials pursuant to this Section shall not preclude a Party from moving to compel the production of the returned or destroyed Documents on any ground other than that the Documents were produced. A Party's compliance with the terms of this Order shall not operate as an admission that any particular Document is or is not confidential, privileged, or admissible in evidence at trial.

(d)     The provisions of this Section explicitly are intended to be, and are, an Order of the Court issued pursuant to Federal Rule of Evidence 502(d).

22

**16.    Privilege Log**

(a)      Consistent with the Federal Rules of Civil Procedure, a party withholding or redacting any responsive Document on grounds of privilege, immunity, or any similar claim shall provide to the Receiving Party a privilege log.  The log shall contain the following information: (i) the date of the document; (ii) the identity of all persons who sent, authored, signed or otherwise prepared the document; (iii) the identity of all persons designated as addressees or copyees; (iv) a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim or privilege or immunity; (v) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); and (vi) for redacted documents only, the Bates numbers corresponding to the first and last page of any document redacted.  To the extent e-mail is included and described on the log, any e-mail chain (i.e., a series of e-mails linked together by e-mail responses and forwarding) that is withheld or redacted on the grounds of privilege, immunity or any similar claim may be logged as a single entry and identified by the most recent (i.e., top-most) e-mail.  The parties shall not be required to break up an e-mail chain and log each individual e-mail separately.  If, however, e-mail contained within a given chain exists as a separate document, then the parties shall log that material in accordance with this Paragraph.  Activities undertaken in compliance with the duty to preserve information (including, but not limited to, litigation hold letters) are protected from disclosure under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).  The parties shall not be required to log, within a privilege log under this provision, any documents (including but not limited to email correspondence) that were created after the commencement of this Action.

17.     **Subpoenas.**

Any Party or person in possession of Confidential Information who receives a subpoena or other process from any person or entity who is not a Party seeking production or other disclosure of such Confidential Information, shall promptly and in any case within three (3) business days give telephonic notice and written notice by overnight delivery or facsimile to counsel for the Producing Party who designated the materials as Confidential Information, identifying the materials sought and enclosing a copy of the subpoena or other process.  The Party or person receiving the subpoena also shall inform the person seeking the Confidential Information that such information is subject to this Order.  No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of Confidential Information to resist such production or disclosure, or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process.

18.     **Application to Non-Parties.**

(a)     This Order shall apply to any non-Party who is obligated to provide discovery, by deposition, production of Documents, or otherwise, in this Action, if that non-Party requests the protection of this Order as to its Confidential Information and agrees to be bound by the provisions of this Order by executing an Acknowledgement in substantially the form attached hereto as **Exhibit A.**  This Order also shall apply to non-Parties who are afforded access to Documents or information produced during discovery in this Action, whether by deposition, production of Documents, or otherwise.  Such non-

Parties shall execute an Acknowledgment in substantially the form attached hereto as **Exhibit A.**

(b)      Additionally, in the event a non-Party is compelled to provide discovery in this action by a subpoena, a Party who believes in good faith that such subpoena may compel disclosure of Confidential Information in connection with which that Party holds a proprietary or other interest, shall promptly so notify the Party serving such subpoena. Such Party may thereupon designate Confidential Information in accordance with Paragraph 2 of this Order.  Specifically with respect to Documents produced in response to a subpoena as to which a Party has given notice under this Paragraph, the Party receiving such Documents shall, upon receipt of said Documents, so advise the Party giving notice.  The Party giving notice shall then have ten (10) business days to inspect and to designate such Documents for protection in accordance with this Order.  Pending such designation, the Documents produced shall be treated as Highly Confidential Information.

**19.      Modification of the Order.**

This Order shall not foreclose a Party from moving this Court for an order that any information, Documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials, and any copies, notes, abstracts, or summaries of the foregoing, within the meaning of this Order are, in fact, not Confidential Information or Highly Confidential Information or otherwise protectable under Federal Rule of Civil Procedure 26(c).  In addition, this Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

**20.    Reservation of Jurisdiction.**

Upon the final resolution of this Action, the provisions of this Order shall continue to be binding.  This Court expressly retains jurisdiction over any request for enforcement of the provisions of this Order following the final resolution of this Action.

**21.    Parties Bound.**

This Order is binding on all Parties to this action, on all non-Parties who have agreed to be bound by this Order and on all others who have signed the Acknowledgment in substantially the form attached hereto as **Exhibit A**, and shall remain in full force and effect until modified, superseded, or terminated by consent of the Parties or by an order of the Court.

**22.    Time.**

All time periods set forth in this Order shall be calculated according to Federal Rule of Civil Procedure 6, as in effect at the time of this Order's execution.

**23.    Execution in Counterparts.**

This agreement may be executed in counterparts.  Facsimile signatures will be considered as valid signatures as of the date hereof, although counsel will retain the original signature pages in case they must be filed with the Court at some time in the future.

SO STIPULATED AND AGREED

Dated: September 8, 2023

VENABLE LLP

KIRKLAND AND ELLIS LLP
*/s/ Joshua L. Simmons*

*/s/ Marcella Ballard*

Dale M. Cendali
Joshua L. Simmons
KIRKLAND AND ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Tel.: 212-446-4800
Fax: 212-446-6460
dale.cendali@kirkland.com
josh.simmons@kirkland.com

James John Lomeo
(Admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
401 Congress Avenue
Austin, TX 78701
Tel.: 512-678-9100
Fax: 512-678-9101
james.lomeo@kirkland.com

*Attorneys for Plaintiff*

Timothy J. Carroll*
227 West Monroe Street, Suite 1900
Chicago, IL 60606
Tel.: 312-820-3400
Fax: 312-820-3401
tjcarroll@venable.com

Marcella Ballard
Maria R. Sinatra
151 W. 42nd Street, 49th Floor
New York, NY 10020
Tel.: 212-307-5500
Fax: 212-307-5598
mballard@venable.com
mrsinatra@venable.com

Manny J. Caixeiro
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Tel.:  310-229-9900
Fax: 310-229-9901
mjcaixeiro@venable.com

*admitted pro hac vice*
*Attorneys for Defendant.*

SO ORDERED

_____ Sept. 11, _____, 2023

_____
Hon. Vincent L. Briccetti
United States District Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IBM CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -   against - | ) | |
| | ) | Case No. No. 22-cv-9910 |
| | ) | |
| MICRO FOCUS (US), INC. | ) | ECF Case |
| | ) | |
| Defendant | ) | |
| | ) | |
| | ) | |
| | ) | |

**ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER**

The undersigned has read the attached Stipulated Protective Order ("Order"), understands the terms of the Order, and agrees to be bound and fully abide by the terms of the Order. In particular:

(a)      The undersigned will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use, except for the purposes of the above-captioned action, any information designated as Confidential Information or Highly Confidential Information received in this action.

(b)      The undersigned acknowledges that all Confidential Information or Highly Confidential information received and all Documents and things containing information designated as Confidential Information or Highly Confidential Information are to remain in the undersigned's personal custody until the undersigned's duties have been completed.  The undersigned agrees to return or to destroy all such information and all notes containing any such information in accordance with the Order.

(c)      The undersigned is not otherwise currently, regularly, or expecting to be an employee of any Party to the above-captioned action.

(d)      The undersigned submits to the jurisdiction and venue of the Court and understands that the Court may impose sanctions for any violation of the Order.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.


Dated:_____          _____
                                                                    Signature


                                                                    _____
                                                                    Name