UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IBM CORPORATION,

                              Plaintiff,

             -against-

MICRO FOCUS (US), INC.,

                              Defendants.
-----------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/14/2023

22-cv-9910 (VB)(VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Currently before the Court are the parties' requests to seal certain deposition transcripts (ECF Nos. 124-1, 132-1, and 132-2). For the reasons that follow, the parties' requests are **GRANTED** in that ECF Nos. 124-1, 132-1, and 132-2 shall remain temporarily under seal and only available to selected parties until the end of the review period (thirty days after the final deposition transcripts are available). The parties shall inform the Court when the review period ends and indicate whether either party seeks to maintain the documents under seal. If the parties wish to have ECF Nos. 124-1, 132-1, and 132-2 remain either entirely or partially sealed after the review period ends, then they must submit another motion to seal that outlines sufficient reasons for continued sealing and/or proposes narrowly tailored redactions.

## BACKGROUND

      On December 1, 2023, Defendant filed a letter-motion for sanctions and attached a rough copy of certain deposition excerpts. (ECF Nos. 124, 124-1). On December 6, 2023, Plaintiff filed their reply which also included certain deposition excerpts as well as a request to file these depositions excerpts under seal. (ECF Nos. 131, 132, 132-1, 132-2). Plaintiff's request explained that their filing contains "excerpts of recent depositions in the above-referenced

litigation that must be treated as highly confidential information under the Protective Order [ECF No. 113] until the end of the Review Period (30 days after the final transcripts are available)." (ECF No. 131). On December 12, 2023, Defendant filed a letter-motion to seal ECF No. 124-1 because "pursuant to the protective order," it is "to be treated as Highly Confidential until the close of the Review Period." (ECF No. 135).

## DISCUSSION

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting* Lugosch, 435 F.3d at 119). To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50. Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.,* No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

The deposition excerpts at issue are "judicial documents" as they are relevant to the performance of a judicial function, namely, adjudicating Defendant's request for sanctions. However, the Protective Order in this case designates these deposition excerpts as "Highly Confidential" prior to the "Review Period." (ECF No. 113 at 5). The Protective Order also notes that, "[d]uring the Review Period, the Deposition Record shall be treated as Confidential Information." *Id.* The "review period" is defined as thirty days after the final deposition transcripts are available. *Id.*

Accordingly, ECF Nos. 124-1, 132-1, and 132-2 shall be temporarily sealed until the review period ends. The parties shall inform the Court when the review period ends and indicate whether either party seeks to maintain the documents under seal. If, after the review period ends, the parties wish to have ECF Nos. 124-1, 132-1, and 132-2 remain either entirely or partially sealed, then they must submit another motion to seal that outlines sufficient reasons for continued sealing and/or proposes narrowly tailored redactions.

## CONCLUSION

For the reasons described above, the Clerk of Court shall keep ECF Nos. 124-1, 132-1, and 132-2 temporarily under seal and accessible only to selected parties, pending additional submissions by the parties. The Clerk of Court is respectfully directed to close out ECF Nos. 131 and 135.

**SO ORDERED.**

DATED:   New York, New York
         December 14, 2023

*(signature)*
VICTORIA REZNIK
United States Magistrate Judge