UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IBM CORPORATION,

                     Plaintiff,

       -against-

MICRO FOCUS (US) INC.,

                     Defendant.
------------------------------------------------------------------X

22-cv-9910 (VB)(VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Currently before the Court is Defendant's request for sanctions against Plaintiff for their "misconduct in discovery and disregard for the rules governing a Rule 30(b)(6) deposition."[1] (ECF No. 124).  Specifically, Defendant seeks an order: (a) compelling Plaintiff to pay its expenses and attorneys' fees for traveling to London to take a 30(b)(6) deposition of Steve Wallin; (b) prohibiting Plaintiff from introducing any evidence at trial in support of its claims or allegations on the noticed topics; (c) an adverse inference that Plaintiff has no evidence to support its claims of copying and infringement; and (d) granting all other appropriate relief.  *Id.*  Defendant contends that sanctions are warranted because Plaintiff's counsel (1) "fail[ed] to prepare Mr. Wallin" for the deposition, (2) inappropriately invoked privilege and "engaged in improper speaking objections" during the deposition, and (3) "obstructed Micro Focus' ability to conduct a meaningful deposition by serving supplemental contention interrogatory objections just hours before the deposition." *Id.*

---

[1] After the submission of this request for sanctions, on December 7, 2023, the Court conducted a telephonic discovery conference and resolved several disputes regarding the production of documents and scheduling of discovery deadlines.

1

Plaintiff counters that Defendant is "cherry-picking excerpts from Steve Wallin's deposition transcript to create a false narrative. (ECF No. 132). Specifically, Plaintiff's counsel contends that they (1) properly prepared Mr. Wallin; (2) properly objected and invoked privilege regarding "a pre-suit investigation;" and (3) timely responded to Defendant's contention interrogatories, even though they were improperly served "at the start of discovery." *Id*.

For the reasons set forth below, Defendant's request is **DENIED**.

## DISCUSSION

Defendant claims that "Mr. Wallin testified that his preparation for the deposition that covered **54** topics consisted of a five-minute discussion with another IBM employee" and that Mr. Wallin "even said that he did not 'prepare' for the deposition, and that he did not understand what the word 'prepare' means." (ECF No. 124 at 2).[2] But Defendant omits from their letter-motion that Mr. Wallin later clarified his testimony:

> "By 'prepared' my interpretation of that was did I learn anything new, which is why I called out that I had spoken to Meredith Stowell because in that conversation I learned something that I didn't know before. For the last two days I have been here at these offices preparing but I didn't learn anything new. So in terms of preparation, I think that is where the difference of interpretation of those words came from, so I just wanted to make sure that was clear[.]"

(ECF No. 132-1 at 20 - 21)

Thus, it appears to the Court that Defendant has overstated Mr. Wallin's lack of preparation. But more importantly, of the 54 topics about which Mr. Wallin was designated to testify, Defendant has not clearly identified any specific questions or topics that Mr.

---

[2] Unless otherwise stated, cited page numbers refer to the blue page numbers printed at the top of each ECF page.

Wallin was unable to answer meaningfully due to insufficient knowledge or preparation. At most, Defendant provides one example in which Mr. Wallin could not recall which specific versions of Micro Focus Enterprise Server and Enterprise Developer were being referred to in IBM's complaint.  (ECF No. 124 at 2).  But for a Court to impose sanctions for inadequacies in the testimony of a 30(b)(6) witness, the inadequacies "must be egregious and not merely lacking in desired specificity in discrete areas." *Agniel v. Cent. Park Boathouse LLC*, No. 12 CIV. 7227 NRB, 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015) (internal quotation and citation omitted) (denying a request for sanctions even though Plaintiff's counsel "insufficiently prepared" a Rule 30(b)(6) witness on three of nine noticed topics, because the witness could sufficiently testify as to six of the nine matters, and thus counsel's time "was surely not wasted").  In the Court's view, the deposition excerpts submitted by the parties did not reveal any "egregious" inadequacies, and sanctions are not warranted.[3]

Next, Defendant argues that Plaintiff improperly invoked privilege and engaged in speaking objections.  (ECF No. 124 at 2 – 3).  Plaintiff counters that "all the questions to which IBM objected concerned a pre-suit investigation that Mr. Wallin conducted at the direction of IBM's attorneys[.]"  (ECF No. 132 at 3).  Based on the parties' submissions, it is unclear whether and to what extent the parties understood – before the deposition – that certain of the 30(b)(6) topics might touch upon IBM's pre-suit investigation and, therefore,

---

[3] Defendant specifically requested that Plaintiff pay for their expenses and attorneys' fees associated with preparing for and traveling to London to take Mr. Wallin's deposition.  (ECF No. 124 at 3).  But the Court notes the representation from Plaintiff's counsel that Defendant's "attorneys had been in London for almost a week before Mr. Wallin's deposition preparing Micro Focus' witnesses who were deposed the day before and two days later," and that Defendant's attorneys then remained in London for subsequent depositions.  (ECF No. 132 at 3).  This additional context indicates that Defendant likely did not incur travel expenses solely related to Mr. Wallin's deposition.

elicit privilege objections. Nor is it clear from the excerpted transcript that Plaintiff improperly invoked the attorney client privilege. Without more information, the Court will not issue sanctions based on Plaintiff's invocation of privilege.[4] But the Court will caution both parties not to engage in speaking objections.[5]

Lastly, Defendant contends that sanctions are appropriate because Plaintiff's counsel served contention interrogatory responses just hours before Mr. Wallin's deposition. (ECF No. 124). Indeed, at the December 7, 2023, telephonic discovery conference, defense counsel stated in substance that she would like to question Mr. Wallin again regarding information contained in those responses. It is unclear from the parties' submissions whether any of the 30(b)(6) deposition topics were intended to cover IBM's contention interrogatory responses, which would directly impact their timeliness. Even so, the Court agrees that the timing of IBM's submission of a 100+ page document – the night before the 30(b)(6) deposition – inevitably limited Defendant's ability to meaningfully review the responses before the deposition. While the Court does not find that a showing was made that sanctions are appropriate (particularly the extreme sanctions proposed by Defendant), the Court will direct the parties to meet and confer, at Defendant's request, about scheduling the

---

[4] The Court also notes that Defendant did not file a motion to compel the information over which Plaintiff asserts privilege, instead choosing to seek sanctions because Plaintiff invoked the privilege.

[5] Rule 30(c)(2) of the Federal Rules of Civil Procedure provides that "[a]n objection must be stated concisely in a nonargumentative and nonsuggestive manner." Sanctions for speaking objections are appropriate when the objections are pervasive, clearly intended to cause problems, and frustrate the proceedings. *See, e.g., Morales v. Zondo, Inc.,* 204 F.R.D. 50, 54 (S.D.N.Y. 2001) (sanctioning an attorney who "appear[ed] on more than 85 percent of the pages of the deposition transcript (216/241) with statements other than an objection as to form or a request to the court reporter to read back a question). Here, the transcript reveals that any speaking objections that occurred were not so pervasive or disruptive as to warrant sanctions.

deposition of a witness to testify about the information contained in IBM's supplemental contention interrogatory answers.[6]

## CONCLUSION

For the reasons above, Defendant's request is **DENIED.** The parties shall meet and confer by no later than January 10, 2024, about scheduling the deposition of a witness to testify about the information contained in IBM's supplemental contention interrogatory answers.

**SO ORDERED.**

DATED:   White Plains, New York
         1/3/2024

_____
VICTORIA REZNIK
United States Magistrate Judge

---

[6] The Court notes that, under Fed. R. Civ. P. 30(b)(6), a party is only required to produce a witness who will be able to provide complete, knowledgeable, and binding answers, and not necessarily the witness with the greatest knowledge of the subject matter. *See Spanski Enterprises, Inc. v. Telewizja Polska*, S.A., No. 10 CIV. 4933 ALC GWG, 2013 WL 81263, at *6 (S.D.N.Y. Jan. 8, 2013).

5