**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IBM CORPORATION, : : : Plaintiff, : v. : : MICRO FOCUS (US), INC., : : Defendant. : | Civil Action No. 22-cv-9910 |

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER**

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY............................................................................................................ 3

STANDARD OF REVIEW ............................................................................................................ 3

ARGUMENT .................................................................................................................................. 4

    I.    Magistrate Judge Reznik erred by issuing the Order without permitting Micro Focus to submit additional briefing (or present oral argument)................... 4

    II.    Magistrate Judge Reznick erred by granting relief to Micro Focus— ordering another deposition of IBM's corporate designee—but failing to award Micro Focus its fees. ..................................................................................... 5

    III.    Magistrate Judge Reznik erred in finding that Wallin was appropriately prepared to testify. ............................................................................................... 6

    IV.    Magistrate Judge Reznik erred by failing to sanction IBM for improperly invoking the attorney-client privilege and the work product doctrine and refusing to provide relevant, discoverable information. ......................................... 9

CONCLUSION............................................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Agniel v. Central Park Boathouse, LLC*,
   2015 WL 463971 (S.D.N.Y. Jan. 26, 2015) ..............................................................................8

*Antolini v. McCloskey*,
   2021 WL 5411176 (S.D.N.Y. Nov. 19, 2021) .........................................................................11

*Bush v. Element Financial Corp.*,
   2016 WL 8814347 (S.D.N.Y. Dec. 13, 2016) ......................................................................6, 7

*Costabile v. Westchester, New York*,
   254 F.R.D. 160 (S.D.N.Y. 2008) ............................................................................................11

*Easley v. Cromartie*,
   532 U.S. 234 (2001) .................................................................................................................4

*Fielding v. Tollaksen*,
   510 F.3d 175 (2d Cir. 2007) .....................................................................................................3

*Fort Worth Employees' Retirement Fund v. JP Morgan & Chase Co.*,
   2013 WL 6439069 (S.D.N.Y. Dec. 9, 2013) ..........................................................................12

*In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*,
   731 F.2d 1032 (2d Cir. 1984)..................................................................................................10

*Residential Funding Corp. v. DeGeorge Financial Corp.*,
   306 F.3d 99 (3d Cir. 2002)...................................................................................................6, 9

*Rouviere v. DePuy Orthopaedics, Inc.*,
   560 F.Supp.3d 774 (S.D.N.Y. 2021) ........................................................................................4

*Thai Lao Lignite (Thailand) Co., Ltd. v. Government of the Lao People's
   Democratic Republic*,
   924 F.Supp.2d 508 (S.D.N.Y. 2013) ........................................................................................4

*The Fashion Exchange, LLC v. Hybrid Promotions, LLC*,
   333 F.R.D. 302 (S.D.N.Y. 2019) ..............................................................................................7

*United States Securities & Exchange Commission v. Collector's Coffee, Inc.*,
   337 F.R.D. 70 (S.D.N.Y. 2020) ..............................................................................................11

*Upjohn Co. v. United States*,
   449 U.S. 383 (1981)................................................................................................................11

Case 7:22-cv-09910-VB-VR   Document 154   Filed 01/17/24   Page 4 of 17

*Walpert v. Jaffrey*,
    127 F.Supp.3d 105 (S.D.N.Y. 2015)..........................................................................................6

iii

Defendant Micro Focus (U.S.), Inc. ("Micro Focus"), through its undersigned counsel and in accordance with Fed. R. Civ. P. 72, respectfully objects to the Order (ECF No. 149) entered by Magistrate Judge Reznik ("Order") denying Micro Focus' request that Plaintiff IBM Corporation ("IBM") be sanctioned for misconduct during the deposition of IBM's corporate designee.

## PRELIMINARY STATEMENT

IBM has sued Micro Focus for alleged copyright infringement. At the same time, IBM has pursued a discovery strategy of evasion, delay, and non-disclosure with respect to its theory of infringement. Since IBM filed its First Amended Complaint ("FAC") on January 6, 2023 (ECF No. 39), Micro Focus has sought to discover the core facts on which IBM relies to assert that Micro Focus has infringed its alleged copyrights. Despite the obvious discoverability of the information Micro Focus has sought for several months, IBM has stonewalled Micro Focus. For example, IBM's Rule 26 initial disclosures identified just one (1) person with knowledge of the facts of this case—a case in which IBM seeks millions of dollars in damages. This person was Steve Wallin ("Wallin"), an IBM executive who oversees the development and operation of the software at issue in this case.[1] As a further example, despite Micro Focus' good-faith attempts to resolve the issues, IBM refused to supplement its wholly deficient interrogatory answers—until it executed a classic eleventh-hour "document dump." At nearly 11:00 PM the night before Wallin's deposition (the person IBM chose to be its Rule 30(b)(6) designee on topics that included IBM's interrogatory answers), IBM dumped literally hundreds of pages of supplemental contention interrogatory answers on Micro Focus. In short, IBM has failed to comply with its most basic obligation under the rules of discovery, *i.e.*, to disclose the facts on which it brings its lawsuit.

---

[1] Later, IBM identified just two (2) more persons with knowledge, for a grand total of three people whom IBM claims to have material knowledge of the facts of this purported multimillion dollar copyright infringement suit.

1

IBM's stonewalling continued during Wallin's deposition, which took place on November 29 in London, U.K. (the location selected by IBM). Micro Focus timely served a Notice of Deposition.[2] IBM designated Wallin to testify on its behalf as to 54 of the 63 noticed topics.[3] Naturally, Micro Focus and its counsel spent a substantial amount of time and resources to prepare for and take this deposition overseas. Wallin appears to be IBM's key witness; he was (incredibly) the only person identified in its initial disclosures as a person with knowledge of the facts of this case; and he was the person designated to testify on IBM's behalf for nearly all noticed topics. Micro Focus was ready to undertake a serious, good-faith examination of Wallin to attempt to understand the alleged factual underpinnings of IBM's claims.

It became immediately apparent during Wallin's deposition that IBM had no intention of operating in a good faith manner or complying with the Federal Rules of Civil Procedure.[4] IBM failed to properly prepare Wallin to testify, and IBM's counsel acted in an improper manner throughout the proceeding. Counsel instructed Wallin not to answer numerous questions on the grounds of the attorney-client privilege or work-product doctrine, despite there being no basis for such objections. On top of it all, as noted above, IBM unloaded voluminous supplemental contention interrogatory answers on Micro Focus just hours before the Wallin deposition began, effectively preventing any examination into the information contained therein. IBM and its counsel should be sanctioned.

---

[2]    A copy of the Notice of Deposition is attached hereto as ***Exhibit 1***.
[3]    A copy of IBM's objections is attached as ***Exhibit 2***. The specific topics for which Wallin was designated to testify are: 1, 3–5, 6, 7–11, 12, 13–16, 17, 18–24, 25, 26, 27–43, 52–56, 57, and 58–63.
[4]    A complete copy of the Wallin deposition transcript is attached as ***Exhibit 3***.

**PROCEDURAL HISTORY**

On December 1, 2023, Micro Focus submitted a 3-page letter motion ("Letter Motion") to Magistrate Judge Reznik, seeking sanctions *and* all other appropriate relief stemming from Wallin's deposition, including IBM's last-minute document dump. (ECF No. 124.) Micro Focus was limited to a 3-page letter by Magistrate Judge Reznik's Individual Practices (§ 2.A.). Micro Focus expressly requested that it be heard on its request for sanctions at a telephonic conference that was already scheduled for December 7.[5] (*See* ECF No. 124 at 1.)

On January 3, without briefing or argument, Magistrate Judge Reznik issued a short Order (a) denying the Letter Motion and declining to sanction IBM, but (b) ordering the parties to meet and confer about scheduling another deposition of an IBM Rule 30(b)(6) designee to testify about the "information contained in IBM's supplemental contention interrogatory answers" that had been served the night before Wallin's deposition. (*See* ECF No. 149 at 4-5.) Indeed, Magistrate Judge Reznik found that Micro Focus had been prejudiced by IBM's late-night production: "the Court agrees that the timing of IBM's submission of a 100+ page document—the night before the 30(b)(6) deposition—inevitably limited Defendant's ability to meaningfully review the responses before the deposition." (*Id.* at 4.)

**STANDARD OF REVIEW**

When a Magistrate Judge issues a pretrial order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007). "A magistrate's ruling is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure, and is clearly erroneous if the district court is left with the

---

[5]   IBM opposed the requested sanctions in a letter submitted on December 6. (ECF No. 132.)

3

definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thailand) Co., Ltd. v. Government of the Lao People's Democratic Republic*, 924 F.Supp.2d 508, 512 (S.D.N.Y. 2013) (citing *Easley v. Cromartie,* 532 U.S. 234, 242 (2001)).[6] Although a Magistrate Judge has substantial discretion in resolving discovery disputes, objections to such orders must be sustained if that discretion is abused. *Thai Lao*, 924 F.Supp.2d at 511; *see also Rouviere v. DePuy Orthopaedics, Inc.*, 560 F.Supp.3d 774, 783-84 (S.D.N.Y. 2021).

## ARGUMENT

**I.      Magistrate Judge Reznik erred by issuing the Order without permitting Micro Focus to submit additional briefing (or present oral argument).**

Wallin's deposition transcript (***Ex. 3***) is 266 pages long and includes numerous exhibits. The issues identified in Micro Focus' Letter Motion are serious and numerous and certainly require more than a 3-page letter to fully develop with legal and factual support. Those issues include literally dozens of privilege objections and instructions not to answer; convoluted and conflicting testimony from Wallin about his preparation for the deposition (or lack thereof); and 100+ pages of contention interrogatory answers that were dumped on Micro Focus.

These issues required an appropriate examination of the deposition testimony, analysis, and discussion of relevant case law. This is simply not practical within the confines of a brief 3-page letter. The required brevity of the Letter Motion (and IBM's response, too) shows that Micro Focus was not given a full, fair, and appropriate opportunity to present its arguments. The fundamental unfairness to Micro Focus was underscored by the refusal to permit Micro Focus to argue the merits of its Letter Motion at the December 7 teleconference, which was already scheduled, notwithstanding the fact that IBM had filed its response letter the day prior.

---

[6]      Unless otherwise noted herein, internal citations and quotations are omitted.

4

In fact, the findings in the Order demonstrate that the Court would have benefited from further development of the arguments. For example, in the short ruling that sanctions were not appropriate based on counsel's privilege objections, Magistrate Judge Reznik observed that her fact-finding was impeded by the brevity of the arguments that had been presented. (*See* ECF 149 at 3-4.) She held, "[n]or is it clear from the excerpted transcript that Plaintiff improperly invoked the attorney-client privilege. *Without more information*, the Court will not issue sanctions based on Plaintiff's invocations of privilege." (*Id.* at 4; emphasis added.) Yet Magistrate Judge Reznik prevented Micro Focus from providing the additional information that she (admittedly) required to properly assess the issue. In two other instances in the Order, Magistrate Judge made rulings denying sanctions despite saying that the issues were "unclear" from the parties' 3-page letter submissions. (ECF No. 149 at 3-4.) It is an abuse of discretion to resolve contested issues in litigation without relevant information and without providing the movant with a fair opportunity to provide that information. Accordingly, at minimum, the Court should direct Magistrate Judge to vacate the Order and permit an appropriate briefing of the issues.

**II.     Magistrate Judge Reznik erred by granting relief to Micro Focus—ordering another deposition of IBM's corporate designee—but failing to award Micro Focus its fees.**

As described above, Magistrate Judge Reznik found that IBM had acted improperly by producing over 100 pages of contention interrogatory answers at nearly 11:00 PM before the Wallin deposition. (ECF No. 149 at 4.) It is equally clear that she found that this improper conduct prejudiced Micro Focus; it "inevitably limited Defendant's ability to meaningfully review the responses before the deposition." (*Id.*) Based on these findings, Magistrate Judge Reznik ordered the parties to meet and confer in order to agree upon an additional deposition, effectively compelling an IBM Rule 30(b)(6) designee to sit again for a deposition. (*Id.* at 4-5.)

5

However, notwithstanding these findings, Magistrate Judge Reznik failed to award Micro Focus its fees associated with pursuing the Letter Motion or associated with having to take another deposition (a deposition necessitated by IBM's strategic decision to dump 100+ pages of contention interrogatory answers on Micro Focus on the eve of the Wallin deposition). It is inherently inefficient and costly for Micro Focus to prepare for and take another deposition after having invested so heavily in traveling to London, England, for Wallin's first deposition. Micro Focus should not be required to shoulder the additional expenses caused by IBM's gamesmanship. Magistrate Judge Reznick did not, unfortunately, address the issue. Micro Focus respectfully contends that this was an abuse of discretion under the circumstances of discovery misconduct that was determined to be prejudicial. The Court has ample authority to award Micro Focus its fees and expenses. *See Residential Funding Corp. v. DeGeorge Financial Corp.*, 306 F.3d 99, 106-07 (3d Cir. 2002). ("Even in the absence of a discovery order, a court may impose sanctions on a party for misconduct in discovery under its inherent power to manage its own affairs."); *Walpert v. Jaffrey*, 127 F.Supp.3d 105, 122 (S.D.N.Y. 2015) ("In addition to the sanctions authorized under the Federal Rules, federal courts have the inherent power to sanction a party for conduct that constitutes an abuse of the judicial process").

### III. Magistrate Judge Reznik erred in finding that Wallin was appropriately prepared to testify.

It is axiomatic that a corporate litigant like IBM must reasonably prepare its Rule 30(b)(6) witness to substantively testify as to all designated topics. In *Bush v. Element Financial Corp.*, 2016 WL 8814347, at *2 (S.D.N.Y. Dec. 13, 2016), for example, this Court articulated the basic duty of a party to prepare its corporate deposition designee:

> To satisfy Rule 30(b)(6), *the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.* After a deposing party serves a satisfactory

> notice, the responding party must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the party noticing the deposition *and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed as to the relevant subject matters.*

(Emphasis added.) The witness must be prepared to testify "to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.* Significantly, for sanctions purposes, "[p]roducing an unprepared witness is tantamount to a failure to appear." *Id.;* see also *The Fashion Exchange, LLC v. Hybrid Promotions, LLC*, 333 F.R.D. 302, 307-08 (S.D.N.Y. 2019) (a Rule 30(b)(6) witness who physically appears but is unprepared will be treated as failing to appear and will subject the corporate litigant to sanctions under Fed. R. Civ. P. 37).

Notwithstanding the precedent under consideration, Magistrate Judge Reznik found that Wallin was sufficiently prepared—at least, sufficiently enough to avoid sanctions. Magistrate Judge Reznik noted that Wallin had "clarified" his level of preparation by testifying that he supposedly prepared with IBM's counsel for "two days" immediately prior to his deposition. (ECF No. 149 at 2.) █████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████

████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

████

████████████████████████████████████

███████████



Wallin's lack of preparation was apparent in his inability to answer several questions.

The transcript bears witness to Wallin's lack of preparation, notwithstanding his post hoc "clarification."

Magistrate Judge Reznik cited one opinion of this Court, *Agniel v. Central Park Boathouse, LLC*, 2015 WL 463971 (S.D.N.Y. Jan. 26, 2015), to support her ruling. *Angiel* is inapposite. In that case, Judge Buchwald declined to award monetary sanctions for an ill-prepared Rule 30(b)(6) witness based in large part on the facts that the deposition had occurred over the course of two days (and thus elicited a substantial amount of substantive information) and, significantly, the parties had already agreed to remedy the lack of preparedness by continuing the deposition. *Id.* at *3. These facts are simply not present here.

At minimum, if she were not inclined to sanction IBM, Magistrate Judge Reznik should have compelled IBM to prepare a witness to answer the questions Wallin could not answer and

8

award Micro Focus the fees associated with taking that deposition.[7]  Such an order would be sensible in light of Magistrate Judge Reznik's ruling that a further deposition is already necessary because of IBM's belated production of interrogatory answers.  It is a clear error to provide no relief in the face of a Rule 30(b)(6) deposition designee who admittedly "didn't do preparation" and, therefore, could not answer numerous questions seeking discoverable information.

IV. **Magistrate Judge Reznik erred by failing to sanction IBM for improperly invoking the attorney-client privilege and the work product doctrine and refusing to provide relevant, discoverable information.**

Magistrate Judge Reznik declined to sanction IBM based on its improper invocations of the work product doctrine and attorney-client privilege merely because she lacked sufficient information based on the parties' competing 3-page submissions. (ECF No. 149 at 3–4.)  However, rather than order more briefing on the issue so that the arguments could be fully developed, Magistrate Judge Reznik used the lack of information as the *sole basis* for declining to award sanctions.  (*Id.*)  As addressed above, this itself was clearly erroneous.  Magistrate Judge Reznik should have permitted further briefing and argument.

Had further briefing been ordered, the Court would see that IBM and its counsel made numerous baseless objections intended to shield discoverable information from being disclosed.

███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████████████████████████

---

[7]  Although the primary relief sought by Micro Focus in the Letter Motion was monetary sanctions, it also clearly requested "*all other appropriate relief*." (ECF No. 124 at 3; emphasis added.)  Further, there is no question that this Court has inherent authority to award sanctions and fashion discovery orders in its discretion as part and parcel of its power to manage the litigation.  *See Residential Funding Corp.*, 306 F.3d at 106–07.

9



- software (*id.*);

These questions plainly seek discoverable information. They seek information that goes to the heart of the alleged copyright infringement being alleged by IBM. Wallin purportedly is the man who concluded that copying had occurred; yet, remarkably, IBM refused to permit him to testify as to the particulars of how he reached that conclusion.

The information sought by Micro Focus was not protected from disclosure by the attorney-client privilege. The privilege protects from disclosure certain confidential ***communications*** between the attorney and the client. *See In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1036-38 (2d Cir. 1984). Indeed,

10

in its letter brief to Magistrate Judge Reznik, IBM did not argue otherwise. (*See* ECF No. 132 at 3.) Moreover, it is well settled that "[t]he privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

The information sought by Micro Focus was also not protected from disclosure by the work product doctrine. The work product doctrine attaches to ***documents*** prepared in anticipation of litigation; the substance of those documents generally may not be discovered.[8] *See United States Securities & Exchange Commission v. Collector's Coffee, Inc.*, 337 F.R.D. 70, 74 (S.D.N.Y. 2020). In *Costabile v. Westchester, New York*, 254 F.R.D. 160, 163–64 (S.D.N.Y. 2008), this Court explained:

> The *party asserting work product protection bears the burden* of demonstrating that the doctrine applies and that it has not been waived. The burden is a heavy one, and *three conditions must be met to earn work product protection*. The material must (1) be *a document or a tangible thing*, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by his representative.

(Emphasis added.) Simply put, none of the questions posed to Wallin during his deposition sought the disclosure of the substance of *any* document. As such, IBM cannot satisfy its "heavy burden" of demonstrating that the work product doctrine applies here. The questions sought factual information relevant to the claims being asserted by IBM.

Fed. R. Civ. P. 30(d)(2) authorizes courts to impose any "appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party— on a person who impedes, delays, or frustrates the fair examination of the deponent." *See Antolini v. McCloskey*, 2021 WL

---

[8] IBM appears to agree. In its letter to Magistrate Judge Reznik, it argued that the work product doctrine protects against the disclosure of "documents prepared in anticipation of litigation and deposition testimony concerning the substance of such work." (ECF No. 132 at 3.)

5411176, at *7 (S.D.N.Y. Nov. 19, 2021) (and cases cited therein). The conduct of IBM's counsel in making numerous unfounded privilege and work product objections is more than worthy of appropriate sanctions.[9] If not, then at minimum, IBM should be compelled to re-produce Wallin to answer the questions at his next deposition. Magistrate Judge Reznik clearly erred by providing no relief whatsoever.

## CONCLUSION

For all of the foregoing reasons, Micro Focus respectfully requests the Court to sustain these Objections, appropriately sanction IBM, and grant any other appropriate relief.

---

[9] Counsel's unfounded privilege objections and instructions not to answer should be considered in light of his rampant speaking objections during the deposition, which only strengthens the case for sanctions here. *Fort Worth Employees' Retirement Fund v. JP Morgan & Chase Co.*, 2013 WL 6439069, at *4 (S.D.N.Y. Dec. 9, 2013) (an objection must "be stated concisely in a nonargumentative and nonsuggestive manner . . . speaking objections that cue a witness how to answer (or avoid answering) a question are prohibited"). ▮

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 17, 2024 | */s/ Timothy J. Carroll* <br> VENABLE LLP <br> Timothy J. Carroll* <br> 227 West Monroe Street, Suite 1900 <br> Chicago, IL 60606 <br> Tel: 312.820.3400 <br> Fax: 312.820.3401 <br> TJCarroll@Venable.com <br><br> VENABLE LLP <br> Marcella Ballard <br> Maria R. Sinatra <br> 151 West 42nd Street, 49th Floor <br> New York, NY 10036 <br> Tel: 212.307.5500 <br> Fax: 212.307.5598 <br> MBallard@Venable.com <br> MRSinatra@Venable.com <br><br> VENABLE LLP <br> Stephen K. Yam* <br> 600 Massachusetts Avenue, NW <br> Washington, DC 20001 <br> Tel: 202.344.4000 <br> Fax: 202.344.8300 <br> SYam@Venable.com <br><br> *Admitted *Pro Hac Vice* <br> Attorneys for Micro Focus (U.S.), Inc. |

62260381/1

13