UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IBM CORPORATION,

                                      Plaintiff,

            -against-

MICRO FOCUS (US), INC.

                                   Defendants.
------------------------------------------------------------------

22-cv-9910 (VB)(VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Currently before the Court are the parties' requests to seal portions of Plaintiff's Rule 72 Objections and Exhibit 3 attached to it. (ECF Nos. 152, 157). For the reasons that follow, the parties' requests are **GRANTED**.

## BACKGROUND

      On January 17, 2024, Defendant filed Rule 72 Objections (ECF No. 153) and requested that Exhibit 3 to those objections (ECF No. 153-3) remain under seal. (ECF Nos. 152). Defendant also filed a public copy of ECF No. 153 with proposed redactions to any references to Exhibit 3. (ECF No. 154).[1] On January 25, 2024, Plaintiff filed a response that agrees with sealing Exhibit 3, because it contains non-public, confidential, and highly confidential information, the release of which would cause them to suffer prejudice. (ECF No. 157). Plaintiff does not identify any objection to the proposed redactions to ECF No. 153 (ECF No. 154) publicly filed by Defendant. (*Id.*)

---

[1] The public filing also includes publicly filed versions of ECF Nos. 153-1 and 153-2, which the parties do not seek to seal.

## **DISCUSSION**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting <u>Lugosch</u>, 435 F.3d at 119). To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50. Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.,* No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

The Court has reviewed the parties' submissions and determined that the documents at issue are judicial documents, because they were submitted in connection with resolving Defendant's Rule 72 objections. In addition, Exhibit 3 (ECF No. 153-3) appears to contain confidential commercial information, so shall remain under seal and only accessible to selected

parties. Also, the proposed redactions to ECF No. 153 are narrowly tailored to correspond only to references to Exhibit 3, and thus shall remain publicly available. (ECF No. 154).

## **CONCLUSION**

For the reasons described above, the Clerk of Court shall maintain ECF Nos. 153 and 153-1 to 153-3 as under seal and available only to selected parties.

To the extent any documents referred to in this Order are only designated by the protective order (ECF No. 113) as highly confidential until the end of the review period (30 days after the final transcripts are available), the parties shall inform the Court via a joint letter when the review period has ended. If the parties wish to maintain any such documents under seal after the review period ends, the parties' letter should state the basis for doing so.

**SO ORDERED.**

DATED:   New York, New York
         January 30, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge