UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IBM CORPORATION,

                                        Plaintiff,                          22-cv-9910 (VB)(VR)

                    -against-                                               **ORDER**

MICRO FOCUS (US), INC.

                                        Defendants.
------------------------------------------------------------------

**VICTORIA REZNIK, United States Magistrate Judge:**

Currently before the Court are the parties' requests to seal Plaintiff's opposition to

Defendant's motion for a protective order, as well as Plaintiff's reply. (ECF Nos. 139, 145, 150,

and 151). For the reasons that follow, the parties' requests are **GRANTED**.

**BACKGROUND**

On December 4, 2023, Defendant filed a motion for a protective order. (ECF No. 127).

Plaintiff filed their opposition temporarily under seal on December 18, 2023, and included ten

exhibits. (ECF Nos. 140, 140-1 to 140-10).[1] On January 2, 2023, Defendant filed a reply

temporarily under seal and included twelve exhibits. (ECF Nos. 146, 146-1 to 146-12).[2] This

Court directed the parties to meet, confer, and file joint submissions regarding what portions of

the above-referenced documents should remain under seal and accessible only to selected parties.

(ECF Nos. 143, 148). On January 5, 2024, the parties filed their joint letter regarding sealing

Plaintiff's opposition (ECF No. 150), and on January 10, 2024, they filed their joint letter as to

sealing Defendant's reply. (ECF No. 151). Neither party objects to any of the redactions or

requests to seal proposed by their adversary. (ECF Nos. 150, 151).

---

[1] Plaintiff also filed a public version of these documents. (ECF Nos. 141 and 141-1 to 141-10).
[2] Defendant also filed a public version of these documents. (ECF Nos. 147 and 147-1 to 147-12).

**DISCUSSION**

The common law and the First Amendment accord a presumption of public access to judicial documents.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).  A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'"  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting <u>Lugosch</u>, 435 F.3d at 119).  Here, each of the parties' submissions are "judicial documents," because they were submitted in connection with resolving Defendant's motion for a protective order.  To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50.  Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information.  *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.,* No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

After reviewing the parties' submissions and proposed redactions, the Court makes the following rulings on which documents should remain under seal and accessible only to selected parties, and the scope of any such sealing:

**ECF No. 140** contains confidential commercial information and shall remain under seal and only accessible to selected parties. The parties also submitted proposed redactions, filed as ECF No. 141. The Court interprets the parties' January 5 Letter (ECF No. 150 at 2) as a joint request to maintain all redactions contained in ECF No. 141. The Court finds that **ECF No. 141** contains narrowly tailored redactions and shall remain accessible to the public.

**ECF Nos. 140-1 to 140-5, 140-7, 140-8, 140-10, 146-1, 146-6, and 146-12** contain confidential commercial information and shall remain under seal and only accessible to selected parties.

**ECF No. 140-6** contains confidential commercial information and shall remain under seal and only accessible to selected parties. The parties submitted proposed redactions, filed as ECF No. 150-1.  The Court finds that **ECF No. 150-1** contains narrowly tailored redactions and shall remain accessible to the public.

**ECF No. 140-9** contains confidential commercial information and shall remain under seal and only accessible to selected parties. The parties submitted proposed redactions to ECF No. 140-9, filed as ECF No. 150-2.  Unlike the proposed redactions in ECF No. 150-1, which are black redaction bars, the proposed redactions contained in ECF No. 150-2 are yellow highlights. The Court finds that ECF No. 150-2 contains narrowly tailored redactions and directs the parties to re-file the document contained in ECF No. 150-2 with the yellow highlights in the form of black redaction bars.  The Clerk of Court is directed to change the viewing level for **ECF No. 150-2** to "under seal" and accessible only to selected parties.[3]

**ECF No. 146** contains confidential commercial information and shall remain under seal and only accessible to selected parties. The parties submitted proposed redactions, filed as ECF

---

[3] If the Court has misinterpreted the parties' sealing request for ECF No. 140-9, the parties should submit a letter providing clarification.

No. 147.  Based on the parties' January 10 Letter, it appears that they do not seek to maintain all the proposed redactions in ECF No. 147, but instead only seek to maintain the redaction to page 4, footnote 1, and the redaction to page 10.  (ECF No. 151 at 2).  The Court finds the redactions proposed in the January 10 Letter to be narrowly tailored and directs the parties to file a version of ECF No. 146 that only contains the proposed redactions to page 4, footnote 1, and page 10, as described above.[4]

**ECF Nos. 146-2 to 146-5 and 146-7 to 146-11** are not exhibits that the parties seek to seal.  Consequently, the Clerk of Court is directed to change the viewing level of **ECF Nos. 146-2 to 146-5 and 146-7 to 146-11** to public.

## CONCLUSION

For the reasons described above, the Clerk of Court is respectfully requested to do the following:

(1) maintain ECF Nos. 140, 140-1 to 140-10, 146, 146-1, 146-6, and 146-12 under seal and accessible only to selected parties;

(2) change the viewing level of ECF No. 150-2 to under seal and accessible only to selected parties; and

(3) classify ECF Nos. 141, 146-2 to 146-5, 146-7 to 146-11, and 150-1 as viewable to the public.

The parties shall re-file the document contained in ECF No. 150-2 with the yellow highlights in the form of black redaction bars.  The parties are also directed to file a version of ECF No. 146 that only contains the proposed redactions to page 4, footnote 1, and page 10, as described in ECF No. 151.

---

[4] If the Court has misinterpreted the parties' proposed redactions for ECF No. 146, the parties should submit a letter providing clarification.

To the extent any documents referred to in this Order are only designated by the protective order (ECF No. 113) as highly confidential until the end of the review period (30 days after the final transcripts are available), the parties shall inform the Court via a joint letter when the review period has ended. If the parties wish to maintain any such documents under seal after the review period ends, the parties' letter should state the basis for doing so.

**SO ORDERED.**

DATED:      New York, New York
            January 30, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge