UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
IBM CORPORATION,

                        Plaintiff,

         -against-

MICRO FOCUS (US), INC.

                        Defendants.
------------------------------------------------------------------

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/8/2024

22-cv-9910 (VB)(VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

       Currently before the Court are the parties' requests (ECF Nos. 160, 173) to seal exhibits 1 and 2 to Plaintiff's Opposition to Defendant's Rule 72 Objections (ECF Nos. 161-1, 161-2). For the reasons that follow, the parties' requests are **GRANTED**.

## BACKGROUND

       On January 17, 2024, Defendant filed Rule 72 Objections (ECF Nos. 153, 154).[1] On January 31, 2024, Plaintiff filed its opposition. (ECF Nos. 161, 162).[2] Plaintiff requested to seal exhibits 1 and 2 to their opposition (ECF Nos. 161-1, 161-2) as these documents have been designated as Confidential and Highly Confidential. (ECF No. 160). On February 7, 2024, Defendant filed a letter stating that they do not object to ECF Nos. 161-1 and 161-2 remaining under seal, as these documents contain nonpublic information and trade secrets. (ECF No. 173).

## DISCUSSION

       The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function

---

[1] ECF No. 154 is the publicly filed version of ECF No. 153.
[2] ECF No. 162 is the publicly filed version of ECF No. 161.

and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting <u>Lugosch</u>, 435 F.3d at 119). To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50. Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.,* No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

The Court has reviewed the parties' submissions and has determined that the documents at issue are "judicial documents" submitted in connection with resolving Defendant's Rule 72 objections. In addition, exhibits 1 and 2 (ECF Nos. 161-1, 161-2) appear to be marked "HIGHLY CONFIDENTIAL" and discuss confidential commercial information. Thus, exhibits 1 and 2 shall remain under seal and only accessible to selected parties.

## **CONCLUSION**

For the reasons described above, the Clerk of Court shall maintain ECF Nos. 161-1 and 161-2 as under seal and available only to selected parties.

To the extent any of the documents referred to in this Order are only designated by the protective order (ECF No. 113) as highly confidential until the end of the review period (30 days after the final transcripts are available), the parties shall inform the Court via a joint letter when the review period has ended.  If the parties wish to maintain any of these documents under seal after the review period ends, the parties' letter should state the basis for doing so.

**SO ORDERED.**

DATED:   New York, New York
         February 8, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge