UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IBM CORPORATION,

                                              Plaintiff,

              -against-

MICRO FOCUS (US), INC.

                                              Defendants.
-----------------------------------------------------------------

22-cv-9910 (VB)(VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Currently before the Court are the parties' requests (ECF Nos. 188, 190) to seal their joint letter regarding an outstanding discovery dispute (ECF No. 189), as well as the attached Exhibits A – F and 1 – 4 (ECF Nos. 189-1 to 189-10). For the reasons that follow, the parties' requests are **GRANTED IN PART**.

## DISCUSSION

      The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119). To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with

discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50. Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.,* No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

The Court has reviewed the parties' submissions and has determined that the documents at issue are "judicial documents" submitted in connection with resolving a discovery dispute, which creates a presumption of public access. For Exhibits A-F and 1-4 (ECF Nos. 189-1 to 189-10), that presumption is overcome by the confidential nature of the information disclosed. All exhibits have been marked "Highly Confidential" and appear to discuss non-public, commercially sensitive information. Exhibits A, F, 1, 2, and 3 are all deposition excerpts that appear to contain information regarding design and development processes internal and confidential to one or both parties. Exhibits B – E are private email correspondence relating to confidential and competitive business and technical information. And Exhibit 4 is an excerpt of interrogatories and responses that appear to contain non-public, commercially, and technically sensitive information.

But the same cannot be said for the parties' joint letter at ECF No. 189. Although the joint letter refers to some of the confidential information from the attached exhibits, there is no basis to seal the entire letter, which largely contains legal argument and citations to caselaw. Instead, the parties are directed to re-submit ECF No. 189 with proposed redactions that are

narrowly tailored to preserve any confidential or commercially sensitive information disclosed from the underlying exhibits.

## **CONCLUSION**

For the reasons described above, the Clerk of Court shall maintain 189-1 to 189-10 as under seal and available only to selected parties.  The Clerk of Court shall maintain ECF No. 189 temporarily under seal and available to selected parties pending submission of proposed redactions by the parties.

To the extent any of the documents referred to in this Order are only designated by the protective order (ECF No. 113) as highly confidential until the end of the review period (30 days after the final transcripts are available), the parties shall inform the Court via joint letter when the review period has ended.  If the parties wish to maintain any of these documents under seal after the review period ends, the parties' letter should state the basis for doing so.

**SO ORDERED.**

DATED:      New York, New York
            February 29, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge