```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/6/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IBM CORPORATION,

                        Plaintiff,

         -against-

MICRO FOCUS (US), INC.

                       Defendants.
------------------------------------------------------------------

22-cv-9910 (VB)(VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

On February 29, 2024, the Court directed the parties to submit proposed redactions to ECF No. 189. (ECF No. 191). On March 5, 2024, the parties submitted proposed redactions (ECF No. 193-1). For the reasons that follow, the parties' proposed redactions are **GRANTED**.

**DISCUSSION**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). A "judicial document" is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quoting *Lugosch*, 435 F.3d at 119). To overcome the presumption of public access, the court must make specific, on the record findings for each individual document that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest." *Lugosch*, 435 F.3d at 120 (citation omitted); *Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019). Although the presumption of public access attaches to all judicial documents, "the presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material

introduced at trial, or in connection with dispositive motions..." *Brown*, 929 F.3d at 41, 50. Courts in this District routinely permit parties to seal or redact commercially sensitive information to protect confidential business interests and financial information. *See, e.g., Rubik's Brand Ltd. v. Flambeau, Inc.,* No. 17-CV-6559 (PGG) (KHP), 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021); *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18-CV-6465 (PGG), 2020 WL 1435031, at *8-9 (S.D.N.Y. Mar. 24, 2020) (citing cases).

The Court has reviewed the parties' proposed redactions and determined that they are narrowly tailored and redact only commercially sensitive information to protect confidential business interests.

## **CONCLUSION**

For the reasons described above, the Clerk of Court shall maintain ECF No. 189 under seal and viewable only to selected parties and shall maintain the redacted version, ECF No. 193-1, as viewable to the public.

To the extent any of the redactions referred to in this Order are only designated by the protective order (ECF No. 113) as highly confidential until the end of the review period (30 days after the final transcripts are available), the parties shall inform the Court via joint letter when the review period has ended.  If the parties wish to maintain any of these documents under seal after the review period ends, the parties' letter should state the basis for doing so.

**SO ORDERED.**

DATED:   New York, New York
         March 6, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge

2