UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

IBM CORPORATION,

                        Plaintiff,

          -against-

MICRO FOCUS (US), INC.

                        Defendant.

------------------------------------------------------------------X

22cv9910 (VB)(VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

       In a joint letter submitted on February 22, 2023 (ECF No. 189), the parties have asked the Court to resolve the question of "whether IBM can seek damages for sales of allegedly infringing products outside of the United States based on alleged copying that occurred inside the United States." (*Id.* at 1). This question was initially raised by IBM during a pre-motion conference on December 7, 2023, in which IBM sought discovery from Micro Focus regarding its revenues from sales of the Accused Works in the United States and abroad. During that conference, the Court reserved judgment on whether financial data from non-parties outside the United States was relevant to IBM's claim and invited the parties to submit relevant authority by letter to address the issue more fully. Although the Court set no deadline for that letter, it is safe to say the Court assumed it would be raised much earlier than towards the end of expert discovery. In any case, the Court's reluctance to set a deadline and its suggestion that the parties raise this issue by joint letter seems to have contributed, at least in part, to the parties' delay in bringing this issue to the Court. As a result, the Court will not fault either party for the late timing and instead will address the merits of the dispute.

Having reviewed the relevant caselaw and the parties' submission, the Court finds that discovery into sales of the Accused Works outside the United States may be relevant to IBM's copyright claim against Micro Focus under the "predicate act" doctrine and related theories of contributory infringement. Copyright laws generally do not have extraterritorial application. *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988). But there is an exception to that general rule, as even Micro Focus acknowledges. If a defendant (1) commits a predicate infringing act – such as the unauthorized manufacture of copyrighted material – in the United States, and (2) the act permits further reproduction abroad, the defendant might be liable for related infringing acts outside the country. *Update Art, Inc.*, 843 F.2d at 73; *see also Craig v. UMG Recordings, Inc.*, 380 F.Supp.3d 324, 331 (S.D.N.Y. 2019); *Robert Stigwood Grp. Ltd. V. O'Reilly,* 530 F.2d 1096, 1101 (2d Cir. 1976). Here, IBM asserts that "Micro Focus copied IBM Works into the Accused Works in the United States" (ECF No. 189 at 2), and then sold those Accused Works abroad, either directly or through its foreign affiliates. (*Id.*) As alleged in IBM's operative complaint, "in addition to Micro Focus's direct liability for its own actions, it is indirectly liable for any infringement by its related entities and customers."  (ECF No. 39 at ¶ 54). These allegations are enough to put Micro Focus on notice of IBM's claim that Micro Focus engaged in predicate acts of infringement in the United States that permitted further reproduction abroad.  *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (noting that under the liberal notice pleading standard "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.") (internal quotation marks omitted).

For its part, Micro Focus mainly argues that the predicate act doctrine does not apply because there was no impermissible copying at all. (ECF No. 189 at 3-4). But whether Micro

Focus impermissibly "copied" IBM's material in the United States goes to the merits of IBM's claim, not to whether IBM is entitled to discovery on that claim. Parties may obtain discovery into any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *See Fed. R. Civ. P.* 26(b)(1).  As discussed above, the requested discovery is "relevant" to IBM's claim that Micro Focus engaged in a predicate act in the United States that permitted further reproduction abroad. IBM need not prove the merits of its claim to be entitled to discovery to try to prove it. Indeed, relevant discovery does not even need to be admissible to be discoverable. *Id.*

For these reasons, the Court finds that IBM may seek discovery from Micro Focus sufficient to show revenues from the sales of the Accused Works outside the United States. To be clear, the Court declines to reach any ruling on the merits of whether IBM, as a matter of law, is entitled to damages for sales of allegedly infringing products outside the United States. That question is better resolved on summary judgment or at trial, not as part of a discovery dispute.

Given the Court's ruling, the discovery conference scheduled for March 7, 2024, is cancelled. The parties are directed to meet and confer and submit a joint status letter by no later than Wednesday, March 13, 2024, advising the Court about whether the requested discovery impacts the current expert discovery deadlines and, if so, how the parties wish to proceed.

The Clerk of Court is respectfully directed to close out ECF No. 189.

**SO ORDERED.**

DATED:    White Plains, New York
         March 6, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge