```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IBM CORPORATION,                                  :
                              Plaintiff,          :         MEMORANDUM OPINION
v.                                                :         AND ORDER
                                                  :
MICRO FOCUS (US), INC.,                           :         22 CV 9910 (VB)
                              Defendant.          :
--------------------------------------------------------------x
```

Briccetti, J.:

Before the Court is defendant Micro Focus (US), Inc.'s objection, pursuant to Fed. R. Civ. P. 72(a), to Magistrate Judge Victoria Reznik's order of January 3, 2023 (Doc. #149 ("Order")), denying defendant's request for sanctions against plaintiff IBM Corporation relating to the deposition of plaintiff's Rule 30(b)(6) witness, Steve Wallin.

For the following reasons, defendant's objection is OVERRULED.

I.    Standard of Review

Under Rule 72(a), a district judge must set aside a magistrate judge's ruling on a non-dispositive matter, such as a request for discovery sanctions, if the ruling "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); accord, 28 U.S.C. § 636(b)(1)(A); Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). The "clearly erroneous or contrary to law" test "is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013). The "clearly erroneous" prong focuses on the magistrate judge's factual findings, which are "clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. The "contrary to law" prong is concerned with the magistrate judge's legal conclusions, which are "contrary to law" if they "run[] counter to controlling authority." Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008).

II.     Defendant's Objections

The Court has reviewed the magistrate judge's Order and finds no error, clear or otherwise, and no rulings contrary to law.

First, defendant argues the magistrate judge erred by issuing the Order based only on the parties' letters without additional briefing or oral argument. This argument is without merit. The Second Circuit has "'approved' the practice of construing pre-motion letters as the motions themselves" in certain circumstances. <u>Kapitalforeningen Laegernes Invest v. United Techs. Corp.</u>, 779 F. App'x 69, 70 (2d Cir. 2019) (summary order). Courts may properly deny "<u>non-dispositive</u> motions based on pre-motion letters when those letters were sufficiently lengthy to address all relevant arguments and when there was a clear lack of merit to the arguments supporting the motion." <u>Int'l Code Council, Inc. v. UpCodes Inc.</u>, 43 F.4th 46, 54 (2d Cir. 2022). Thus, it was neither clear error nor contrary to law to deny defendant's non-dispositive motion here, nor has defendant demonstrated, in its objection, any error that would have been resolved through further briefing. <u>See</u> <u>In re Best Payphones, Inc.</u>, 450 F. App'x 8, 15 (2d Cir. 2011) (summary order) (holding district court "did not abuse its discretion in construing the letter as a motion" and denying sanctions request when appellant "has not pointed to any additional argument it would have made had it filed full motion papers"). In short, Judge Reznik did not commit any error, clear or otherwise, or act contrary to law by issuing the Order based on the parties' letters.

Second, defendant argues the magistrate judge abused her discretion by purportedly finding plaintiff had acted improperly by serving contention interrogatory answers the night before Mr. Wallin's deposition, but failing to address its request for expenses associated with taking Mr. Wallin's deposition. Defendant's contention is without merit. Judge Reznik specifically addressed defendant's request for expenses, noting defendant's counsel was already

2

travelling to London for other depositions and "likely did not incur travel expenses solely related to" the 30(b)(6) deposition. (Order at 3 n.3). The Court thus finds Judge Reznik did not err or abuse her discretion in denying defendant's request for expenses.

Third, defendant argues the magistrate judge erred in finding plaintiff's 30(b)(6) deponent was appropriately prepared to testify. As Judge Reznik recognized, to impose sanctions for inadequate testimony of a 30(b)(6) witness, the inadequacies "must be egregious and not merely lacking in desired specificity in discrete areas." Agniel v. Cent. Park Boathouse LLC, 2015 WL 463971, at *2 (S.D.N.Y. Jan. 26, 2015) (internal quotation and citation omitted).[1] While defendant points to a few questions Mr. Wallin was not able to answer (Doc. #153 at 8), these are discrete instances of lack of specific knowledge rather than total inadequacies. Having reviewed the relevant excerpts of Mr. Wallin's deposition, the Court finds Judge Reznik made no clear error in ruling "the deposition excerpts submitted by the parties did not reveal any 'egregious' inadequacies." (Order at 3).

Finally, defendant argues the magistrate judge erred by failing to sanction plaintiff's invocation of the work product doctrine and attorney-client privilege during Mr. Wallin's deposition. "[C]ourts have normally awarded sanctions only for 'extreme conduct' during depositions." Severstal Wheeling Inc. v. WPN Corp., 2012 WL 1982132, at *3 (S.D.N.Y. May 30, 2012). Here, Judge Reznik found it was not clear from the deposition excerpt that plaintiff had improperly invoked the attorney-client privilege, let alone that the objections constituted

---

[1] The Court disagrees with defendant's assertion that Agniel is inapposite. The Agniel court declined to award sanctions after finding some portions of the 30(b)(6) testimony to be inadequate because, despite the few inadequacies, the witness "was able to testify sufficiently as to six out of nine" of the matters in the deposition notice and counsel's time "was surely not wasted." Agniel v. Cent. Park Boathouse LLC, 2015 WL 463971, at *2. Here, as Judge Reznik acknowledged, defendant fails to identify any of the fifty-four specific topics about which Mr. Wallin was designated to testify for which he was unable to provide sufficient answers. (Order at 2–3). The Agniel court's reasoning also justifies a denial of sanctions in this case.

"extreme conduct." Having reviewed the relevant deposition transcript excerpts, the Court finds Judge Reznik made no clear error by so ruling. Moreover, as Judge Reznik notes, defendant did not file a motion to compel the information over which plaintiff asserted privilege, which the Court believes would have been more appropriate in these circumstances to obtain the information defendant sought. In short, Judge Reznik did not clearly err in denying sanctions for invoking privilege during the deposition.

## CONCLUSION

Because Judge Reznik's Order contained no error, clear or otherwise, or any ruling contrary to law, defendant's Rule 72(a) objection is OVERRULED.

Dated: March 22, 2024
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge