```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
IBM CORPORATION,                                  :
                           Plaintiff,             :         MEMORANDUM OPINION
v.                                                :         AND ORDER
                                                  :
MICRO FOCUS (US), INC.,                           :         22 CV 9910 (VB)
                           Defendant.             :
--------------------------------------------------------------x
```

Briccetti, J.:

  Before the Court is defendant Micro Focus (US), Inc.'s timely objections, pursuant to Fed. R. Civ. P. 72(a), to Magistrate Judge Victoria Reznik's order of May 17, 2024 (Doc. #238 ("Order")), denying defendant's motion to exclude plaintiff IBM Corporation's allegedly untimely disclosures pursuant to Fed. R. Civ. P. 37.

  For the following reasons, defendant's objections are OVERRULED.

  The Court assumes the parties' familiarity with the factual and procedural background of this case.

I.  Standard of Review

  Under Rule 72(a), a district judge must modify or set aside a magistrate judge's ruling on a non-dispositive matter if the ruling "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); accord, 28 U.S.C. § 636(b)(1)(A); Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010). The "clearly erroneous or contrary to law" test "is a highly deferential standard, and the objector thus carries a heavy burden." Khaldei v. Kaspiev, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).[1] The "clearly erroneous" prong focuses on the magistrate judge's factual findings, which are "clearly erroneous only when the reviewing court on the entire evidence is

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

1

left with the definite and firm conviction that a mistake has been committed." Id.  The "contrary to law" prong is concerned with the magistrate judge's legal conclusions, which are contrary to law if they "run[] counter to controlling authority." Pall Corp. v. Entegris, Inc., 655 F. Supp. 2d 169, 172 (E.D.N.Y. 2008).

II.   Defendant's Objections

Having reviewed Judge Reznik's Order, the Court finds no error, clear or otherwise, and no rulings contrary to law.

   A.   Unrequested Amendment

Defendant argues Judge Reznik committed legal error in allowing an "unrequested amendment" to plaintiff's claims.[2]  (Doc. #251 at 8–10).

The Court disagrees.

Defendant's theory of error rests on the false premise that plaintiff is seeking to add additional copyrighted works to its infringement claims through the allegedly late-disclosed evidence regarding versions 5.3 to 6.2 of CICS TS.  But, as plaintiff explained and Judge Reznik credited, plaintiff is not seeking to add additional "asserted works" to the nine versions and sub-versions of the software currently listed in its amended complaint.  (See Doc. #39-1).  Rather, the late-disclosed evidence regarding subsequent versions of CICS TS relates only to damages, not the underlying material subject to the alleged infringement.  Plaintiff first incorporated the allegedly copied material into CICS TS versions 2.3 to 5.2, and thus the copyright registrations for those versions sufficiently identify the material subject to plaintiff's infringement claims.

---

[2]   Without citation or further explanation, defendant asserts this purported legal error should be reviewed de novo. (Doc. #251 at 9).  Per Rule 72(a), the Court reviews all rulings by magistrate judges on non-dispositive motions under the clear error standard.  Even if the Court construed the Order as granting leave to amend (which it does not), the ruling would still be non-dispositive.  See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007).

Plaintiff's damages theory, however, is that the later versions of the software contain some of the copyrighted material in the nine prior versions, and thus affect the calculation of lost sales. Defendant does not argue that this theory of damages is contrary to law, only that the later "derivative works" should have been identified in the pleadings. (Doc. #251 at 9). Although plaintiff was "vague (perhaps intentionally)" about the relevance of the later versions and "should have made the scope of its claim clearer during fact discovery" (Order at 6–7), Judge Reznik did not commit legal error by declining to preclude such evidence. And the Court declines to contort Judge Reznik's denial of defendant's motion to exclude into a grant of leave to amend the pleadings.

   B.   Patterson Factors

Defendant argues Judge Reznik's application of the second and fourth Patterson factors reflects clearly erroneous findings. (Doc. #251 at 12–16).

The Court disagrees.

The Second Circuit instructs courts to consider four factors when determining whether to preclude evidence for a party's failure to timely disclose: (i) "the party's explanation for the failure to comply with the disclosure requirement"; (ii) "the importance" of the precluded evidence; (iii) "the prejudice suffered by the opposing party" as a result of the untimely disclosure; and (iv) "the possibility of a continuance." Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006). Noting that preclusion is a "harsh remedy" appropriate only in "rare situations," Judge Reznik found the second and fourth factors weighed in favor of plaintiff, and "[o]n balance, the Patterson factors weigh against preclusion." (Order at 9).

As to the second Patterson factor, Judge Reznik determined that the "disputed evidence relates to the scope of IBM's damages . . . and thus affects the ultimate amount of money that a

3

jury could award." (Order at 8). In support of its argument that an increased damages award does not make the evidence "sufficiently important," defendant points to case law showing that courts "may exclude" evidence even if it forecloses an entire theory of damages. (Doc. #251 at 13–14). But these cases do not hold that evidence affecting the amount of damages is unimportant under the second Patterson factor—they instead demonstrate that the importance of the evidence may be outweighed when all of the other factors militate against the late-disclosing party. See Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 2006) (finding evidence important under the second factor because it was essential to proving lost profits but concluding "all of the other factors" still warranted exclusion); Spotnana, Inc. v. Am. Talent Agency, Inc., 2010 WL 3341837, at *2 (S.D.N.Y. Aug. 17, 2010) (finding the "three [other] factors outweigh the importance of [the] damages evidence). Indeed, even evidence affecting a relatively small portion of the total damages may be sufficiently important under the second Patterson factor to justify denying preclusion. See, e.g., King v. Wang, 2021 WL 5283950, at *2–3 (S.D.N.Y. Nov. 12, 2021). To the extent defendant argues Judge Reznik should have given this factor less weight, defendant's "mere disagreements" with Judge Reznik's analysis are insufficient to set aside her ruling. JMC Rest. Holdings, LLC v. Pevida, 2017 WL 6417280, at *1 (E.D.N.Y. May 2, 2017).

As to the fourth Patterson factor, Judge Reznik determined that any prejudice defendant suffered because of plaintiff's untimely disclosures could be cured by additional, limited fact discovery and supplementation of expert reports. (Order at 8–9). Defendant claims the additional discovery will cause undue prejudice because of excessive costs and delays. However, "mere cost and delay" associated with "this additional discovery is not sufficient on its own to justify preclusion." Maldonado v. Town of Greenburgh, 2022 WL 21295040, at *7

(S.D.N.Y. Mar. 31, 2022).  And with no trial date and no summary judgment briefing schedule, "this Court sees no reason why a continuance would not be feasible here."  <u>Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC</u>, 280 F.R.D. 147, 162 (S.D.N.Y. 2012). Again, although defendant may disagree with Judge Reznik's assessment of the prejudice caused by plaintiff's untimely disclosures and the continuance of discovery, defendant fails to demonstrate that Judge Reznik's conclusions were contrary to law or clearly erroneous.

## CONCLUSION

Because Judge Reznik's Order contained no error, clear or otherwise, or any ruling contrary to law, defendant's Rule 72(a) objections are OVERRULED.

Dated:  July 8, 2024
         White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

5